**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Erick J. Haynie**, OSB No. 982482
EHaynie@perkinscoie.com
**Joanna T. Perini-Abbott**, OSB No. 141394
JPeriniAbbott@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

**Charles H. Samel**, (*Pro hac vice*)
CSamel@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.3214
Facsimile: 310.843.1282

Attorneys for Plaintiff
Vesta Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

VESTA CORPORATION,

Plaintiff,

v.

AMDOCS MANAGEMENT LIMITED;
AMDOCS, INC.,

Defendants.

No. 3:14-cv-01142-HZ

**STIPULATED PROTECTIVE ORDER**

Plaintiff Vesta Corporation ("Vesta") and defendants Amdocs Management Limited and Amdocs, Inc. (collectively herein "Amdocs" and, together with Vesta, "the parties") hereby



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

agree upon the entry of the attached protective order. One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, such that the requested materials should be subject to protection under Federal Rule of Civil Procedure 26(c). To facilitate that production of documents or information and for the sake of efficiency, the parties have elected to enter into a comprehensive protective order which covers a variety of subjects. By entering this stipulation for a protective order, the parties are not agreeing that documents or information falling into the categories identified below are responsive, relevant, or reasonably calculated to produce admissible evidence in this action. The parties continue to investigate the factual basis for the claims in this action and reserve all rights regarding the scope of any discovery including but not limited to the rights to assert objections and file for further protective orders and nothing herein is intended to waive any such rights.

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony exchanged in discovery in this suit.

The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against any use or third-party disclosure of such documents and information except as provided below.

The parties agree to the following DEFINITIONS to be used in this Order:

1. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or in response to discovery in this matter.



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

3. Confidential Information or Items: for purposes of this Order, "Confidential" information shall mean all information or material produced to or disclosed to a Receiving Party in connection with this action that a Producing Party considers in good faith to contain confidential, commercially sensitive and/or proprietary information not otherwise known or available to the public. The following are examples of information that is not considered confidential: (a) final, public advertising materials, (b) materials that on their face show that they have been published to the general public or (c) documents that have been submitted to any governmental entity without appropriate request for confidential treatment.

4. Attorneys' Eyes Only: for purposes of this Order, information designated "Confidential – Attorneys' Eyes Only" shall constitute or contain information that is extremely confidential and/or sensitive in nature and that the Producing Party reasonably believes that the disclosure of such information may cause economic harm or competitive disadvantage to the Producing Party. General examples of such "Attorneys Eyes Only" information may include, without limitation, trade secrets, software or hardware technologies, system architecture or design materials, minutes of Board meetings, pricing data, financial data, sales information, customer confidential information, agreements or relationships with non-parties, market projections or forecasts, strategic business plans, selling or marketing strategies, or information about employees. These examples are provided for illustrative purposes only and do not constitute an admission of the discoverability or relevancy of any such materials in this litigation. Furthermore, nothing about this paragraph restricts any party's right to challenge another party's designation of any particular document or item as "Attorneys' Eyes Only," even if the document or item is fairly characterized as falling within one of the examples listed in this paragraph.

5. Highly Confidential Source Code: extremely sensitive confidential information or items that constitute or contain any electronic or computer code, including, but not limited to, software, firmware, source code, object code, listing files generated by compilers or assemblers,



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

intermediate files created during the build process, test programs and scripts, test results, and source code (collectively "Source Code").

6. Producing Party: a Party or non-party that produces Disclosure or Discovery Materials in this action.

7. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

8. Designating Party: a Party or non-party that designates Disclosure or Discovery Materials produced in this action as "Confidential," "Confidential – Attorneys' Eyes Only" or "Highly Confidential Source Code."

9. Protected Material: any Disclosure or Discovery Material that is designated as "Confidential," "Confidential – Attorneys' Eyes Only" or "Highly Confidential Source Code."

10. Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, as well as their support staff.

11. Counsel (without qualifier): Outside Counsel (as well as their support staffs) and Designated In-House Counsel.

12. Designated In-House Counsel: Three In-House Counsel employed by a Party and who agreed to be bound by the terms of this Order by signing the agreement attached as Exhibit A. Such Designated In-House Counsel shall meet the following criteria: (1) active member of the bar of a State or foreign jurisdiction, (2) employed within the legal department of a party and not a regular member of a separate technology, business, or strategic unit of the party, and (3) not holding competitive decision-making authority within the company designated.

13. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or a Party's competitor and who, at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor. "Expert" as defined in this paragraph and as used in this Order is



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

applicable only for the purposes of disclosure of Protected Material. A Receiving Party's "Expert" may only receive information that is designated by a Producing Party as Confidential, Attorneys' Eyes Only, or Highly Confidential Source Code under the terms of this order after he or she is given a copy of this protective order and signs an agreement to be bound by this protective order in the form provided as Exhibit A. Said signed agreement(s) of the Experts and all support staff shall be disclosed along with any associated expert report or two weeks before any deposition, whichever is earlier.

14. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition includes professional jury or trial consultants retained in connection with this litigation.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code" shall be used only in this proceeding.

2. Use of any information or documents labeled "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose, including (without limitation) any future patent prosecution. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Any challenge to a designation shall be done pursuant to the process in paragraph 16.



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

3. The Parties, and any third parties subpoenaed by one of the Parties, may designate as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code" documents, testimony, written responses, or other materials produced in this case if they contain information that the Designating Party has a good faith basis for asserting is confidential under the applicable legal standards and meets the definition of the designation listed in the Definitions section of this Order. The Designating Party shall designate each page of the document with a stamp identifying it as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code" if practical to do so.

Protected Material not reduced to hard copy, tangible, or physical form or that cannot be conveniently designated on a page-by-page basis shall be designated by informing the Receiving Party of the designation in writing, and/or in the load file or other similar database, table or chart accompanying said production. To the extent the Receiving Party subsequently generates any permitted copies of this information, whether electronic or hard copy, it shall ensure that all such copies are clearly designated with the appropriate confidentiality designations.

When documents are produced in electronic form, the Producing Party shall include a confidentiality designation on the medium containing the documents. If the medium contains documents in native electronic format, the medium shall include an electronic database record for each native format file that includes on the face of the electronic database record the applicable confidentiality designation (if any) and a document identification or Bates number for the associated document. When a Receiving Party prints a native format file from such medium, the Receiving Party shall also print the corresponding electronic database record and attach it to the native format file so that the native file's confidentiality designation will be readily apparent to one viewing the file. In the event that a Receiving Party prints a native format file from a medium that has been marked with a confidentiality designation, but the native file is not accompanied by an electronic database record or the electronic database record could not be printed, the Receiving Party shall mark each page of such native file with a "Confidential" or



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

"Confidential – Attorneys' Eyes Only" designation until the native file's electronic database record may be located or printed.

5. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of materials, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass indiscriminate confidentiality designations, or routine confidentiality designations, are prohibited. If a Receiving Party believes that items designated for protection do not qualify for the level of protection indicated, the Receiving Party shall request the Producing Party re-designate the items in accordance with Section 15 below. If it comes to a Party's or non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, the Party or non-party must promptly notify all other parties that it is withdrawing its mistaken designation.

6. If portions of documents or other materials deemed "Confidential" or "Confidential – Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 9 OF THE PROTECTIVE ORDER.

*or*



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

CONFIDENTIAL – ATTORNEYS' EYES ONLY

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 10 OF THE PROTECTIVE ORDER.

Notwithstanding the forgoing, if the Court requires any other method of designation of confidential materials filed under seal, the Parties shall abide by the Court's method. If a Party is filing a document that it has itself designated as "Confidential" or "Confidential – Attorneys' Eyes Only," that Party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a Receiving Party is filing a document that another Party has designated as "Confidential" or "Confidential – Attorneys' Eyes Only" then the Receiving Party shall file the document under seal. Any challenge to a confidential filing shall be done pursuant to the process in paragraph 16.

7. A party may designate portions of a deposition transcript as "Confidential" or "Confidential – Attorneys' Eyes Only" during the deposition on the record. Or, within fifteen (15) days after receipt of the final transcript of the deposition of any Party or witness in this case, a Party or the witness may designate as "Confidential" or "Confidential – Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing designated confidential material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed or otherwise designated on the record during the deposition or afterwards, all deposition transcripts shall be treated as "Confidential Attorneys' Eyes Only" until the expiration of the 15 day period, unless a notice has been sent challenging the designation under paragraph 16 below.

8. "Confidential," "Confidential – Attorneys' Eyes Only," and "Highly Confidential Source Code" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case,



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 6 above. The Court shall treat such documents filed under seal according to its procedures for documents filed under seal.

9. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by the parties or authorized by the Court:

a. Outside Counsel of record for the parties, and the administrative staff of outside counsel's firms to whom it is reasonably necessary to disclose the information for this litigation;

b. Designated In-House Counsel for the parties;

c. Any Party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation;

d. Expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation;

e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action;

f. The authors and the original recipients of the documents;

g. Any court reporter or videographer reporting a deposition;

h. Employees of Professional Vendors, including copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action; and

i. Any mediator who is assigned to hear this matter, and his or her staff, subject to the agreement to maintain confidentiality to the same degree as required by this Protective Order.

10. Use of any information, documents, or portions of documents marked "Confidential – Attorneys' Eyes Only," including all information derived therefrom, shall be



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

restricted solely to the persons listed in paragraphs 9(a), 9(b), 9(d), 9(e), 9(f), 9(g), 9(h), and 9(i) unless additional persons are stipulated by counsel or authorized by the Court.

11. Use of and access to "Highly Confidential Source Code," including any printed version thereof shall be restricted solely to the persons listed in paragraphs 9(a), 9(d), 9(e), and 9(g).

12. Prior to being shown any documents produced by another party marked "Confidential" or "Confidential – Attorneys' Eyes Only," any person listed under paragraph 9(b), 9(c) or 9(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A. Signed copies of Exhibit A for all relevant expert witnesses shall be produced to opposing counsel upon disclosure of any expert report from the expert's firm or company or two weeks before a deposition, whichever is earlier.

13. In addition to any other requirements set out in this Order, the following shall govern the production and review of any Source Code in this matter. A Receiving Party's access to a Producing Party's Source Code shall be limited to those individuals with access under this Order to material designated "Highly Confidential Source Code." Each time counsel for the Receiving Party requests a review of source code on the Source Code Computer (defined below) it must give reasonable advance notice to the counsel for the Producing Party that it will be sending individual(s) authorized to review the source code made available on the Source Code Computer. For purposes of this provision, three (3) days is reasonable advance notice. Unless otherwise ordered by the Court or agreed to in writing by the Parties, any Source Code will be subject to the following provisions:

(a) By stipulating herein to provisions for the potential handling of Source Code, no party necessarily agrees that Source Code, or any particular Source Code, is discoverable; all objections to the discoverability of Source Code are preserved.



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

(b) Source Code, produced in electronic format, shall be made available for inspection on a computer terminal in a secure room (the "Source Code Computer") located at a reasonably convenient United States office of the Producing Party, or at an agreed location.

(c) Proper identification of all authorized persons shall be provided prior to any access to secure room containing the Source Code Computer. Proper identification is hereby defined as a photo identification card sanctioned by the government of a U.S. state, by the United States federal government, or by the nation state of the authorized person's current citizenship. Access to the secure room containing the Source Code Computer may be denied, at the discretion of Producing Party, to any individual who fails to provide proper identification.

(d) The Producing Party shall make any Source Code available on a commercially reasonable basis, and shall provide any tools reasonably necessary to review the Source Code. To the extent tools requested by the Reviewing Party are unable to be provided by the Producing Party, the Reviewing Party may provide such tools for the purpose of review. Tools, including computer workstations, provided by the Reviewing Party will be subject to all terms of this Order, and will be made available for review of the Producing Party to ensure compliance herewith. Additionally, to the extent the Reviewing Party wishes to provide its own computer workstation for the purpose of source code review, the Producing Party shall be granted administrator-level access to the workstation in order to ensure compliance with the provisions of this Order, and the workstation will remain in the secure possession of the Producing Party for the duration of the litigation. The Producing Party may enforce reasonable restrictions on the review of Source Code in electronic format, including making Source Code available on a non-networked computer, prohibiting the use of input/output devices such as USB memory sticks, floppy drives, zip drives and laptops, and excluding from entry electronic devices such as cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones or similar electronic devices inside the secure room containing the Source Code Computer. To the extent requested by the Reviewing Party, the Producing Party



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

will make a land-line telephone available at the location of the Source Code permitting a reviewer to contact Outside Counsel or other people authorized under this order to view the Source Code.

(e) The Producing Party shall provide for secure printing of paper copies of specific portions of its Source Code requested by the Receiving Party. The Receiving Party shall not request an unreasonably large portion of the Source Code to be printed. Any paper copies of the Source Code so printed shall be designated as "Highly Confidential Source Code" and treated accordingly. Paper copies of the requested Source Code shall be sent to the Receiving Party within three (3) business days after a request from the Receiving Party.

(f) Any paper copies of the Source Code retained by the Receiving Party must be kept in a secured container at all times. Any paper copies of Source Code may not be copied, digitally imaged, or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings.

(g) Notwithstanding any other provision herein, Source Code produced in this action and designated "Highly Confidential Source Code" shall not leave the United States of America.

(h) Access to and review of the Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-captioned case. No person shall review or analyze any source code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing Source Code in this case in any other pending or future dispute, proceeding, or litigation.

14. Whenever information designated as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than authorized persons as designated in



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

paragraphs 9-12 above, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

15. A copy of this protective order shall be served with any subpoena to any third party.

16. Each Party reserves the right to dispute the confidential or sealed status of any document, information, or motion designated confidential or filed under seal by any other party or subpoenaed party in accordance with this Protective Order. If a Party believes that any documents, information or materials have been inappropriately filed under seal or designated by another Party or subpoenaed party, that Party shall confer in good faith and preferably by telephone with counsel for the Designating Party. As part of that conferral, the Designating Party must assess whether redaction is a viable alternative to designation of the entire document(s) or complete non-disclosure. If the matter is resolved informally, the Designating Party shall take steps, as necessary, to remove the confidentiality including re-producing documents or interrogatory responses without the designation or stipulating that testimony or other material is non-confidential. If the Parties are unable to resolve the matter informally within 5 business days of the request to confer, then the non-designating party may serve a signed notice letter, by E-Mail and U.S. Mail, specifically identifying, by Bates number, file name, line of deposition testimony, or other precise identification method, the document(s) claimed to be non-confidential. The specifically-identified document(s), file(s), or testimony will then automatically lose its confidentiality 14 days after service, unless the Designating Party files an appropriate motion before the Court requesting that the Court determine whether the document or information is confidential under this Protective Order. The Designating Party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should be so designated. If a motion is filed, then the document or information shall retain its confidentiality designation until said motion is resolved by the Court or by agreement of the parties. A Party who disagrees with another Party's designation must nevertheless abide



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

by that designation until the matter is resolved by agreement of the parties or by order of the Court. Any determination by the Court that a particular document, testimony or item is not properly treated as confidential under the protective order is without prejudice to any party's right to contend that any use, publication or disclosure of the information by the Receiving Party outside of the litigation is in violation of contract or law.

17. The inadvertent failure to designate a document, testimony, or other material as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code" prior to disclosure shall not operate as a waiver of the Party's right to later designate the document, testimony, or other material as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code." The Receiving Party or its Counsel shall not disclose such documents or materials if that Party or Counsel knows or clearly should know that a claim of confidentiality would be made by the Producing Party. Promptly after receiving notice from the Producing Party of a claim of confidentiality, the Receiving Party or its counsel shall inform the Producing Party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

18. Designation by either Party of information or documents as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither Party may introduce into evidence in any proceeding between the Parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other Party designated or failed to designate information or documents as "Confidential," "Confidential – Attorneys' Eyes Only," or Highly Confidential Source Code." Neither party may introduce into evidence this stipulation to this protective order, nor any protective order, as evidence or in support of an argument that either party believes, agrees, or concedes that any categories of information



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

enumerated (or not enumerated) herein are confidential, non-confidential, or trade secret. Nothing in this stipulation or protective order is a limitation, waiver, or estoppel of either parties rights to contend that any information disclosed with a confidentiality designation is generic, readily ascertainable, lacks economic value, or otherwise not trade secret.

19. If, during litigation or after litigation has terminated, a Receiving Party, or their attorneys, is/are served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code," the Receiving Party, or attorney, must so notify the attorneys for the Designating Party, in writing (by email and U.S. Mail, if possible) as soon as practicable and before production. The Receiving Party must so notify the Designating Party at least ten (10) court days prior to producing the compelled disclosure of information or items designated in this action as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code." Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue and request additional time to reach agreement with the Designating Party and, if necessary, object, if possible, to the subpoena. The persons to notice shall be the attorneys of record for the Designating Party.

20. Upon the request of the Producing Party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably or settle this case, the Parties and any person authorized by this Protective Order to receive confidential information shall return to the Producing Party or third party, or destroy, all information and documents subject to this



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective Counsel. The Party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, Outside Counsel for a party may retain archival copies of confidential pleadings and filings referencing confidential information, as well as deposition transcripts and exhibits, and expert reports.

21. This Protective Order shall not constitute a waiver of any Party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

22. Nothing in this Protective Order shall prejudice any Party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

23. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED: July 15, 2015

Marco Hernandez

MARCO A. HERNANDEZ
Judge, United States District Court



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**So Stipulated:**

/s/ *Stephen F. English*
**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Erick J. Haynie**, OSB No. 982482
EHaynie@perkinscoie.com
**Joanna T. Perini-Abbott**, OSB No. 141394
JPeriniAbbott@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

**Charles H. Samel**, (*Pro hac vice*)
CSamel@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.3214
Facsimile: 310.843.1282

*Attorneys for Plaintiff Vesta Corporation*

/s/ *Yonaton M. Rosenzweig*
**Robert A. Shlachter,** OSB No. 911718
Email: rshlachter@stollberne.com
**Joshua L. Ross,** OSB No. 034387
Email: jross@stollberne.com
STOLL STOLL BERNE LOKTING
& SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**Bruce G. Vanyo** (*Pro Hac Vice*)
Email: bruce@kattenlaw.com
**Andrew G. Klevorn** (*Pro Hac Vice*)
Email: andrew.klevorn@kattenlaw.com
**Christina L. Costley** (*Pro Hac Vice*)
Email: christina.costley@kattenlaw.com
**Yonaton M. Rosenzweig** (*Pro Hac Vice*)
Email: yoni.rosenzweig@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4400
Facsimile: (310) 788-4471

*Attorneys for Defendants Amdocs Management Limited and Amdocs, Inc.*

**EXHIBIT A**

I, _____________, have been advised by counsel of record for ___________________ in _______________ of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

______________________________________
Signed

______________________________________
Printed

______________________________________
Name

______________________________________
Date



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222