**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Scott D. Eads**, OSB No. 910400
SEads@perkinscoie.com
**Erick J. Haynie**, OSB No. 982482
EHaynie@perkinscoie.com
**Joanna T. Perini-Abbott**, OSB No. 141394
JPeriniAbbott@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Plaintiff Vesta Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

VESTA CORPORATION,

Plaintiff,

v.

AMDOCS MANAGEMENT LIMITED; AMDOCS, INC.,

Defendants.

No. 3:14-cv-01142-HZ

**PLAINTIFF VESTA CORPORATION'S RESPONSE TO DEFENDANTS' MOTION TO EXPAND PAGE LIMITATIONS**

Defendants have announced their intention to ***re-litigate*** an issue that already has been decided by this Court after extensive briefing and oral argument. Specifically, Defendants seek leave to file a 25-page brief with multiple supporting declarations to advocate their position that Plaintiff ("Vesta") has insufficiently identified its trade secrets to be entitled to discovery. *See* Eads Dec.,[1] Ex. 1 (9/9/15 e-mail from Mr. Shlachter to Ms. Rawson); and ECF No. 98 (Defendants' Motion to Expand Page Limits). The Court decided precisely that same issue in its

[1] The concurrently filed declaration of Scott D. Eads and exhibits are referenced throughout this filing as "Eads Dec., Ex. __".



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Opinion & Order dated January 13, 2015 ("Order"). ECF No. 42. There, the Court denied Defendants' motion to dismiss because Vesta's trade secret allegations satisfy the rigorous pleading standards set out by the U.S. Supreme Court in *Twombly* and *Iqbal*. Order at 19 ("Here, Plaintiff's Complaint defines its trade secrets with sufficient particularity to survive a motion to dismiss.") Defendants' instant request for an expanded page limit—*or for any briefing at all* (see infra p. 3)—should be denied.

Defendants base their proposed re-briefing on the May 15, 2015 scheduling order in which the parties agreed to sequence discovery such that Vesta would first respond to interrogatories seeking further identification of its trade secrets. ECF No. 62. Vesta has now done that. Vesta has served detailed interrogatory responses, which it later supplemented at Defendants' insistence. *See* Eads Dec., Exs. 2 (Vesta's Interrogatory Responses) and 3 (Vesta's First Supplemental Interrogatory Responses) (both exhibits filed under seal).[2] Vesta also went further and produced approximately 200 of pages of documents more specifically identifying its trade secrets. *See* Eads Dec., Ex. 4 (Vesta's document production served in connection with Vesta's First Supplemental Interrogatory Responses) (filed under seal).

Vesta was not *required* to provide any of this information prior to getting discovery. It agreed to do so in the interests of cooperation and to assist the parties in guiding the discovery to which Vesta already was entitled. Vesta's good faith cooperation has not been rewarded. Defendants instead are attempting to exploit Vesta's cooperation by seeking to unreasonably delay commencement of discovery in a case that already has been pending for over a year.

---

[2] Defendants identified interrogatories 1 and 15-27 as their trade secret identification interrogatories, so those are the interrogatories at issue in this dispute.



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

The scheduling order provides two alternate procedures for resolving a dispute over the sufficiency of Vesta's interrogatory responses. In a first alternative, the Order provides that Defendants will file a motion to compel. Alternatively, the scheduling order provides that "Vesta may raise a request to hear the matter as part of an informal conference (subject to the Court's availability) and Amdocs will not oppose." ECF No. 62 at 2c. Defendants' reading that it should be entitled to file a 25 page brief supported by multiple declarations (including an expert declaration), to which Vesta may elect to respond by seeking informal resolution is not a credible reading of the parties' agreement. Eads Dec., Ex. 1 (Shlachter e-mail to Ms. Rawson). If such a format were adopted, Vesta would be forced to respond in kind. The correct reading of the parties' agreement, adopted by the Court, is that the dispute may either be resolved by formal briefing or by an informal process, as the Court deems most appropriate.

Vesta submits that it is time to go forward with this case into full discovery on the trade secret claim, rather than backward into re-litigation of an issue decided by the Court nearly eight months ago. Contrary to Defendants' argument (ECF No. 98 at 3), the law of this district is strongly supportive of Vesta's position. *See, e.g.*, *Nike v. Enter Play Sports, Inc*. 305 F.R.D. 642, 645 (D. Or. 2015) (collecting cases and finding allegations of complaint sufficiently detailed to warrant proceeding with discovery without further identification of trade secret). Here, unlike in *Nike*, the court has carefully evaluated whether Vesta's trade secrets were alleged with sufficient particularity in ruling on, and denying, Defendants' motion to dismiss, so the reasons to go forward without further delay are even stronger here than in *Nike*. There is no reason to re-litigate this issue, at great expense and delay, now. Accordingly, Vesta respectfully requests that the Court set of date for informal telephonic resolution of this dispute so that discovery may promptly get underway.



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

DATED: September 10, 2015

**PERKINS COIE LLP**

**By:** s/ Stephen F. English

**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Scott D. Eads**, OSB No. 910400
SEads@perkisncoie.com
**Erick J. Haynie**, OSB No. 982482
EHaynie@perkinscoie.com
**Joanna T. Perini-Abbott**, OSB No. 141394
JPeriniAbbott@perkinscoie.com
1120 N.W. Couch Street, 10th Floor
Telephone: 503.727.2000
Facsimile: 503.727.2222

*Attorneys for Plaintiff Vesta Corporation*