**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Erick J. Haynie**, OSB No. 982482
EHaynie@perkinscoie.com
**Scott D. Eads**, OSB No. 910400
SEads@perkinscoie.com
**Joanna T. Perini-Abbott**, OSB No. 141394
JPeriniAbbott@perkinscoie.com
**Daniel T. Keese**, OSB No. 140989
DKeese@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Plaintiff
Vesta Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| VESTA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>AMDOCS MANAGEMENT LIMITED; AMDOCS, INC.,<br><br>Defendants. | No. 3:14-cv-01142-HZ<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND TO COMPEL** |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..... 1

FACTUAL BACKGROUND ..... 2

PROCEDURAL BACKGROUND ..... 3

ARGUMENT ..... 5

I. Vesta's Identification of the Confidential Solution Methods is Sufficient to Guide Discovery and to Allow Amdocs to Prepare its Defense ..... 5

A. No Oregon Court has imposed a "reasonable particularity" standard before the parties may engage in discovery ..... 6

B. Vesta has provided reasonable particularity ..... 8

C. It is improper to determine the validity of Vesta's trade secrets before discovery has even opened ..... 11

D. Amdocs's position that it need not engage in any discovery on the trade secret claims until Vesta defines its trade secrets is unsupported by any relevant case law ..... 12

II. Vesta Should Not Be Prevented from Reasonably Amending its Trade Secret Disclosure as Discovery Progresses ..... 13

III. The Court Should Deny Amdocs's Covert Attempt to Obtain Summary Judgment with Respect to Trade Secrets Vesta Shared Orally and During In-Person Meetings ..... 16

CONCLUSION ..... 19



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

## TABLE OF AUTHORITIES

**Page**

**Cases**

*A.X.M.S. Corp. v. Friedman*, 948 F. Supp. 2d 319 (S.D.N.Y. 2013) .......... 19

*Acrymed, Inc. v. Convatec*, 317 F. Supp. 2d 1204 (D. Or. 2004) .......... 8

*Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 836 (2005)........ 12

*Aukema v. Chesapeake Appalachia, LLC*, 904 F. Supp. 2d 199 (N.D.N.Y. 2012) .......... 18

*Automed Techs., Inc., v. Eller*, 160 F. Supp. 2d 915 (N.D. Ill. 2001).......... 8

*BioD, LLC v. Amnio Tech., LLC*, No. 2:13-cv-1670-HRH, 2014 WL 3864658 (D. Ariz. Aug. 6, 2014) .......... 7, 8, 13

*CardioVention, Inc. v. Medtronic, Inc.*, 483 F. Supp. 2d 830 (D. Minn. 2007) .......... 8

*Computer Econs., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980 (S.D. Cal. 1999).......... 6, 8

*Convolve, Inc. v. Compaq Comp. Corp.*, 527 F. App'x 910 (Fed. Cir. 2013), *cert. denied*, 134 S. Ct. 801 (2013).......... 19

*Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 F. App'x 586 (4th Cir. 2009).......... 10

*DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676 (N.D. Ga. 2007) .......... 8

*Dura Global Techs., Inc. v. Magna Donnelly Corp.*, No. 2:07-cv-10945-SFC-MKM, 2011 WL 4527576 (E.D. Mich. Sept. 29, 2011).......... 15

*Dura Global Techs., Inc. v. Magna Donnelly, Corp.*, No. 07-cv-10945, 2007 WL 4303294 (E.D. Mich. Dec. 6, 2007).......... 13, 15

*Greenwich Capital Fin. Prods., Inc. v. Negrin*, 903 N.Y.S. 2d 346 (N.Y. App. Div., 1st Dept. 2010) .......... 17

*Israel v. Chabra*, 906 N.E.2d 374 (N.Y. 2009) .......... 19

*Kaib's Roving R. PH. Agency, Inc. v. Smith*, 237 Or. App. 96 (2010) .......... 3, 9, 12

*L-3 Commc'ns Corp. v. Jaxon Eng'g. & Maint., Inc.*, No. 10-cv-02868-MSK-KMT, 2011 WL 10858409 (D. Colo. Oct. 12, 2011) .......... 13

*Learning Curve Toys, Inc. v. PlayWood Toys, Inc.* 342 F.3d 714 (7th Cir. 2003) .......... 9

*Lilith Games (Shanghai) Co. v. uCool, Inc.*, No. 15-CV-01267-SC, 2015 WL 4149066 (N.D. Cal. July 9, 2015).......... 6



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*M. Fortunoff of Westbury Corp. v. Peerless Ins. Co.*, 432 F.3d 127 (2d. Cir. 2005)..................... 18

*Matter of Lipper Holdings v. Trident Holdings*, 766 N.Y.S.2d 561 (N.Y. App. Div., 1st Dept. 2003) ........................................................................................................................... 17

*Mun. Capital Appreciation Partners, I, L.P. v. Page*, 181 F. Supp. 2d 379 (S.D.N.Y. 2002) ................................................................................................................................ 18

*Nike, Inc. v. Enter Play Sports, Inc.*, 305 F.R.D. 642 (D. Or. 2015) .............................. 6, 7, 10, 14

*Nilssen v. Motorola, Inc.*, 963 F. Supp. 664 (N.D. Ill. 1997) ......................................................... 8

*Phoenix Techs., Ltd. v. DeviceVM, Inc.*, No. 09-4697-EDL, 2010 WL 859052, *5 (N.D. Cal., Mar. 17, 2010) .......................................................................................................... 12

*Porous Media Corp. v. Midland Brake Inc.*, 187 F.R.D. 598 (D. Minn. 1999)............................. 8

*Soc. Apps,. LLC v. Zynga, Inc.*, No. 4:11-CV-04-910, 2012 WL 2203063 (N.D. Cal. June 14, 2012) ...................................................................................................................... 6, 16

*St. Jude Medical S.C., Inc. v. Janssen-Counotte*, 305 F.R.D. 630 (D. Or. 2015) ..................... 7, 14

*StonCor Grp., Inc. v. Campton*, No. C05-1225JLR, 2006 WL 314336 (W.D. Wash. Feb. 7, 2006) ......................................................................................................................... 8

*StoneEagle Svcs., Inc. v. Valentine*, No. 3:12-cv-1687-P, 2013 WL 9554563 (N.D. Tex. June 5, 2013)........................................................................................................................ 15

*StorageCraft Tech. Corp. v. Symantec Corp.*, No. 2:07-CV-856 CW, 2009 WL 112434 (D. Utah Jan. 16, 2009)................................................................................................... 17

**Statutes**

California Code of Civil Procedure § 2019.210 ........................................................................ 6

ORS § 646.461(2)(d) ................................................................................................................. 17

**Rules**

Fed. R. Civ. Proc. 56(e) ........................................................................................................... 16



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

## INTRODUCTION

Vesta Corporation ("Vesta") originally filed this action on June 30, 2014, in the Washington County Circuit Court. Despite the fact that this litigation has been ongoing for more than a year, Amdocs Management Limited and Amdocs, Inc. (collectively "Amdocs") have yet to produce any relevant documents.[1] Even as Amdocs seeks a protective order to block Vesta from obtaining discovery only relating to the Confidential Solution Methods,[2] Amdocs still has not produced documents relating to any other aspect of the case, including Vesta's allegations that Amdocs stole Vesta's Confidential Risk Information. By contrast, Vesta has responded to thirty-five interrogatories and produced 200 pages of relevant documents supporting its interrogatory responses defining its trade secrets. Vesta has made claims which have successfully withstood a motion to dismiss. Vesta is entitled to pursue discovery in support of its action. The Court should deny Amdocs's motion and require Amdocs to engage in full discovery.

Amdocs's arguments in support of its motion to compel and motion for a protective order are legally and factually flawed. First, Oregon courts have never adopted the rule that a plaintiff must identify its trade secret with reasonable particularity before the defendant has to respond to discovery on that claim. After surviving a motion to dismiss regarding its trade secret claims, Vesta agreed, in the spirit of cooperation and guiding discovery, to answer interrogatories requesting a further identification of Vesta's trade secrets. After Vesta provided this further

---

[1] On the same day that Amdocs filed its Motion to Compel, it produced documents to Vesta that Amdocs used to support its Motion to Compel. These documents consisted of Amdocs's SEC filings (which Vesta specifically excluded in its discovery requests), printouts from Vesta's website, NDAs which Vesta already had, and two emails that Amdocs used in support of its Motion to Compel.

[2] Vesta assumes that Amdocs's motion seeks protection from discovery regarding Vesta's Confidential Solution Methods relating to both of Vesta's claims—breach of contract and theft of trade secrets. While discovery on those claims would overlap, Amdocs has not clearly argued that it should not have to engage in discovery on Vesta's contract claims.



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

identification, Amdocs now seeks to further delay discovery by arguing that Vesta should be held to a heightened standard to which it never agreed and no Oregon court has ever applied. Second, Amdocs cites no governing authority for the proposition that Vesta should not be permitted to amend its responses as discovery and its investigation proceeds. Contrary to Amdocs's position, the Federal Rules of Civil Procedure require Vesta to supplement its responses when new information is learned. Lastly, Amdocs's third argument that Vesta should not be permitted to rely on trade secrets that it shared orally with Amdocs is not appropriate at this stage. The interpretation of contract language is a matter for summary judgment or trial—not a preliminary discovery motion before discovery.

This memorandum is supported by the court file, the expert declaration of Charles Marc Abbey ("Abbey Dec."), and the declaration of Erick J. Haynie ("Haynie Dec.").

## FACTUAL BACKGROUND

After two rounds of motions to dismiss, this Court is well versed in the facts of this case. Amdocs's motion improperly focuses on details that have no bearing on whether Vesta is entitled to discovery. The ultimate viability of Vesta's claims is not before this Court. As such, Vesta will resist the temptation to respond point-by-point to Amdocs's factual contentions.

By way of brief background, Amdocs and Vesta historically provided complementary, but distinct, products in the prepaid mobile phone payments market. Because of the nature of their products, Amdocs and Vesta repeatedly collaborated on projects. Amdocs has also engaged Vesta in acquisition discussions on two occasions. These various collaboration and acquisition attempts, most of which took place from 2009 through 2012, led Vesta to share highly confidential and proprietary details of its product and its financial models with Amdocs. By Amdocs's own admission, shortly after the last collaboration and acquisition attempts fell apart, Amdocs brought a competing product to market. This suit followed.



Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

## PROCEDURAL BACKGROUND

Vesta first filed this lawsuit in Washington County, Oregon on June 30, 2014. ECF No. 1. Amdocs removed the case to federal court and moved to dismiss the Complaint. After lengthy briefing—where Amdocs raised and fully briefed the sufficiency of Vesta's trade secret allegations—this Court denied Amdocs's motion to dismiss Vesta's trade secret and breach of contract claims. ECF No. 42. The Court found that "[Vesta]'s Complaint defines its trade secrets with sufficient particularity to survive a motion to dismiss." In reaching that conclusion, the Court relied on Oregon's broad definition of a "trade secret" in *Kaib's Roving R. PH. Agency, Inc. v. Smith*, 237 Or. App. 96, 102-03 (2010). The Court also compared Vesta's allegations regarding its trade secrets—including "'detailed architectural drawings and . . . diagrams on a step-by-step basis' of how [Vesta] would design and implement its payment solution for MetroPCS"—to the vague allegations that did and did not pass muster in the numerous cases cited by Amdocs. ECF No. 42, p. 19-20. In conducting this comparison, the Court found Vesta's specificity with regard to its trade secrets sufficient.

In its brief, Amdocs suggests that in ruling on Vesta's motion to dismiss, the Court implied that Vesta's descriptions of its trade secrets were lacking. (ECF No. 105, p. 7-8). But that is a misreading of the Court's opinion. This Court merely described the holding in *Cinebase*, where that court found plaintiff's very broad descriptions of "software design and specifications . . . technical know-how of its engineers, and [] various marketing materials and strategies," to be sufficient to pass a motion to dismiss, but opined that they would be insufficient at trial. Contrary to Amdocs's representation about this Court's statement, this Court's summary of *Cinebase* said nothing about categorical definitions of trade secrets in general being insufficient and did not state that Vesta's trade secrets allegations were inadequate. [3]

[3] This Court did, later in its opinion, suggest that Vesta would need to further develop facts to support the misappropriation element, but it did not indicate that it had any qualms with Vesta's trade secret identification for purposes of commencing discovery. (ECF No. 42, p. 21).





Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

After the Court denied Amdocs's motion to dismiss, Vesta amended its Complaint to add antitrust claims, which led to further motions practice. Amdocs also moved to transfer venue. Meanwhile, however, the parties began contemplating discovery. Amdocs demanded that Vesta provide a complete description of its trade secrets before Amdocs would provide any discovery. Haynie Dec., ¶ 3. Although Amdocs could point to no controlling case law on the point, Vesta agreed to provide a more detailed trade secret identification in an attempt to begin discovery in spirit of cooperation.[4] Haynie Dec., ¶ 4.

On July 17, 2015, Vesta provided responses to Amdocs's Interrogatories 1 and 15-27, which Amdocs classified as "trade secret identification interrogatories." Haynie Dec., ¶ 7. Specifically, Interrogatory 15 asked Vesta to define its Confidential Risk Information and Interrogatory 16 asked Vesta to define its Confidential Solution Methods. On July 24, 2015 counsel for Amdocs sent a letter requesting a meet-and-confer on Vesta's responses, claiming that the responses were insufficient. Haynie Dec., ¶ 8, Ex. 2. Vesta promptly responded and the parties held a telephone call on July 31, 2015. Haynie Dec., ¶ 9. Although Vesta believed its responses already to be adequate with the exception of obtaining a new verification page, Vesta agreed to supplement its responses with supporting documentation. Haynie Dec., ¶ 10. Vesta provided this supplementation of more than 200 pages of documents on August 24, 2015. Haynie Dec., ¶ 12; ECF Nos. 103-104 (the supplemental responses and supporting documents).

Additionally, in the interim and in the hopes of continuing to move discovery forward on schedule, Vesta responded to the remainder of Amdocs's "regular" interrogatories, despite Amdocs's stated position that discovery was only open unilaterally with regard to Vesta's trade secret identification. Haynie Dec., ¶ 11, Ex. 4. On August 28, 2015 Amdocs again contacted

[4] Opposing counsel emailed a list of seven cases that it characterized as "some of the many authorities requiring a trade secret plaintiff to disclose with particularity or to produce the claimed trade secrets before defendant need respond to trade secret discovery." Haynie Dec., ¶ 3, Ex. 1. None of the cases were from the District of Oregon or applied Oregon law.



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Vesta claiming that Vesta's responses to the trade secret identification interrogatories were insufficient. Haynie Dec., ¶ 13, Ex. 5. Vesta again promptly participated in a telephone conference on August 31, 2015. Haynie Dec., ¶ 14, Ex. 6. The parties followed up with several email communications but ultimately agreed that they were at an impasse: Vesta believes that it has provided a sufficiently particular identification of its trade secrets to commence discovery and that it would be appropriate for (and required of) Vesta to supplement its responses as discovery moves forward; Amdocs disagrees. Amdocs's motion followed.

## ARGUMENT

Amdocs's motion requests three discrete categories of relief: (1) that Vesta be compelled to provide a more particular response to Amdocs's Interrogatory 16 with Amdocs being allowed to completely avoid discovery until Vesta has provided what Amdocs or the Court deems a satisfactory response; (2) that Vesta be prevented from amending trade secret interrogatory responses to provide more specificity as discovery and investigation continues; and (3) an order that Vesta cannot rely on trade secrets that were shared orally and during face-to-face meetings. Amdocs's requested relief is inappropriate on all three counts.

### I. Vesta's Identification of the Confidential Solution Methods is Sufficient to Guide Discovery and to Allow Amdocs to Prepare its Defense.

Amdocs's argument that Vesta's response to Interrogatory 16 is insufficient, thereby excusing Amdocs from engaging in discovery on that claim, is improper both legally and factually. First, no court in Oregon has held that discovery should be delayed until a plaintiff defines its trade secrets with reasonable particularity. Vesta did, however, agree to answer interrogatories seeking identification of its trade secrets. It has. Courts that require plaintiffs to define their trade secrets with reasonable particularity, other than those applying California's unique law on this point, have stated that the purpose of the standard is to put the defendant on notice of the plaintiff's claims and to guide discovery. Vesta's response does just that, as Charles Marc Abbey states (Abbey Dec., ¶ 21), and Amdocs's motion amply demonstrates.



Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Finally, even if the Court applied the heightened reasonable particularity standard advocated by Amdocs, and found that Vesta has not met it, Amdocs's requested relief is overreaching and not supported by the law. The law outside of California is clear: if a court is inclined to require reasonable particularity and the plaintiff has not met that bar, the court may prevent discovery only into the defendant's proprietary trade secrets, not on the claim completely.

### A. No Oregon Court has imposed a "reasonable particularity" standard before the parties may engage in discovery.

Despite Amdocs's unqualified statement that "[a]t the outset of litigation, a trade secret plaintiff must identify the trade secrets that it claims were misappropriated with 'reasonable particularity,'" no court in Oregon[5] has adopted this standard. In fact, both District of Oregon cases that address this question resolve it in favor of discovery without such initial disclosures.

In *Nike, Inc. v. Enter Play Sports, Inc.*, the court analyzed the policy considerations that a court should take into account when deciding whether a plaintiff must fully identify, and set in stone, all details of the trade secrets at issue before discovery. 305 F.R.D. 642, 645 (D. Or. 2015) (noting that plaintiff has a "broad right to discovery," that often there are many trade secrets potentially at issue and no way of knowing what has been misappropriated, and that requiring complete identification early in the case places the plaintiff in "somewhat of a 'Catch-22'"). On the other hand, the court noted that "[d]etermining whether a trade secret has been

[5] While the Ninth Circuit has not yet weighed in definitively, numerous cases from districts within California have held that applying California's Code of Civil Procedure § 2019.210, which prevents a trade secret plaintiff from taking discovery until it specifically identifies the trade secret it claims the defendant misappropriated, is substantive and not procedural under to the *Erie* Doctrine. *See Lilith Games (Shanghai) Co. v. uCool, Inc.*, No. 15-CV-01267-SC, 2015 WL 4149066, at *2-3 (N.D. Cal. July 9, 2015) (collecting cases); *Soc. Apps, LLC v. Zynga, Inc.*, No. 4:11-CV-04910, 2012 WL 2203063, at *1-3 (N.D. Cal. June 14, 2012) (collecting cases and concluding that § 2019.210 is a substantive rule applicable in federal court); *Computer Econs., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 985-92 (S.D. Cal. 1999) (conducting a full *Erie* analysis). Consequently, the cases applying California law are not persuasive here. Oregon has not enacted such a rule and, thus, the Court should give additional weight to courts applying Oregon law.



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

misappropriated usually involves examining things that the other party considers its own trade secrets. There is no privilege excepting trade secrets from discovery, but courts must exercise discretion to avoid unnecessary disclosures of such information." *Id.* (quoting *BioD, LLC v. Amnio Tech., LLC*, No. 2:13-cv-1670-HRH, 2014 WL 3864658, at *4 (D. Ariz. Aug. 6, 2014)).

The court in *Nike* weighed these policy considerations and Nike's disclosures in its complaint, which included drawings and illustrations filed under seal, and concluded that no additional disclosures were required for discovery to begin. In reaching that conclusion, the court relied on the fact that the defendant had sufficient information regarding the trade secrets to argue that the information was "not disclosed in EPS's patent Applications, or to the extent they were, then they were not subject to the protections of the NDA based on the NDA's express exclusions." *Id.* at 646. The court reasoned that "NIKE's claimed trade secrets must have been sufficiently clear to EPS to permit EPS to make these assertions." *Id.* Notably, Amdocs has already begun to raise similar defenses.

The only other District of Oregon case to address this issue is *St. Jude Medical S.C., Inc. v. Janssen-Counotte*, 305 F.R.D. 630 (D. Or. 2015). *St. Jude* addressed a plaintiff's right to third-party discovery before the plaintiff defined its trade secrets with reasonable particularity. The court conducted an analysis similar to that in *Nike*, and found that the plaintiff's broad discovery rights prevailed. *Id.* at 641. In reaching that conclusion, the court considered the fact that this case was from the Western District of Texas and that the court in Texas had raised questions as to "what specific trade secrets are at issue" in denying a preliminary injunction, but had not ordered plaintiff to disclose its trade secrets with greater specificity before discovery. *Id.* at 634-35.

Further, many of the cases that Amdocs cites for the "great weight of the authority" behind its position simply are not on point. Amdocs has not and cannot point to a single case applying Oregon trade secret law where a court has imposed the staggered approach to discovery



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

that Amdocs advocates. Instead, Amdocs tethers much of its argument to numerous California cases that apply an inapplicable California statute and other cases that are legally distinguishable. Other cases relied on by Amdocs were decided before the Supreme Court decisions in *Iqbal* and *Twombly,* when complaints were allowed to be far more bare bones.[6] Amdocs also cites numerous cases at different procedural stages. For example, *CardioVention, Inc. v. Medtronic, Inc.*, 483 F. Supp. 2d 830, 844 (D. Minn. 2007), involved motions *in limine* immediately before trial, not pre-discovery; and in *StonCor Grp., Inc. v. Campton*, No. C05-1225JLR, 2006 WL 314336 (W.D. Wash. Feb. 7, 2006), the court required plaintiff to provide a more definite statement of its trade secret but did not hold up discovery in the interim. There is no Oregon law requiring heightened disclosures beyond what would be sufficient to guide discovery and put the defendant on notice of the claims against it, which Vesta has done.

**B. Vesta has provided reasonable particularity.**

Even if the Court does apply the "reasonable particularity" standard, Vesta has met that standard. Cases cited by Amdocs define reasonable particularity as "a description of the trade secrets at issue that is sufficient to (a) put a defendant on notice of the nature of the plaintiff's claims and (b) enable the defendant to determine the relevancy of any requested discovery concerning its trade secrets." *BioD, LLC*, 2014 WL 3864658, at *5; *DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 681 (N.D. Ga. 2007). Vesta's disclosures more than meet this standard.

Vesta alleges that Amdocs stole a compilation of Confidential Solution Methods from Vesta. ECF No. 52, ¶ 164-173 (titling Count 1 "Theft of Compilation"). In that claim, Vesta

[6] *See Acrymed, Inc. v. Convatec*, 317 F. Supp. 2d 1204 (D. Or. 2004); *Automed Techs., Inc., v. Eller*, 160 F. Supp. 2d 915 (N.D. Ill. 2001); *CardioVention, Inc. v. Medtronic, Inc.*, 483 F. Supp. 2d 830 (D. Minn. 2007); *Cinebase Software, Inc. v. Media Guar. Trust, Inc.*, No. C98-1100 FMS, 1998 WL 661465, at *7 (N.D. Cal. Sept. 22, 1998); *Computer Econs., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980 (S.D. Cal. 1999); *DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676 (N.D. Ga. 2007); *Nilssen v. Motorola, Inc.*, 963 F. Supp. 664 (N.D. Ill. 1997); *Porous Media Corp. v. Midland Brake Inc.*, 187 F.R.D. 598 (D. Minn. 1999); *StonCor Grp., Inc. v. Campton*, No. C05-1225JLR, 2006 WL 314336 (W.D. Wash. Feb. 7, 2006).



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

alleges that "[t]he manner in which Vesta combines its Confidential Solution Methods into its payment solution for MNO's is not generally known to the public or other entities in the mobile device payment industry. Vesta has an economic advantage in the marketplace by virtue of the manner in which it assembles the various components of its payment solution." ECF No. 52, ¶ 165. In response to Amdocs's Interrogatory 16, Vesta describes in detail what those components are and how they are assembled, and also provided supporting documents. ECF No. 105, p. 9-15.

Amdocs has chosen to ignore the fact that Vesta's claim is of a compilation trade secret and instead nitpicks each piece to suggest that each is in the public domain and is therefore not a trade secret. This is improper. As an initial matter, Vesta disputes that its Confidential Solution Methods are in the public domain. But more to the point, this motion is not the time or place to assess the validity of Vesta's trade secrets. *Kaib's Roving R. PH. Agency, Inc.,* 237 Or. App. at 103-04 ("[A] trade secret is one of the most elusive and difficult concepts in the law to define. In many cases, the existence of a trade secret is not obvious; it requires an ad hoc evaluation of all the surrounding circumstances. For this reason, the question of whether certain information constitutes a trade secret ordinarily is best resolved by a fact finder after full presentation of evidence from each side.") (quoting *Learning Curve Toys, Inc. v. PlayWood Toys, Inc.* 342 F.3d 714, 723 (7th Cir. 2003)).

Setting aside the fact that Amdocs's argument is procedurally improper at this stage, the compilation nature of Vesta's trade secret is fatal to Amdocs's argument. Oregon law is clear that even where some or all individual components are in the public sphere, "[w]hen someone expends considerable time, effort, and expense to compile information, that information in its compiled form can, in some circumstances, meet the statutory definition of a trade secret." *Id.* at 102; s*ee also* Abbey Dec.,¶ 13-18. In *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 F. App'x



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

586, 589-90 (4th Cir. 2009), the Fourth Circuit reversed a district court's grant of summary judgment on a plaintiff's compilation theory, stating:

> The district court found that "Plaintiff could not provide adequate identification of its trade secrets and confidential information, making it almost impossible for this Court and Defendants to ascertain what aspects of the EU Model are trade secrets, and which portions of the code are publicly available." The district court did not address whether or not the software program, as a total compilation, could qualify as a trade secret.

*Id.* at 593 (alteration and citation omitted).[7]

Focusing on the proper procedural test to apply here, Amdocs's motion and the declaration of Professor Michael Shamos make clear that Vesta's disclosures are sufficient to put Amdocs on notice of Vesta's claims. Discovery has not fully opened and yet Amdocs has already submitted 900 pages of exhibits and an expert declaration attempting to prove that Vesta's trade secrets are not trade secrets. In *Nike*, the court found that the disclosures were sufficiently detailed when:

> EPS asserted in its first counterclaim that NIKE's alleged trade secrets either were not disclosed in EPS's patent Applications or, to the extent they were, then they were not subject to the protections of the NDA based on the NDA's express exclusions. NIKE's claimed trade secrets must have been sufficiently clear to EPS to permit EPS to make these assertions.

305 F.R.D. at 646. Amdocs's argument regarding what portions of Vesta's disclosed trade secrets are in the public domain is directly analogous. Based on Vesta's interrogatory response, Amdocs knows what is at issue, as evidenced by its motion. Indeed, its expert has already formed his opinion. Presumably, this information will be refined as discovery moves forward through document requests, depositions, and requests for admission—as is the normal course of

[7] Amdocs cites this same case to support is proposition that "[t]he great weight of authority supports imposing this obligation before defendant is required to respond to related discovery." ECF No. 105, p. 17. It is unclear how this case supports this proposition given that: (1) it was a summary judgment case, and (2) the Fourth Circuit reversed summary judgment because the court did not consider a compilation theory, which is precisely the theory on which Vesta is proceeding with respect to its Confidential Solution Methods.



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

discovery. But Amdocs's own motion belies its claim that Vesta's response is insufficient to put Amdocs on notice of the claims against it.

Similarly, it is plain from the discovery requests propounded by both Vesta and Amdocs that Vesta's identification is sufficient to guide discovery. Although both parties have already issued Requests for Production (RFPs), Amdocs does not point to a single request that it cannot adequately analyze without a more detailed description of Vesta's trade secrets. That is because Vesta's requests for production regarding Amdocs's payment solution largely track its response to Interrogatory 16 and request information on the components that Vesta disclosed to Amdocs. Haynie Dec., ¶ 7, Ex. 7 (Vesta's RFPs to Amdocs). Vesta's response to Interrogatory 16 has also been sufficient for Amdocs to propound appropriate RFPs on Vesta. Haynie Dec., ¶ 16, Ex. 8 (Vesta's Response to Amdocs's RFPs) (*e.g.*, Request 33, seeking "All documents and communications reflecting or relating to YOUR development of marketing or sale of (i) 'Omni-Channel Payment Processing Methods,' (ii) 'Mobile User Fingerprinting,' (iii) 'Channel-specific credential and authentication management strategies,' (iv) 'idempotent communication protocols,' (v) 'bifurcated funds capture,' or (vi) 'edge case management strategies,'" and Vesta's response that it will provide relevant documents).

Vesta's comprehensive response to Amdocs's Interrogatory 16 has put Amdocs on notice of the claims against it for Amdocs to begin formulating a defense and is sufficient to guide discovery.

### C. It is improper to determine the validity of Vesta's trade secrets before discovery has even opened.

Amdocs appears to be asking the Court to weigh the validity of Vesta's trade secrets. ECF No. 105, p. 20 ("Vesta has not explained why its sequence diagrams provide any advantage over others in the field, and has not explained in what way any information in the Vesta diagram



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

is secret."[8]). Now is not the time for that argument. Whether something is a trade secret is a question of fact for a jury. *Kaib's Roving R. PH. Agency, Inc.*, 237 Or. App. at 102-03. This core issue on the merits of the trade secret claim is something the parties (and their experts) will address on a substantive basis as the case moves along. But for the purpose of this motion, when credible experts disagree as to whether the disclosure is sufficient to guide discovery and put the defendant on notice of the claims against it, the Court should find in favor of discovery. *See* Abbey Dec., ¶ 21; *Phoenix Techs., Ltd. v. DeviceVM, Inc.*, No. 09-4697-EDL, 2010 WL 859052, *5 (N.D. Cal., Mar. 17, 2010) ("Where, as here, credible experts declare that they are capable of understanding the designation and of distinguishing the alleged trade secrets from information already known to persons in the field, the designation should, as a general rule, be considered adequate to permit discovery to commence.") (quoting *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 836 (2005)).

### D. Amdocs's position that it need not engage in *any* discovery on the trade secret claims until Vesta defines its trade secrets is unsupported by any relevant case law.

Even if the Court finds that reasonable particularity is required and that Vesta has not met that bar with regard to the Confidential Solution Methods, Amdocs's requested protective order is far too broad. Amdocs asks this Court for a protective order "against any discovery regarding the Solution Methods" until Vesta has "identif[ied] its trade secrets with reasonable particularity and without reservation of rights to amend (either explicitly or implicitly)." But such a position is not supported by the case law its cites and appears to be nothing more than a delay tactic.

With limited exceptions, the federal cases outside of California relied on by Amdocs adopting a "reasonable particularity" rule only prevent the plaintiffs from obtaining discovery into the proprietary information of the defendant. The *BioD* case makes this point explicit:

---

[8] Interestingly, Interrogatory 16 did not ask for such an explanation. So it is unclear why Amdocs thinks Vesta was required to include such information in its response.



Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

> [P]laintiff will normally be required first to identify with reasonable particularity the matter which it claims constitutes a trade secret, before it will be allowed (given a proper showing of need) to compel discovery of its adversary's trade secrets.

2014 WL 3864658 at *4 (quoting *Dura Global Techs., Inc. v. Magna Donnelly, Corp.*, No. 07-cv-10945, 2007 WL 4303294, at *1 (E.D. Mich. Dec. 6, 2007); *see also L-3 Commc'ns Corp. v. Jaxon Eng'g. & Maint., Inc.*, No. 10-cv-02868-MSK-KMT, 2011 WL 10858409, *3-4 (D. Colo. Oct. 12, 2011) (limitedly modifying discovery deadlines related to trade secret disclosure). But only a limited number of Vesta's RFPs seek such information. Discovery on a large number of other issues, including issues relating to Vesta's Confidential Solution Methods should open even if the Court issued a temporary limited protective order. For example, Amdocs could provide its analyses of the Vesta product (RFPs 1, 2, 3, and 4), procedures it put in place while developing its own payment solution to avoid using Vesta's information (RPFs 61 and 62), or any other documents referencing Vesta's products (RFP 26). Amdocs can also produce documents relating to Vesta's Confidential Risk Information. But rather than engaging in good-faith discovery on topics that plainly would not be covered by a properly limited protective order, Amdocs seeks to stretch its out-of-state federal cases beyond their explicit terms and delay *all* discovery on Vesta's claims indefinitely.

Vesta does not believe that any protective order is warranted. Vesta has sufficiently described it trade secrets to fully open discovery. But even if the Court disagrees with Vesta on that point, Amdocs's request is improperly broad. The only information that should be at issue for "protection" is Amdocs's own trade secrets with regard to the technical components of its payment solution.

## II. Vesta Should Not Be Prevented from Reasonably Amending its Trade Secret Disclosure as Discovery Progresses.

Amdocs's second argument, that the Court should prevent Vesta from reserving its rights to amend its responses to Interrogatories 15 and 16 as discovery progresses is overreaching. Amdocs repeatedly accuses Vesta of improperly trying to hide the ball and change its trade



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

secret allegations to match what Amdocs discloses. This argument assumes bad faith when Vesta has demonstrably tried to cooperate in good faith. Both in its Complaint and in its interrogatory responses Vesta has adequately put Amdocs on notice of the trade secrets at issue in this case, describing the categories of information, specifics regarding each category, as well as providing details regarding when and how the information was shared. Amdocs's own motion tacitly admits as much, at least with respect to the Confidential Risk Information identified in the Complaint and further identified in Vesta's answer to Interrogatory 15. Preventing reasonable amendment or supplementation only serves to improperly force Vesta to prove its case before it receives any discovery from Amdocs or relevant third parties.

Amdocs's argument that Vesta should be prevented from amending its interrogatory responses is also at odds with the Federal Rules of Civil Procedure and the majority of the relevant case law on the subject. Indeed, Rule 26 not only allows for amending interrogatory responses but *requires* supplementation when "the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e). Vesta would potentially violate Rule 26 if it failed to supplement its responses to Interrogatories 15 and 16 with more information as discovery progresses.

Cases from the District of Oregon and other districts demonstrate that reasonable supplementation of a trade secret identification is allowed, to the extent one is required. As an initial matter, multiple District of Oregon cases hold that a particular disclosure of the trade secrets at the outset of a case is not required before discovery begins. *Nike,* 305 F.R.D. at 645-646; *St. Jude Medical S.C., Inc.,* 305 F.R.D. at 639-411. These cases demonstrate that a plaintiff is not required to set in stone each and every detail regarding the misappropriated trade secrets at the beginning of the case. Accordingly, Amdocs should not be allowed to artificially limit



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

discovery in this situation, where it is not entirely clear what exactly has been misappropriated without discovery and investigation. [9]

In other districts, even where the court requires early identification of trade secrets with reasonably particularity, the cases recognize a right to supplement a trade secret identification according to Federal Rule of Civil Procedure 26(e). *StoneEagle Svcs., Inc. v. Valentine*, No. 3:12-cv-1687-P, 2013 WL 9554563 at *5 (N.D. Tex. June 5, 2013) (requiring plaintiff to provide a list of trade secrets at issue with reasonable particularity, but expressly noting that its "[o]rder will not prevent [p]laintiffs from seeking to amend or supplement their list in the future, should the circumstances warrant doing so."); *see also Dura Global Techs., Inc. v. Magna Donnelly Corp.*, No. 2:07-cv-10945-SFC-MKM, 2011 WL 4527576 at *9 (E.D. Mich. Sept. 29, 2011) (allowing a trade secret plaintiff to present additional trade secrets added during plaintiff's proposed pretrial order, where the additional trade secret misappropriation was discovered towards the end of discovery). Indeed, the *Dura Global Technologies* case is particularly instructive regarding the perils of being overly rigid regarding a plaintiff's early disclosure of trade secrets. In that case, the defendant repeatedly argued that the plaintiff's trade secret identification was deficient before producing over 100,000 pages of documents at and after the end of discovery. *Id.* at *2-3. Eventually, the court in *Dura* allowed the plaintiff to assert trade secrets at trial that it had never identified in its disclosures because the late discovery revealed additional misappropriation by the defendant. *Id.* at *9-10. Allowing reasonable amendment serves to prevent unnecessary disputes while also requiring Vesta to provide Amdocs with information to which it is entitled.

Amdocs cites to several cases that purportedly support its position that Vesta should be prevented from amending its responses. None of the cited cases, however, stand for the

[9] Vesta has collected over a terabyte of information from its own computer system as part of its investigation. Counsel for Vesta is diligently reviewing this information but its investigation is ongoing. Haynie Dec., ¶ 17.



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

proposition cited by Amdocs. In fact, Amdocs only cites a single unreported case where a court prevented a plaintiff from reserving the right to amend its identification of trade secrets. *See Soc. Apps,. LLC v. Zynga, Inc*., No. 4:11-CV-04-910, 2012 WL 2203063 at *5 (N.D. Cal. June 14, 2012). But *Social Apps* applied a California statutory provision that expressly requires early identification of trade secrets before a plaintiff can commence discovery on a trade secret claim. *Id.* at *3 ("the Court finds that the framework provided in California Code of Civil Procedure § 2019.210 is properly applied in this case."). California law does not apply in this case and *Social Apps* provides no analysis for why amendment should not generally be allowed.

Here, Amdocs raising no dispute that Vesta has adequately identified its trade secrets related to the Confidential Risk Information in its response to Interrogatory 15. Further, as discussed above, Vesta has provided reasonable particularity sufficient to guide discovery and to allow Amdocs to begin to prepare its defense regarding the Confidential Solution Methods in Vesta's response to Interrogatory 16. Vesta has acted in good faith in providing these identifications and Vesta should not be prevented from reasonably amending its responses in accordance with Federal Rule of Civil Procedure 26(e).

## III. The Court Should Deny Amdocs's Covert Attempt to Obtain Summary Judgment with Respect to Trade Secrets Vesta Shared Orally and During In-Person Meetings.

Amdocs also seeks to have the Court compel Vesta to remove any reference to trade secrets that were communicated orally, or presumably in face-to-face meetings, by Vesta to Amdocs. Without acknowledging what it is doing, Amdocs is effectively seeking summary judgment that all information shared in a non-written manner between the parties cannot be a trade secret because it was purportedly shared non-confidentially. It is wholly inappropriate for Amdocs to seek such relief before the parties have engaged in any discovery. Notably, Amdocs does not even attempt to argue that there is no genuine issue of material fact with respect to the interpretation of the NDA and the parties' conduct during their meetings. *See* Fed. R. Civ. P.56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

dispute as to any material fact and the movant is entitled to judgment as a matter of law."). Accordingly, it is inappropriate to seek summary judgment with respect to substantive issues in a discovery motion. *StorageCraft Tech. Corp. v. Symantec Corp.*, No. 2:07-CV-856 CW, 2009 WL 112434, at *2 (D. Utah Jan. 16, 2009) ("The procedures for challenging the merits of a trade secret claim prior to trial are set out in Rules 12 and 56 of the Federal Rules of Civil Procedure and are not properly challenged under discovery rules, including the requirement that the trade secret be identified with particularity.").

Furthermore, Amdocs's position relies on a disputed construction of the text of the 2009 NDA.[10] At most, the 2009 NDA prescribes a method for transmitting certain confidential information—it does not affirmatively state that information transmitted in a manner other than the one prescribed by the NDA, which would otherwise give rise to a duty of confidentiality, is not confidential if shared. Amdocs's construction of this term would give rise to an absurd result: the parties could not share any trade secret information orally or in face-to-face meetings without waiving the confidentiality of such information. *Greenwich Capital Fin. Prods., Inc. v. Negrin*, 903 N.Y.S. 2d 346, 348 (N.Y. App. Div., 1st Dept. 2010)[11] ("[A] 'contract should not be interpreted to produce a result that is absurd, commercially unreasonable or contrary to the reasonable expectations of the parties.'" (quoting *Matter of Lipper Holdings v. Trident Holdings*, 766 N.Y.S.2d 561, 562 (N.Y. App. Div., 1st Dept. 2003)). The parties would not be likely to agree to something that would prevent any follow up discussions regarding highly technical

[10] Vesta does not concede that Amdocs is correct that the terms of the NDA would control Vesta's trade secret claims. Regardless of the language of the NDA, Vesta shared this information under circumstances giving rise to a duty to maintain secrecy. *See* ORS § 646.461(2)(d). For the sake of this argument, however, Vesta focuses only on the procedural impropriety of Amdocs's position given the numerous factual issues surrounding the meaning the NDA.

[11] Vesta cites to New York law for contract interpretation issues because the 2009 NDA has a choice-of-law provision stating that the agreement "shall be governed and constructed under the laws of New York."



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

confidential information shared between them. Amdocs's interpretation would lead to this absurd result.

At the very least, the 2009 NDA is ambiguous with respect to orally shared confidential and trade secret information. Even if the 2009 NDA were read to expressly prohibit sharing confidential information other than in the method prescribed, the NDA defines "Proprietary Information" earlier in the contract without reference to these requirements. Where a term is ambiguous, New York law permits the introduction of extrinsic evidence, including evidence of the parties' understanding, to explain the term. *See, e.g.*, *Mun. Capital Appreciation Partners, I, L.P. v. Page*, 181 F. Supp. 2d 379, 391 (S.D.N.Y. 2002) ("If the terms of the complete written contract are unclear, ambiguous or contradictory, however, the parol evidence rule permits the consideration of such evidence in order to ascertain the true meaning of the terms."). To effectively grant summary judgment regarding the meaning of an ambiguous term without any discovery would be inappropriate. This is especially true in this situation where the 2009 NDA appears to have been drafted by Amdocs (*See* Haynie Dec.¶ 18, Ex. 9), and any ambiguity must be construed against Amdocs, the drafter. *See, e.g.*, *Aukema v. Chesapeake Appalachia, LLC*, 904 F. Supp. 2d 199, 209 (N.D.N.Y. 2012) ("In the event of an ambiguity, a contract will be construed against its drafter since the drafter is responsible for any ambiguity." (citing *M. Fortunoff of Westbury Corp. v. Peerless Ins. Co.*, 432 F.3d 127, 142 (2d. Cir. 2005)).

Furthermore, even if the Court were to find that the NDA unambiguously removes the confidentiality of orally shared information, summary judgment would still be inappropriate. There is the open question of whether the parties expressly or impliedly waived this provision by allowing Vesta to share trade secret information orally and during face-to-face meetings. *See* Complaint ¶¶ 24-44 (detailing how Vesta trade secret information was shared as part of discussions between the parties, including during face-to-face meetings). Under New York law, a party may waive a provision to a contract by course of conduct or orally. *See, e.g.*, *A.X.M.S.*



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

*Corp. v. Friedman*, 948 F. Supp. 2d 319, 335 (S.D.N.Y. 2013) ("The doctrine of 'waiver' provides that 'a party may, by words or conduct, waive a provision in a contract or eliminate a condition in a contract which was inserted for its benefit' when the counterparty's performance is inconsistent with the contract." (citation omitted)). This is true even where the contract contains a clause requiring all modifications to be in writing. *See Israel v. Chabra*, 906 N.E.2d 374, 377-79 (N.Y. 2009) (analyzing New York case law permitting waiver despite contractual provisions forbidding oral modification). Even the unpublished case cited by Amdocs explicitly recognizes the possibility of waiver, though at the summary judgment stage, it found that none had occurred under the facts of that case. *See Convolve, Inc. v. Compaq Comp. Corp.*, 527 F. App'x 910, 922-24 (Fed. Cir. 2013), *cert. denied*, 134 S. Ct. 801 (2013).

The interpretation of the 2009 NDA is a topic of contention between the parties and it is not properly decided as a side issue in a discovery motion. Accordingly, Amdocs's covert attempt to obtain summary judgment with respect to orally shared confidential information should be denied both because it is substantively deficient and it is procedurally improper.

**CONCLUSION**

Out of a spirit of cooperation, Vesta agreed to go above and beyond what is required under Oregon law in terms of defining its trade secrets at the outset of the case. And Vesta has lived up to its end of that agreement. Vesta has provided a sufficiently detailed description of both trade secrets to put Amdocs on notice of the claims against it and to guide discovery. But Amdocs is not satisfied and now seeks to hold discovery off indefinitely as a result. Amdocs's position is unsupported by Oregon law and the relief it requests is unreasonable. This Court should deny Amdocs's motion to compel and motion for a protective order.



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

DATED: October 8, 2015

s/ Joanna T. Perini-Abbott

**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Erick J. Haynie**, OSB No. 982482
EHaynie@perkinscoie.com
**Joanna T. Perini-Abbott**, OSB No. 141394
JPeriniAbbott@perkinscoie.com
**Daniel T. Keese**, OSB No. 140989
DKeese@perkinscoie.com
**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Plaintiff