**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Erick J. Haynie**, OSB No. 982482
EHaynie@perkinscoie.com
**Scott D. Eads**, OSB No. 910400
SEads@perkinscoie.com
**Joanna T. Perini-Abbott**, OSB No. 141394
JPeriniAbbott@perkinscoie.com
**Daniel T. Keese**, OSB No. 140989
DKeese@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Plaintiff
Vesta Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| VESTA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>AMDOCS MANAGEMENT LIMITED; AMDOCS, INC.,<br><br>Defendants. | No. 3:14-cv-01142-HZ<br><br>**DECLARATION OF ERICK J. HAYNIE IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND TO COMPEL** |

I, Erick J. Haynie, hereby declare as follows:

1. I am a partner with the law firm of Perkins Coie LLP, and I am one of the attorneys representing Plaintiff Vesta Corporation ("Vesta") in this matter. I make this declaration based on personal knowledge.

2. In the spring of 2015, and in anticipation of the April 22, 2015 Rule 16 conference in this case, counsel for Vesta and counsel for Amdocs Management Limited and Amdocs, Inc. (collectively, "Amdocs") began discussing discovery matters and the parties' positions relative to the overall case schedule.

3. In those discussions, Amdocs insisted that Vesta provide a complete description of its trade secrets before Amdocs would respond to discovery requests from Vesta. In support of that position, one of Amdocs's attorneys (Rob Shlachter) sent me an email containing seven case cites. A copy of that email, which was dated April 21, 2015, is attached as Exhibit 1. In reviewing these cases, our firm determined that none of the cases were from the District of Oregon or applied Oregon law. We also felt that the cases were distinguishable. We were also concerned that Amdocs was attempting to position the case on a path of unilateral discovery in favor of Amdocs. Consequently, on behalf of Vesta, we disputed any obligation by Vesta to provide a detailed trade secret disclosure as a precondition to Amdocs complying with its discovery obligations.

4. Nonetheless, in the interest of facilitating the commencement of discovery and reaching agreement on an overall case schedule, and without agreeing to be bound by Amdocs's interpretation of its proffered out-of-state case law, Vesta agreed to receive and answer interrogatories requesting Vesta to state with "reasonable particularity" the trade secrets it alleges Amdocs misappropriated. In addition, as a matter of sequencing, Vesta agreed to a global case schedule whereby its trade secret interrogatory answers would precede the due date for any Amdocs discovery pleadings by approximately 45-days. At no point did Vesta agree to a discovery plan that would allow Amdocs unilateral discovery.

5. On May 15, 2015, Amdocs propounded its first set of interrogatories. Amdocs's first set interrogatories contained 35 questions, with questions 1, and 15-27 relating to the trade secret disclosure issue, and the balance addressing other, more general discovery topics.



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

6. On July 15, 2015, the Court entered the parties' proposed form of stipulated protective order. (ECF No. 91).

7. On July 17, 2015, Vesta provided responses to Amdocs's Interrogatories 1, and 15-27, which Amdocs classified as "the trade secret identification interrogatories." Specifically, Interrogatory 15 asked Vesta to define its "Confidential Risk Information" and Interrogatory 16 asked Vesta to define its "Confidential Solution Methods."

8. On July 24, 2015, counsel for Amdocs sent a letter requesting a meet-and-confer on Vesta's responses, claiming that the responses were insufficient. Attached hereto as Exhibit 2 is a true and correct copy of a letter from Yonaton Rosenzweig to me dated July 24, 2015.

9. Vesta promptly responded to Mr. Rosenzweig's letter and the parties held a call on July 31, 2015. Attached hereto as Exhibit 3 is a true and correct copy of the email from me to Mr. Rosenzweig, dated July 29, 2015, coordinating to arrange for that telephonic phone meet-and-confer.

10. Although Vesta believed its substantive responses already to be adequate, Vesta agreed to supplement its responses with some additional information and supporting documentation.

11. Meanwhile, in the interim and in a good faith effort to continue to move discovery forward on schedule, Vesta responded to the remainder of Amdocs's interrogatories (i.e., the "regular," non-trade secret disclosure interrogatories), despite Amdocs's position that discovery was only open unilaterally with regard to Vesta's trade secret identification. Attached hereto as Exhibit 4 is a true and correct copy of the August 14, 2015 transmission email sending Vesta's response to Amdocs's Interrogatories 2-14, and 27-35. The responses are not attached because some of the information included is confidential. Should the Court wish to see the additional responses, they have been previously filed under seal as ECF No. 103.



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

12. Thereafter, as agreed in connection with the July 31, 2015 meet and confer, Vesta supplemented its trade secret interrogatory responses. That supplement was provided to Amdocs counsel the evening of August 24, 2015 along with a document production of more than 200 pages of documents. I understand that these documents have previously been provided to the Court under seal as ECF Nos. 103-104.

13. On August 28, 2015, Amdocs again contacted Vesta claiming that Vesta's responses to the trade secret identification interrogatories were insufficient. Attached hereto as Exhibit 5 is a true and correct copy of the letter from Mr. Rosenzweig to me dated August 28, 2015.

14. In response, Vesta participated in a telephone conference on August 31, 2015. Attached hereto as Exhibit 6 is true and correct copy of an email chain arranging for the August 31, 2015 conferral call. On that call, it became evident that the parties could not resolve these issues without assistance from the court. The parties followed-up with several email communications, but ultimately agreed that they were at an impasse.

15. Attached hereto as Exhibit 7 is a true and correct copy of Plaintiff's First Requests for Production of Documents and Things (Nos. 1-85), dated May 19, 2015.

16. Attached hereto as Exhibit 8 is a true and correct copy of Plaintiff Vesta's Responses to Defendant Amdocs, Inc. and Amdocs Management Ltd.'s First Set of Requests for Production of Documents and Things to Plaintiff Vesta Corporation.

17. Vesta has collected over a terabyte of documents and information from its own computer system as part of its investigation in this case. I understand that these materials compromise over 2,000,000 documents (not pages, but documents). Counsel for Vesta is diligently reviewing this information but its own investigation is ongoing. The parties also have yet to reach an e-discovery agreement, though discussions on that topic are currently underway.



Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

18. Attached hereto as Exhibit 9 is a true and correct copy of an email collected from Bridget Nipp, an employee of Vesta. The email is from Idan Doron to Bridget Nipp, dated June 30, 2009, attaching a copy of what appears to have become the 2009 NDA at issue in this case and asking Bridget Nipp to send him a scanned version by e-mail and two signed originals by mail.

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct*.

DATED this 8th day of October, 2015, at Portland, Oregon.

s/ Erick J. Haynie
Erick J. Haynie



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222