**Robert A. Shlachter**, OSB No. 911718
Email: rshlachter@stollberne.com
**Joshua L. Ross**, OSB No. 034387
Email: jross@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**Bruce G. Vanyo** (admitted *Pro Hac Vice*)
Email: bruce@kattenlaw.com
**Richard H. Zelichov** (admitted *Pro Hac Vice*)
Email: richard.zelichov@kattenlaw.com
**Christina L. Costley** (admitted *Pro Hac Vice*)
Email: christina.costley@kattenlaw.com
**Yonaton M. Rosenzweig** (admitted *Pro Hac Vice*)
Email: yoni.rosenzweig@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4400
Facsimile: (310) 788-4471

**Attorneys for Defendants Amdocs Management Limited; Amdocs, Inc.,**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **VESTA CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**AMDOCS MANAGEMENT LIMITED; AMDOCS, INC.,**<br><br>Defendants. | Case No.: 3:14-cv-01142-HZ<br><br>**DECLARATION OF CHRISTINA L. COSTLEY IN SUPPORT OF DEFENDANTS' MOTION TO QUASH SUBPOENA TO NON-PARTY SPRINT CORPORATION OR, ALTERNATIVELY, FOR A PROTECTIVE ORDER** |

**DECLARATION OF CHRISTINA L. COSTLEY**

I, Christina L. Costley, hereby declare as follows:

1. I am a partner at the law firm Katten Muchin Rosenman LLP, counsel for defendants Amdocs Management Limited and Amdocs, Inc. (collectively, "Amdocs" or "Defendants"). I know the following to be true based upon my own personal knowledge and, if called as a witness, I could, and would, testify competently to the matters herein.

2. On May 19, 2015, plaintiff Vesta Corporation ("Vesta" or "Plaintiff") served its First Requests for Production of Documents and Things (Nos. 1-85) on Amdocs. On September 15, 2015, Amdocs served objections and responses to Vesta's First Set of Requests for Production (Nos. 1-85) on Vesta. A true and correct copy of excerpts from Amdocs's responses to Vesta's Requests for Production Nos. 31, 35, and 51 is attached hereto as **Exhibit A**.

3. On September 21, 2015, Amdocs filed its Motion for a Protective Order and to Compel Plaintiff to Identify its Trade Secrets. (*See* Dkt. No. 105.) On October 15, 2015, the Court scheduled oral argument on Amdocs's motion for November 6, 2015 at 10:00 a.m. (*See* Dkt. No. 129.)

4. On October 16, 2015, Vesta served a copy of "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" ("Initial Subpoena"), which was directed to Sprint Communications Company Limited Partnership and also dated October 16, 2015, on Amdocs. The Initial Subpoena directed Sprint Communications Company Limited Partnership to produce documents on November 6, 2015 at 9:00 a.m. A true and correct copy of the Initial Subpoena is attached hereto as **Exhibit B**.

5. On October 28, 2015, Sprint Corporation ("Sprint") served objections to the Initial Subpoena on Vesta. A true and correct copy of these objections is attached hereto as **Exhibit C**

6. On October 30, 2015, I sent Vesta a meet and confer letter by email and mail requesting Vesta to withdraw the Initial Subpoena to Sprint. A true and correct copy of this letter is attached hereto as **Exhibit D**.

7. On November 6, 2015, I sent Vesta a follow-up email to the meet and confer letter. A true and correct copy of this email is attached hereto as **Exhibit E**.

8. On November 9, 2015, Vesta emailed a response to Amdocs's meet and confer letter. A true and correct copy of this letter, received by email, is attached hereto as **Exhibit F**.

9. On November 13, 2015, my colleague, Yonaton Rosenzweig, received a letter from Vesta regarding Vesta's responses to Amdocs's First Set of Requests for Production. A true and correct copy of this letter is attached hereto as **Exhibit G**.

10. On November 13, 2015, I sent Vesta an email requesting a telephonic meet and confer. On November 16, 2015, Vesta proposed a telephonic meet and confer for November 18, 2015. On November 18, 2015, I participated in a telephonic meet and confer with Vesta. During the meet and confer call, Amdocs indicated that, if Vesta wished to add allegations regarding Sprint to an amended complaint, it would defer filing the instant motion until after Vesta had done so. Vesta asked that Amdocs give it time to discuss the proposal with co-counsel and Amdocs agreed, subject to a further agreement by Vesta that it would not seek to enforce the Initial Subpoena in the interim. On November 20, 2015, I sent Vesta a follow-up email from the meet and confer call. That same day, I received a response from Vesta stating that it would not withdraw its Initial Subpoena to Sprint. Vesta also asked Amdocs to agree that, if Vesta filed a

Second Amended Complaint, Amdocs would not oppose it. A true and correct copy of this email correspondence with Vesta is attached hereto as **Exhibit H**.

11. On November 24, 2015, Vesta sent Amdocs a copy of "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" ("Subpoena"), which was directed to Sprint/United Management Company, Inc. and also dated November 24, 2015. The Subpoena directed Sprint/United Management Company, Inc. to produce documents on December 15, 2015 at 9:00 a.m. The documents requested in the Subpoena are identical to the documents requested in the Initial Subpoena. A true and correct copy of the Subpoena is attached hereto as **Exhibit I**.

12. On November 23, 2015, I sent Vesta an email asking it to send Amdocs a proposed Second Amended Complaint. On November 25, 2015, Vesta responded that it would provide a proposed Second Amended Complaint the following week. A true and correct copy of this email correspondence with Vesta is attached hereto as **Exhibit J**.

13. On or around November 24, 2015, I learned that Vesta contacted Sprint to pursue enforcement of the Subpoena. On November 25, 2015, I sent Vesta an email requesting that Vesta honor its prior agreement with Amdocs not to enforce the Subpoena to Sprint. That same day, I received a response from Vesta stating that it would not provide written notice to Sprint. On November 30, 2015, I sent an email to Vesta advising it that Amdocs intended to file the instant Motion. A true and correct copy of this email correspondence with Vesta is attached hereto as **Exhibit J**.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on December 1, 2015 in Los Angeles, California.

/s Christina L. Costley

CHRISTINA L. COSTLEY