**I. Neel Chatterjee** (*pro hac vice*)
nchatterjee@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE, LLP**
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650.614.7400

Attorneys for Plaintiff
Vesta Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

VESTA CORPORATION,

Plaintiff,

v.

AMDOCS MANAGEMENT LIMITED;
AMDOCS, INC.,

Defendants.

Case No. 3:14-cv-01142-HZ

**DECLARATION OF ANDREW S. ONG IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO QUASH SUBPOENA TO NON-PARTY SPRINT CORPORATION OR, ALTERNATIVELY, FOR A PROTECTIVE ORDER**

I, Andrew S. Ong, hereby declare as follows:

1. I am a member of the Bar of the State of California, *pro hac vice* application pending in the District of Oregon, and an associate attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, attorneys for Plaintiff Vesta Corporation ("Vesta"). I make this declaration in support of Vesta's Opposition to Defendants Amdocs Management Limited and Amdocs, Inc.'s ("Amdocs") Motion to Quash Subpoena to Non-Party Sprint Corporation or, Alternatively, for a Protective Order. I make this declaration based on personal knowledge, and if called as a witness, I could and would testify competently as follows.

2. Attached hereto as **Exhibit 1** is a true and correct copy of an excerpt from Plaintiff Vesta Corporation's First Supplemental Responses to Defendants' First Set of Interrogatories (Nos. 1-35), served August 24, 2015.

**Vesta's Meet And Confer With Sprint**

3. Attached hereto as **Exhibit 2** is a true and correct copy of a letter, dated November 9, 2015, from me to Sharon Bundy, Legal Analyst II at Sprint.

4. After several email exchanges with Elizabeth Zorowitz, Litigation Counsel at Sprint, we agreed to have a telephonic meet and confer on November 23, 2015. On that date, my colleague, Nish Hossain, and I participated on behalf of Vesta, while Ms. Bundy, Ms. Zorowitz, and Brooks Gresham (Sprint's counsel at McGuire Woods LLP) participated on behalf of Sprint. During the call, I noted that Vesta was not seeking to create an undue burden on Sprint and that we were willing to work with Sprint to make collecting documents a manageable process for Sprint. Sprint was cooperative on this call and indicated that it was willing to produce documents in response to the subpoena. Sprint requested first, however, that Vesta serve an amended subpoena to: (1) identify the correct Sprint entity to be subpoenaed, Sprint/United Management Company, Inc.; (2) provide a new location for production, although Sprint's counsel indicated production would likey be electronic and mailed; and (3) extend the date of production to December 15, 2015. Vesta agreed to serve an amended subpoena with

those changes. Sprint also identified the general categories of documents that it intended to produce as part of its initial production to Vesta.

5. As agreed, Vesta served an amended subpoena on Sprint on November 24, 2015. A copy of the served subpoena is provided as Exhibit I to the Declaration of Christina L. Costley. *See* Dkt. No. 144-9.

6. On November 30, 2015, the date the Court issued its order on Amdocs' motion for a protective order (*see* Dkt. No. 141), I provided Sprint with a copy of the Court's order via email. Attached hereto as **Exhibit 3** is a true and correct copy of the November 30, 2015 email that I sent to Sprint's counsel, Ms. Zorowitz and Mr. Gresham.

7. On December 3, 2015, I sent a follow-up email to Sprint's counsel indicating that, in light of the Court's November 30 order, Vesta believed it was appropriate to suspend Sprint's obligations under the subpoena at least until Vesta supplemented its trade secrets identification on December 21. Attached hereto as **Exhibit 4** is a true and copy of the December 3, 2015 email that I sent to Sprint's counsel, Mr. Gresham.

8. Sprint served objections to Vesta's subpoena on December 15, 2015. Attached hereto as **Exhibit 5** is a true and correct copy of Sprint's served objections. Aside from Sprint serving its objections and acknowledging receipt of the emails that I sent at Exhibits 3 and 4, Vesta has had no further contact with Sprint regarding the subpoena. Notably, Sprint did not seek a meet and confer with Vesta prior to filing its notice of joinder to Amdocs' motion on December 15, 2015. *See* Dkt. No. 155.

**<u>Vesta's Meet And Confer With Amdocs</u>**

9. After exchanging various letters and emails regarding the Sprint subpoena, my colleague Ms. Hossain and I met and conferred on November 18, 2015 with counsel for Amdocs regarding Amdocs' objections to the Sprint subpoena. Christina Costley led the call on behalf of Amdocs. During the call, I noted that a party typically does not have standing to quash a third-party subpoena absent an identified right or privilege, but Amdocs' counsel did

not provide any response to this. The parties were ultimately unable to reach any sort of agreement regarding Vesta's subpoena to Sprint and Amdocs' proposed motion to quash the Sprint subpoena.

10. Amdocs indicated that it would reconsider filing a motion to quash if Vesta agreed to amend its complaint. Amdocs, however, did not agree that an amendment would be appropriate and that it would in fact oppose any attempt by Vesta to amend its complaint. I requested a few days for Vesta to consider Amdocs' proposal, during which time we agreed not to take any actions to compel Sprint to comply with the subpoena. Vesta did not agree, however, that Sprint's obligations under the subpoena would be completely stayed. Indeed, prior to the meet and confer with Amdocs, Vesta had already scheduled the November 23 call with Sprint to discuss the subpoena. Attached hereto as **Exhibit 6** is a true and correct copy of an email from me to Ms. Costley, dated November 25, 2015, disputing that Vesta had ever agreed to suspend all of Sprint's obligations under the subpoena.

11. Amdocs did not request a meet and confer with Vesta to discuss the impact of the Court's November 30 order on Sprint's obligations under the subpoena before filing its motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed in Menlo Park, California on December 17, 2015.

*/s/ Andrew S. Ong*
Andrew S. Ong