IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VESTA CORPORATION,

                Plaintiff,

     v.

AMDOCS MANAGEMENT
LIMITED and AMDOCS, INC.,

                Defendants.

No. 3:14-cv-1142-HZ

OPINION & ORDER

Erick J. Haynie
Daniel T. Keese
Joanna T. Perini-Abbott
Stephen English
Julia E. Markley
Meredith Price
PERKINS COIE, LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209

Indra Neel Chatterjee
Andrew Ong
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

       Attorneys for Plaintiff

1 – OPINION & ORDER

Andrew G. Klevorn
Bruce G. Vanyo
Yonaton M. Rosenzweig
Christina Lucen Costley
KATTEN MUCHIN ROSENMAN, LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067

Kristin J. Achterhof
Meegan I. Maczek
Richard H. Zelichov
KATTEN MUCHIN ROSENMAN, LLP
525 West Monroe Street
Chicago, IL 60661

Joshua L. Ross
Robert A. Shlachter
Timothy S. DeJong
STOLL STOLL BERNE LOKTING & SHLACHTER, PC
209 SW Oak Street, Fifth Floor
Portland, OR 97204

     Attorneys for Defendants

HERNÁNDEZ, District Judge:

     Plaintiff Vesta Corporation moves to file a Third Amended Complaint (TAC) in this breach of contract and misappropriation of trade secrets case. Defendants Amdocs Management Limited and Amdocs, Inc. contend that allowing Plaintiff to amend the complaint would prejudice Defendants and cause undue delay. For the reasons that follow, the Court grants Plaintiff's motion.

## PROCEDURAL BACKGROUND

     Plaintiff filed this action in state court in June of 2014 and Defendants removed the case to federal court on July 17, 2014. Notice of Removal, ECF 1. The original complaint brought claims of breach of contract, theft of trade secrets, and fraud. Compl., ECF 1-1. This Court

granted in part and denied in part Defendants' motion to dismiss Plaintiff's complaint and, on

January 13, 2015, dismissed Plaintiff's fraud claim. Opinion & Order, Jan. 13, 2015, ECF 42.

On April 7, 2015, Plaintiff filed a First Amended Complaint (FAC), in which Plaintiff

made several changes to the original complaint. FAC, ECF 52.  Plaintiff added three antitrust

claims, removed the fraud claim, and made changes to the damages allegations in its breach of

contract claim. Id. On September 3, 2015, this Court granted Defendants' motion to dismiss

Plaintiff's antitrust claims. Opinion & Order, Sept. 3, 2015, ECF 97.

On December 2, 2015, this Court granted Plaintiff leave to file an amended complaint to

remove an inaccurate statement in the First Amended Complaint. Order, Dec. 2, 2015, ECF 146.

In that order, the Court noted:

> Plaintiff's proposed complaint still includes claims which were dismissed by this Court
> on September 3, 2015. . . Plaintiff is directed to file an amended complaint which
> accurately reflects the claims that remain in this case within 7 days of this Order.

Id.

On December 9, 2015, Plaintiff filed a Second Amended Complaint (SAC) in which

Plaintiff removed the inaccurate statement in ¶ 40 of the FAC and removed all of the antitrust

claims. However, Plaintiff did not remove all of the factual allegations relating to the antitrust

claims, which spurred Defendants to file a motion to strike allegations in the SAC. Mot. Strike,

Dec. 21, 2015, ECF 159.

On December 29, 2015, the Court entered an order striking several paragraphs of the

SAC because Plaintiff did not have leave of Court or consent of Defendants to convert its prior

antitrust allegations into trade secret misappropriation allegations. Order, Dec. 29, 2015, ECF

162. Plaintiff was directed to file an amended complaint within 10 days that complied with the

order and removed "factual allegations and claims that were included in Plaintiff's First

Amended Complaint as part of Plaintiff's now-dismissed antitrust claims." Id. Plaintiff was further directed that, if it wished to amend its complaint in any other way, it must seek leave to amend pursuant to Rule 15. Id. Pursuant to the Court's order, Plaintiff filed a Corrected Second Amended Complaint (CSAC) on January 8, 2015. CSAC, ECF 166.

On January 27, 2015, Plaintiff filed the present motion for leave to file a Third Amended Complaint (TAC). Mot. Leave. Am., ECF 171.

## FACTUAL BACKGROUND

Plaintiff is an electronic payments and fraud prevention technology company. CSAC Intro. Defendants are telephone billing software and services companies. Id. Both Plaintiff and Defendants provide services to national and international mobile phone network operators (MNOs). Id. at ¶¶ 7-8.

Plaintiff's original complaint, filed in June of 2014, alleged that the parties had collaborated on numerous occasions to integrate their services and platforms in order to appeal to their shared customer base. Compl. ¶¶ 13-14. In the course of jointly collaborating on marketing and the possibility of acquisition, Plaintiff shared information with Defendants including "proprietary information about [Plaintiff's] payment solution" and "confidential and proprietary business and financial information." Id. at ¶¶ 17, 23. Plaintiff alleged that Defendants stole Plaintiff's proprietary information to develop, market, and sell a "copycat payments solution" that it sold to MetroPCS (an MNO). Id. at ¶ 45. Plaintiff also alleged that Defendants were "actively marketing [their] copycat payment solution to other potential buyers." Id. at ¶ 50. In addition, Plaintiff alleged that Defendants used Plaintiff's "confidential risk information" to price their services in a way to competitively and unfairly advantage Defendants and to make a decision regarding their offer to sell a payments solution to MetroPCS. Id. at ¶¶ 95-96. The

Complaint did not allege that Defendants had stolen any other customer or potential customer, besides MetroPCS, from Plaintiff. However, as to damages, the Complaint pled damages as to the lost revenue on the MetroPCS account as well as "other damages . . . including lost revenue on other accounts." Id. at ¶¶ 70, 77, 86, 97.

In September of 2014, Plaintiff learned that Sprint (another MNO) had selected Defendants to replace Plaintiff as Sprint's vendor for prepaid wireless payment processing. TAC ¶ 58. In April of 2015, Sprint finished the transition of its payment services to Defendants. Id. at ¶ 59. Also, in late 2014, Plaintiff learned that T-Mobile (another MNO) had selected Plaintiff and Defendants as the two final bidders to provide payment processing to T-Mobile. Id. at ¶¶ 61, 62. While Plaintiff ultimately won the bid, it had to significantly lower its price to compete with Defendants and avoid being foreclosed from the marketplace. Id. at ¶ 63.

The business dealings with Sprint and T-Mobile occurred while the parties were litigating Defendants' first motion to dismiss, which was filed on September 15, 2014 and resolved on January 13, 2015. See ECF 25, 42. Plaintiff contends that, because the motion to dismiss was pending, Plaintiff did not immediately seek to amend the Complaint to add allegations regarding Sprint and T-Mobile when it learned of the allegedly offending behavior.

In April 2015, Plaintiff filed its FAC, which included three new antitrust claims. In support of the new claims, Plaintiff added factual allegations relating to Defendants' conduct with Sprint and T-Mobile. FAC, ¶¶ 128-37. However, Plaintiff did not add factual allegations related to Sprint and T-Mobile to the breach of contract and trade secret misappropriation claims. Plaintiff did amend its allegations of damages to encompass damages from lost profits on "various accounts," instead of only the MetroPCS account. Id. at ¶¶ 153, 160.

5 – OPINION & ORDER

In May of 2015, Defendants filed a motion to dismiss Plaintiff's antitrust claims. Mot. Dismiss, ECF 65. This Court granted Defendants' motion on September 3, 2015. However, for reasons described in the "Procedural Background" section above, Plaintiff did not file a second amended complaint until December of 2015 and did not file a corrected second amended complaint that removed all of the factual allegations related to the antitrust claims until January of 2016.

On January 27, 2016, Plaintiff moved for leave to file the third amended complaint at issue in this motion. The TAC includes factual allegations regarding Defendants' alleged use of Plaintiff's confidential information to obtain contracts with MetroPCS and Sprint, and to trigger a bidding war over the T-Mobile business. TAC ¶¶ 55-63. The TAC also expressly alleges damages suffered on accounts with MetroPCS, Sprint, and T-Mobile. Id. at ¶¶ 75, 82, 92, 104.

The information that Plaintiff seeks to include in the TAC is nearly identical to language Plaintiff included in the FAC and SAC, which this Court ordered Plaintiff to remove because it had been added in connection with the antitrust claims that were dismissed. In other words, Plaintiff initially added these allegations in the antitrust claims in the FAC, left them in the SAC, removed them upon order of the Court in the CSAC, and now seeks leave to add them to the trade secret and breach of contract claims in the TAC. Plaintiff argues that it intended all along for the allegations to relate to both the trade secret and breach of contract claims that remain in the case, as well as the dismissed antitrust claims.

**STANDARDS**

Under Federal Rule of Civil Procedure 15, if a party cannot amend as a matter of course under Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or with the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave

when justice so requires." Id. However, the court need not grant leave to amend where the amendment "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006). "When a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." Chodos v. West Publ'g Co., Inc., 292 F.3d 992, 1003 (9th Cir. 2002).

## DISCUSSION

The primary issue is whether allowing Plaintiff to file a third amended complaint would produce an undue delay in litigation and prejudice Defendants. In addition, Defendants argue that Plaintiff's motion is sought in bad faith.[1]

## I.    Undue Delay and Prejudice

Defendants argue that Plaintiff unduly delayed in seeking leave to amend and that granting Plaintiff's motion would disturb the trial schedule. Undue delay alone is not a sufficient ground for denying leave to amend. Hurn v. Retirement Fund Trust of the Plumbing, Heating and Piping Industry, 648 F.2d 1252, 1254 (9th Cir. 1981). However, the time and expense of continued litigation, with the possibility of additional discovery, can cause prejudice. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387-88 (9th Cir. 1990) (explaining that undue delay must be accompanied by prejudice); Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160-61 (9th Cir. 1989) (putting the defendant "through the time and expense of continued litigation on a new theory, with the possibility of additional discovery," would cause undue prejudice). Prejudice to the opposing party carries the "greatest weight" in determining whether to deny leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

---

[1] Defendants also assert that Plaintiff's amendments are futile; however, they do not present any argument on this assertion. Defs.' Opp. Pl. Mot. Leave Am. 14, ECF 189.

Plaintiff included the factual allegations regarding Sprint and T-Mobile in the FAC in April of 2015. However, this TAC is the first time that Plaintiff includes the allegations as part of its breach of contract and trade secret misappropriation claims. Defendants portray Plaintiff's attempt to add allegations regarding Sprint and T-Mobile as an excessively delayed effort because Plaintiff knew about the relevant facts over year ago.

Plaintiff learned that Sprint selected Defendants to replace Plaintiff as Sprint's vendor for prepaid wireless payment processing in September 2014; the replacement was complete in April of 2015. Perini-Abbott Decl. Ex. 1, ECF 204[2]; TAC ¶ 59. In the "latter half" of 2014, Plaintiff suffered a loss when it agreed to significantly lower its bid for T-Mobile business to compete with Defendants to provide a payment processing solution to T-Mobile. TAC ¶¶ 61-63. On April 7, 2015, Plaintiff filed its FAC, which included the Sprint and T-Mobile allegations as part of its antitrust claims. Therefore, there was little to no delay from when Plaintiff knew of the alleged damage caused by Defendants' behavior with Sprint and T-Mobile to when Plaintiff included these allegations in its FAC.

Plaintiff argues that the FAC language was enough to put Defendants on notice that the breach of contract and trade secret misappropriation claims incorporated the allegations regarding Sprint and T-Mobile because Plaintiff amended its damages allegations to state that it suffered profits and royalties on "various accounts" and the breach of contract and trade secret misappropriation claims included language that incorporated all the preceding paragraphs. See

---

[2] Plaintiff's FAC stated that Plaintiff learned that Sprint had selected Defendants "in or about June 2014." FAC ¶ 129. However, Plaintiff's Reply states that Plaintiff actually learned this information in September 2014. Pl. Reply 4. Defendants argue that Plaintiff is judicially estopped from changing the date of this allegation. The Court finds no "unfair detriment" to Defendants by accepting Plaintiff's September 2014 date, because the key fact for the Court's consideration is that Sprint's selection of Defendants was complete in April of 2015. See New Hampshire v. Maine, 532 U.S. 742, 750 (2001) (listing factors courts consider in a judicial estoppel analysis).

FAC ¶¶ 142, 164 ("Vesta repeats and realleges each of the allegations in the preceding paragraphs as if fully set forth herein.").

Plaintiff also contends that the parties' conduct in discovery thus far demonstrates that Defendants were on notice of the inclusion of the Sprint and T-Mobile allegations in Plaintiff's case. Defendants respond that "discovery is not substitute for a complaint," and explain that Defendants included Sprint and T-Mobile on the eDiscovery search term list because the nature of Plaintiff's contacts with those clients is relevant to Plaintiff's trade secret claim.

The Court concludes that neither the FAC nor the parties' discovery conduct clearly includes the Sprint and T-Mobile allegations as part of the breach of contract and trade secret misappropriation claims. While the Court does not imply that Plaintiff unduly delayed incorporating such allegations in a complaint, it is clear that Plaintiff is now, for the first time, expressly seeking to include these allegations in claims other than antitrust claims.

The issue, therefore, hinges upon whether Defendants would be prejudiced by such an addition at this point in the litigation. Defendants argue that they will be substantially prejudiced if Plaintiff is allowed leave to amend its complaint because such amendments will double the scope of the case and require Defendants to redo hundreds, if not thousands, of hours of document collection and witness interviews. Defs.' Opp. 11, ECF 189. Plaintiff counters that Defendants will not be prejudiced because none of the work they have already performed will go to waste. Plaintiff argues that it is "simply adding to its damages theory," not changing its legal theory. Pl.'s Reply 8-9.

In support of their arguments, both parties cite to a case in which this Court granted a motion for leave to amend: Cedano v. Thrifty Payless, Inc., No. CV-10-237-HZ, 2011 WL 5117930 (D. Or. Oct. 25, 2011). In that case, Plaintiff Cedano brought a class action suit against

his employer, Rite Aid, alleging that he had been misclassified as an assistant store manager

exempt from overtime wages in violation of Oregon's wage and hour laws. Id. at *1. After

Cedano's counsel lost contact with Cedano, counsel sought leave to amend to add a new plaintiff

and class representative. Id. at *2. The Court found that there was no undue delay where the

motion to amend was filed approximately three months before the close of the class certification

discovery deadline and not on the eve of any dispositive motion proceeding. Id. at*3-4. As to

prejudice, even though the defendants had spent fifty hours investigating Cedano, the defendants

would not be unduly prejudiced because little discovery had taken place, no motion to dismiss

had been filed or considered by the Court, the underlying claim would not be rendered moot by

the addition of a new class representative, the motion to amend was not in violation of any

scheduling order deadlines nor was it filed on the eve of trial, the motion to amend would not

expand the scope of litigation, and the action had been pending for less than two years. Id. at *4-

6.

     Here, the parties agree that the fact discovery deadline in this case will need to be

extended, regardless of whether Plaintiff is granted leave to amend. See Mot. Extend Case

Schedule 2, ECF 211. Furthermore, Plaintiff represents that document discovery has yet to begin

in earnest—the parties have exchanged a limited number of documents, but they have not yet

undertaken the process of an e-discovery review and production. On March 4, 2016, the parties

confirmed the search terms and custodians regarding Plaintiff's Confidential Risk Information.

However, no depositions have been noticed or taken. In addition, the parties have not engaged in

discovery regarding Plaintiff's Confidential Solutions Methods, because the parties have not

agreed that Plaintiff has identified its trade secrets with sufficient particularity to comply with

this Court's order.

In sum, as in <u>Cedano,</u> little discovery has taken place and the motion for leave to amend is not made on the eve of any dispositive motion proceeding. Undoubtedly, granting the motion for leave to amend in this case may significantly expand the scope of the case; however, considering the fact that the case schedule needs to be extended anyway in conjunction with the fact that Defendants, even if not on full notice, have had awareness of the Sprint and T-Mobile allegations in Plaintiff's case since at least April of 2015, persuades the Court to find that Defendants will not be unduly prejudiced by this Court granting leave to amend.

## II.    Bad Faith

The Court finds no evidence of bad faith or support for Defendants' theory that Plaintiff brings these amendments in order to circumvent a discovery order.

## CONCLUSION

The Court grants Plaintiff's Motion for Leave to Amend to File a Third Amended Complaint [171]. Plaintiff is directed to file the Third Amended Complaint by April 12, 2016.

IT IS SO ORDERED.

Dated this _____ day of _____, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge

11 – OPINION & ORDER