IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VESTA CORPORATION,

        Plaintiff,

   v.

AMDOCS MANAGEMENT
LIMITED and AMDOCS, INC.,

        Defendants.

No. 3:14-cv-1142-HZ

OPINION & ORDER

Erick J. Haynie
Daniel T. Keese
Joanna T. Perini-Abbott
Stephen English
Julia E. Markley
Meredith Price
PERKINS COIE, LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209

Indra Neel Chatterjee
Andrew Ong
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

    Attorneys for Plaintiff

1 – OPINION & ORDER

Andrew G. Klevorn
Bruce G. Vanyo
Yonaton M. Rosenzweig
Christina Lucen Costley
KATTEN MUCHIN ROSENMAN, LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067

Kristin J. Achterhof
Meegan I. Maczek
Richard H. Zelichov
KATTEN MUCHIN ROSENMAN, LLP
525 West Monroe Street
Chicago, IL 60661

Joshua L. Ross
Robert A. Shlachter
Timothy S. DeJong
STOLL STOLL BERNE LOKTING & SHLACHTER, PC
209 SW Oak Street, Fifth Floor
Portland, OR 97204

    Attorneys for Defendants

HERNÁNDEZ, District Judge:

    Plaintiff Vesta Corporation brings this motion to compel Defendants Amdocs Management Limited and Amdocs, Inc. to respond to Plaintiff's Interrogatories 3 and 4. For the reasons that follow, the Court denies Plaintiff's motion as to Interrogatory 3 and grants Plaintiff's motion as to Interrogatory 4.

## STANDARDS

    Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or

2 – OPINION & ORDER

expense of the proposed discovery outweighs its likely benefit." It specifies that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

However, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

A party may serve an interrogatory on any other party which "relate[s] to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(1). "The grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4).

Federal Civil Procedure Rule 37(a)(3)(B)(iii) empowers a propounding party to "move for an order compelling an answer, designation, production, or inspection" if, among other things, "a party fails to answer an interrogatory submitted under Rule 33[.]" Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

## DISCUSSION

### I.     Interrogatory No. 3

Plaintiff's Interrogatory No. 3 requests that Defendants identify any occasion in the past in which they have been accused of misappropriating or misusing another party's confidential, proprietary, or trade secret information. Plaintiff requests the name of the person or entity

3 – OPINION & ORDER

making the accusation, a description of the type of information Defendants were accused of misappropriating or misusing, the dates of the accusation, and the manner in which the accusation was resolved. Plaintiff argues that such information is reasonably calculated to lead to the discovery of admissible evidence because prior occurrences of misappropriation could lead to discovery of facts in this case relating to Defendants' motives, its opportunities for trade secret misappropriation, and the absence of mistake. In addition, Plaintiff argues that prior occurrences of misappropriation could lead to the discovery of admissible evidence with respect to the policies and procedures by which Defendants avoid using confidential information that belongs to another.

Plaintiff's arguments are unavailing. Even assuming that Defendants misappropriated trade secrets or confidential information in other cases, such behavior is not relevant to the accusations in this case. Furthermore, Plaintiff's reliance on <u>Rapaport v. Robin S. Weingast & Associates, Inc.</u>, No. CIV.A. 11-02254 SRC, 2013 WL6022441, at *3 (D.N.J. Nov. 13, 2013) and <u>Marsh v. Cty. of San Diego</u>, No. CIV.05CV1568WQH(AJB), 2007 WL 1994058, at *1 (S.D. Cal. Apr. 13, 2007) is misplaced. In both of those cases, the propensity evidence sought was relevant to the plaintiff's allegations of a larger plan or conspiracy. Here, whether Defendants have been accused of misappropriating someone else's trade secrets has no bearing on this case and would not make any element of Plaintiff's claim more or less likely to be true. Accordingly, Plaintiff's Interrogatory 3 does not "relate to any matter that may be inquired into under Rule 26(b)." <u>See</u> Fed. R. Civ. P. 33(a)(1).

**II.     Interrogatory No. 4**

Plaintiff's Interrogatory No. 4 requests the names of the customers and potential customers to which Defendants have sold or tried to sell their competing payment solution

product, including an identification of the specific payment solutions offered or sold, and the name of the employees who have been the primary points of contact with each customer or potential customer. Plaintiff argues that this interrogatory is relevant because this case alleges that Plaintiff has suffered losses on various accounts, not just Metro-PCS. Defendants contend that Plaintiff's Interrogatory 4 is an improper attempt to expand the scope of this case to other customers. Plaintiff's Interrogatory No. 4 seeks relevant information and is proportional to the needs of the case.

## CONCLUSION

The Court grants in part and denies in part Plaintiff's Motion to Compel [187]. The Court denies Plaintiff's motion to compel a response to Interrogatory 3 and grants Plaintiff's motion to compel a response to Interrogatory 4.

IT IS SO ORDERED.

Dated this \_\_\_\_4\_\_\_\_day of \_\_\_\_April\_\_\_\_, 2016.

_____/s/ Marco Hernández_____
MARCO A. HERNÁNDEZ
United States District Judge