IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VESTA CORPORATION,

        Plaintiff,

  v.

AMDOCS MANAGEMENT LIMITED and AMDOCS, INC.,

        Defendants.

No. 3:14-cv-1142-HZ

OPINION & ORDER

Andrew Ong
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

Daniel T. Keese
Erick J. Haynie
Joanna T. Perini-Abbott
Julia E. Markley
Meredith Price
Stephen English
PERKINS COIE, LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209

1 – OPINION & ORDER

Scott D. Eads
SCHWABE, WILLIAMSON & WYATT
1211 SW 5th Ave., Suite 1600
Portland, OR 97204

    Attorneys for Plaintiff

Andrew G. Klevorn
Bruce G. Vanyo
Yonaton M. Rosenzweig
Christina Lucen Costley
KATTEN MUCHIN ROSENMAN, LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067

Meegan I. Maczek
Richard H. Zelichov
Kristin J. Achterhof
KATTEN MUCHIN ROSENMAN, LLP
525 West Monroe Street
Chicago, IL 60661

Joshua L. Ross
Robert A. Shlachter
Jennifer S. Wagner
Timothy S. DeJong
STOLL STOLL BERNE LOKTING & SHLACHTER, PC
209 SW Oak Street, Fifth Floor
Portland, OR 97204

    Attorneys for Defendants

HERNÁNDEZ, District Judge:

    Defendants move for reconsideration of this Court's June 16, 2016 Opinion & Order denying Defendants' motion to dismiss Plaintiff's Third Amended Complaint (TAC). Because Defendants' motion is premised upon arguments that could and should have been raised when litigating the underlying motion, Defendants' motion for reconsideration is denied.

///

2 – OPINION & ORDER

## BACKGROUND

The factual and procedural background of this case was set forth in this Court's prior opinion and, therefore, the Court does not repeat it here. See Vesta Corp. v. Amdocs Mgmt. Ltd., No. 3:14-CV-1142-HZ, 2016 WL 3436415 (D. Or. June 16, 2016). In that opinion, the Court denied Defendants' motion, which sought to dismiss or strike Plaintiff's allegations related to Sprint, T-Mobile, and Vodafone (the "new allegations") due to the inclusion of an arbitration provision in the parties' Memorandum of Understanding (MOU).[1] Id.

In moving to dismiss Plaintiff's TAC, Defendants argued that the Court's role was to determine (1) whether a valid arbitration agreement exists and (2) whether the agreement encompasses the dispute at issue. Defs.' Mot. Dismiss 10, ECF 236 (citing Nguyen v. Barnes & Noble Inc., 763 F. 3d 1171, 1175 (9th Cir. 2014)). Because Defendants believed that "[s]imply reading the MOU's arbitration provision in conjunction with the Third Amended Complaint makes it clear that [Plaintiff's] new claims are within its scope," Defendants urged the Court to dismiss Plaintiff's new allegations. Id. In other words, the Defendants asked this Court to (1) determine that the controversy was subject to arbitration and (2) send the matter to arbitration for a determination on its merits. Defendants portrayed the Court as having the authority to take the requested action.

In response, Plaintiff argued that Defendants waived the right to assert that Plaintiff's claims were subject to arbitration. Pl.'s Opp. 11, ECF 241. Plaintiff argued, alternatively, that the arbitration provision of the MOU did not apply to any portion of this case because Plaintiff's claims do not "arise under" and are not "in connection with" the MOU. Id. at 15. Defendants

---

[1] Defendants also sought to dismiss the TAC because it was unclear and failed to state a claim for relief. Defendants do not ask the Court to reconsider its decision to deny the motion to dismiss for those reasons.

3 – OPINION & ORDER

countered these two arguments—waiver and whether the claims were "in connection with" the MOU—in their reply brief. Defs.' Reply, ECF 250.

The Court weighed both sides' arguments and wrestled with the question presented by Defendants in their motion: Did a valid arbitration agreement exist and, if so, did it encompass the dispute at issue? The Court concluded that the arbitration provision in the MOU did not encompass this dispute. See Vesta, 2016 WL 3436415 at *8. The Court explained:

> Here, the parties' MOU established a commercial framework for how the parties would work together to pitch Plaintiff's services to potential clients. The parties did not, and could not, actually engage a client, however, without executing an Opportunity Registration Form. MOU § 3.2.1. The fact that the parties include an attachment which listed potential clients does not mean that every client listed in that attachment was automatically subject to the terms of the MOU.
>
> The dispute that has arisen between the parties as to Sprint and T-Mobile relates to conduct allegedly taken by Defendants that had nothing to do with this MOU. The parties never executed an Opportunity Registration Form regarding Sprint or T-Mobile. Fieldhouse Decl. ¶ 2, ECF 242. Plaintiff's allegation is that Defendants took actions to secure or attempt to secure Sprint and T-Mobile's business, not as a resale or referral in partnership with Plaintiff, but as a replacement of Plaintiff. Such conduct cannot be said to have any connection to the MOU, nor did it arise under the MOU. Accordingly, the dispute regarding Sprint and T-Mobile is not subject to the arbitration provision.
>
> As to Vodafone, it appears based on the parties' arguments that the parties may have executed an Opportunity Registration Form. However, as discussed at the beginning of this Opinion, the Court fails to see how the TAC can be construed to state an independent claim regarding Vodafone, such that there would be any dispute to refer to arbitration. Most importantly, nowhere does Plaintiff allege that it suffered any damages due to Defendants' behavior in relation to Vodafone.

Id. Because the Court found that the new allegations were not subject to the arbitration provision, there was no need to reach the waiver argument. Id. at *9.

## STANDARDS

A party may seek reconsideration of a ruling under Rule 60(b) of the Federal Rules of Civil Procedure. "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." Engleson v. Burlington N.R. Co., 972 F.2d 1038, 1044

4 – OPINION & ORDER

(9th Cir. 1994) (citation and quotation marks omitted). Under Rule 60(b), a court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). However, "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citing 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

## DISCUSSION

Defendants seek reconsideration of this Court's conclusion that Plaintiff's new allegations do not fall within the mandatory arbitration provision in the MOU. For the first time, Defendants contend that this Court does not have jurisdiction to decide whether this issue is arbitrable. In other words, Defendants argue that this Court did not have jurisdiction to decide the very questions posed to the Court by Defendants in their motion to dismiss. Alternatively, Defendants argue that the Court should reconsider its ruling based on several recently produced documents. Defendants ask the Court to vacate its order under Federal Rules of Civil Procedure 60(b)(1), (2), (4) and (6).

**I.   Defendants failed to raise the jurisdictional argument in their motion to dismiss.**

Defendants' motion for reconsideration fails because their jurisdictional argument could

5 – OPINION & ORDER

and should have been raised earlier. For the most part, Defendants concede as much,[2] although they argue that they "generally note[d]" in their previous briefs that decisions regarding arbitrability should be deferred to the arbitrator. Defs.' Mot. Recons. 3, ECF 257. Defendants cite to their Motion to Dismiss at page 4 (page 9 in ECF); however, the cited page does not contain any argument urging the Court to refer the issue of arbitrability to an arbitrator. See Defs.' Mot. Dismiss 9-10, ECF 236. The only portion of Defendants' brief that even remotely contends that the Court should refer the arbitrability question to an arbitrator is a quote from a Ninth Circuit case: "By its terms, the Act 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" Id. (citing Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F. 3d 1126, 1130 (9th Cir. 2000)). However, any possibility that Defendants intended for this quote to signal to the Court that it lacked jurisdiction to decide the scope of arbitrability is undermined two sentences later by Defendants' arguments:

> The FAA limits the district court's role to determining whether a valid arbitration agreement exists, and whether the agreement encompasses the disputes at issue." Nguyen v. Barnes & Noble Inc., 763 F.3d 1171, 1175 (9th Cir. 2014). Even before Nguyen, this Court recognized that its authority "is limited" to deciding: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." Riso, Inc. v. Witt Co., No. 03-13-CV-02064-HZ, 2014 WL 3371731, at * 5 (D. Or. July 9, 2014) (citation omitted). Thus, if the Court determines that there is a valid agreement to arbitrate **the dispute here,** the Court should dismiss Vesta's newly added claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Defs.' Mot. Dismiss 4-5, ECF 236 (emphasis added). Defendants clearly urge the Court to decide two questions—whether a valid agreement exists and whether it encompasses "the dispute here." At no point in this paragraph or elsewhere in their brief do Defendants argue that the question of

---

[2] Defendants "regret[] that [they] did not submit adequate briefing on [the issue of jurisdiction] initially and respectfully submit[] that this was the result of a justifiable mistake." Defs.' Mot. Recons. 3. Defendants do not explain why their failure to raise the threshold issue of jurisdiction was a "justifiable mistake" and the Court finds no independent reason why this omission was justifiable.

6 – OPINION & ORDER

whether the agreement encompasses the dispute in this case should be decided by the arbitrator. In case the Court had any doubt as to Defendants' view of the Court's role, Defendants reiterate in their Motion to Dismiss Reply Brief that the new allegations "are all clearly claims 'in connection with' the MOU" and, therefore, this Court should refer the claims to arbitration. Defs.' Reply to Mot. Dismiss 19, ECF 250. In sum, the Court's prior opinion answered the precise questions Defendants posed.

## II.    Defendants waived their right to have the arbitrator determine arbitrability.

Defendants may not use a motion for reconsideration to relitigate their motion to dismiss under a new theory that they previously failed to raise. See Shalit v. Coppe, 182 F.3d 1124, 1132 (9th Cir. 1999) (finding no abuse of discretion by district court in denying a motion for reconsideration when movant offered no reason for failure to provide the evidence when litigating the underlying motion); Rosenfeld v. U.S. Dep't of Justice, 57 F.3d 803, 811 (9th Cir. 1995) ("The district court did not abuse its discretion in declining to consider an argument raised for the first time on reconsideration without a good excuse."). Using a motion for reconsideration in this way is inefficient, unfair, and inappropriate.

Defendants argue that, notwithstanding their clear failure to raise the jurisdictional argument when litigating the motion to dismiss, this Court is obligated to grant the motion for reconsideration under Rule 60(b)(4) because the underlying decision is void for lack of subject matter jurisdiction. This argument fails because it is undisputed that a party may waive its right to arbitrate a dispute, unlike subject matter jurisdiction under Rule 12(b)(1), which cannot be waived.[3] Compare Van Ness Townhouses v. Mar Indus. Corp., 862 F.2d 754, 758 (9th Cir. 1988) (finding waiver of right to arbitration) and Antuna v. Am. W. Homes, Inc., 232 F. App'x 679 (9th

---

[3] The Court recognizes that courts are divided as to whether a court's authority to dismiss a case based on an arbitration clause stems from Rules 12(b)(1), (b)(3), or (b)(6). See, e.g., Cont'l Cas. Co. v. Am. Nat.

7 – OPINION & ORDER

Cir. 2007) (same) with <u>United States v. Cotton</u>, 535 U.S. 625, 630 (2002) (stating that a motion to dismiss under Rule 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived"). By asking this Court to determine whether "there is a valid agreement to arbitrate the dispute here," Defendants waived their right to send this case to an arbitrator for that determination.

### III.  Defendants' argument regarding recently produced documents is unavailing.

Defendants offer the Court an alternative theory for reconsidering its decision. According to Defendants, documents that were produced shortly after the Court ruled on Defendants' motion to dismiss establish that there are disputed factual issues for the arbitrator to decide, including "whether the parties actually executed an Opportunity Registration Form with respect to Sprint or T-Mobile and/or whether Vesta waived Section 3.2.1 by entering into or touting partnerships with Amdocs before executing the Opportunity Registration Forms." Defs.' Mot. 8-9, ECF 257. The Court has reviewed the documents and concludes that they do not provide a basis upon which to reconsider its decision.

///

///

---

Ins. Co., 417 F.3d 727, 732 (7th Cir. 2005) (recognizing disagreement among courts). Several courts in this district, including this Court, have granted motions to dismiss actions pursuant to Rule 12(b)(1). <u>See, e.g.</u>, <u>Riso, Inc. v. Witt Co.</u>, No. 03:13-CV-02064-HZ, 2014 WL 3371731, at *4 (D. Or. July 9, 2014). Upon further review of this issue, the Court concludes that it may be more appropriate to invoke Rule 12(b)(6). <u>See</u> <u>Chappel v. Lab. Corp. of Am.</u>, 232 F.3d 719, 725 (9th Cir. 2000) (upholding district court's use of Rule(b)(6) to dismiss plaintiff's claim because of a valid and enforceable arbitration clause) In this case, regardless of which Rule is invoked, the Court did not lack jurisdiction to decide the questions presented in Defendants' motion to dismiss because Defendants waived their right to have those questions decided by an arbitrator.

8 – OPINION & ORDER

**CONCLUSION**

The Court denies Defendants' Motion for Clarification and Reconsideration [257].

IT IS SO ORDERED.

Dated this \_\_\_31\_\_\_ day of \_\_\_August_____, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge

9 – OPINION & ORDER