**Robert A. Shlachter**, OSB No. 911718
Email: rshlachter@stollberne.com
**Joshua L. Ross**, OSB No. 034387
Email: jross@stollberne.com
STOLL STOLL BERNE LOKTING
& SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**Bruce G. Vanyo** (admitted *Pro Hac Vice*)
Email: bruce@kattenlaw.com
**Andrew G. Klevorn** (admitted *Pro Hac Vice*)
Email: andrew.klevorn@kattenlaw.com
**Richard H. Zelichov** (admitted *Pro Hac Vice*)
Email: richard.zelichov@kattenlaw.com
**Christina L. Costley** (admitted *Pro Hac Vice*)
Email: christina.costley@kattenlaw.com
**Yonaton M. Rosenzweig** (admitted *Pro Hac Vice*)
Email: yoni.rosenzweig@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4400
Facsimile: (310) 788-4471

**Attorneys for Defendants Amdocs Management Limited; Amdocs, Inc.,**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**VESTA CORPORATION,**

Plaintiff,

v.

**AMDOCS MANAGEMENT LIMITED; AMDOCS, INC.,**

Defendants.

Case No.: 3:14-cv-01142-HZ

**DEFENDANTS' MOTION TO STAY THE PROCEEDINGS AS TO THE NON-METROPCS ALLEGATIONS PENDING APPEAL, OR FOR A PROTECTIVE ORDER STAYING DISCOVERY**

**NOTICE OF MOTION AND MOTION**

Defendants Amdocs Management Limited and Amdocs, Inc. ("Amdocs") respectfully moves this Court pursuant to Federal Rule of Appellate Procedure 8(a)(1) to stay this action as to the allegations regarding Sprint, T-Mobile, and Vodafone (the "non-Metro PCS Allegations")[1] pending the resolution of Amdocs's appeal of the Court's June 16, 2016 and August 31, 2016 Orders. In the alternative, Amdocs respectfully requests that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) prohibiting Vesta from seeking discovery that exceeds the parameters to which the parties previously agreed.

Pursuant to Local Rule 7-1(a), counsel for Amdocs certifies that they conferred telephonically with counsel for Plaintiff Vesta Corporation regarding the substance of this motion on June 26, 2016 and September 13, 2016 and via email on September 12, 2016. The parties made a good-faith effort to resolve the issues raised in this motion but were unable to do so.

[1] All discovery arising out of the allegations set forth in ¶¶ 57-63 of the Third Amended Complaint ("TAC"), and out of ¶¶ 21, 75, 82, 92, 102, and 104 of the TAC insofar as they relate to mobile network operators other than MetroPCS.

## I. INTRODUCTION

Amdocs respectfully asks this Court for a stay of all proceedings arising out of the non-MetroPCS Allegations to allow the U.S. Court of Appeals for the Ninth Circuit time to decide Amdocs's pending appeal of the Court's June 16, 2016 order denying Amdocs's Rule 12(b)(1) Motion (the "12(b)(1) Order") and August 31, 2016 order denying Amdocs's Motion for Reconsideration (the "Reconsideration Order").[2] Briefing on the appeal is scheduled to be completed by December 19, 2016 and Amdocs will ask the Ninth Circuit to expedite the appeal if a stay is granted in order to avoid any delay of the trial in this action.

When considering whether to grant a stay, courts weigh four factors, at least three of which favor a stay here. The first factor, whether there is a "substantial case for relief on the merits," favors a stay because a "substantial legal issue" involving a conflict of law exists. As the Court recognized in the Reconsideration Order, waiver of the right to compel arbitration implicates two contradictory legal principles. On one hand, "a party may waive its right to arbitrate a dispute." (Recons. Order, Dkt. No. 268, at 7-8 & n.3.) On the other hand, however, many courts, including this one, have decided motions to compel arbitration "under Rule 12(b)(1) [lack of subject matter jurisdiction], which cannot be waived." (*Id.* at 7 & n.3); *see also* 9 U.S.C. § 4 (recognizing that a "written agreement for arbitration" divests the district court of "jurisdiction under Title 28"). Resolution of these seemingly conflicting principles presents a "substantial legal question," which weighs in favor of a stay.

Two of the other four factors considered by the Court – harm to defendants from denying a stay and public policy in favor of a stay – presumptively favor a stay because the underlying appeal relates to a denial of a motion to compel arbitration. The only remaining factor, harm to the opposing party from granting a stay, is at most neutral because Vesta has no legitimate interest in litigating issues that may be severed from this case before trial. Therefore, Amdocs

---

[2] Amdocs filed a Notice of Appeal of the June 16, 2016 Order on July 18, 2016. (Notice of Appeal, Dkt. No. 261.) On September 7, 2016, Amdocs filed an amended notice also encompassing the Reconsideration Order. (Amended Notice of Appeal, Dkt. No. 272.)

respectfully asks the Court to stay all proceedings as to the non-MetroPCS Allegations pending resolution of Amdocs's appeal.

In the alternative, Amdocs asks the Court to issue a protective order limiting discovery to the scope previously agreed by the parties. Amdocs and Vesta initially agreed discovery would be limited to seven custodians per side and that the relevant dates for Amdocs's production would be June 1, 2009 to January 31, 2014. Vesta was actively pursuing discovery regarding Sprint and T-Mobile, and presumably took those allegations into account, when making the agreement. Consistent with this, in its briefing on its Motion for Leave to File a Third Amended Complaint (the "Motion for Leave"), Vesta represented that the new allegations would only require Amdocs to produce documents responsive to "certain search terms" (which Amdocs has since done) and potentially conduct "additional targeted pulls of documents" (which Vesta has not requested). (Pl's Reply ISO Mot. for Leave, Dkt. No. 202, at 10.) On September 1, 2016, just one day before the close of fact discovery, Vesta sent a letter retracting its prior agreement and demanding that Amdocs expand the relevant time period for discovery and produce documents from additional custodians. Amdocs responded by offering to provide the discovery identified in Vesta's Motion for Leave briefing if Vesta would honor the parties' prior agreement regarding time period and custodians. Vesta refused. Permitting Vesta to expand the scope of discovery *after* fact discovery has closed, when Amdocs has already produced documents responsive to Vesta's proposed Sprint and T-Mobile search terms, would be burdensome in any context, but is especially so in view of the other issues raised in this Motion.

## II. THE NON-METROPCS ALLEGATIONS SHOULD BE STAYED PENDING APPEAL

When deciding whether to grant a stay of proceedings pending appeal from a denial of a motion to compel arbitration, courts in the Ninth Circuit consider four factors: (1) whether a "substantial case for relief on the merits" (including a "substantial" or "serious" legal issue) exists; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) whether

the public interest favors a stay. *See, e.g.*, *Lair v. Bullock*, 697 F.3d 1200, 1203-04 (9th Cir. 2012) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011)). As discussed below, at least three of these factors favor a stay here.

### A. Amdocs Has Established A Substantial Case for Relief On The Merits

#### 1. Amdocs's Appeal Raises Serious Legal Questions

"In order to satisfy the first factor" for a stay pending appeal, a party must only establish that "its appeal raises serious legal questions, even if the moving party has only a minimal chance of prevailing on these questions." *Mohammed v. Uber Techs.*, 115 F. Supp. 3d 1024, 1028-29 (N.D. Cal. 2015) (granting stay pending appeal of denial of motion to compel arbitration); *see also Eberle v. Smith*, No. 07-CV-0120 (W) (WMC), 2008 WL 238450, at *2 (S.D. Cal. Jan. 29, 2008). A "serious legal question" exists when the District Court has ruled on a difficult legal question such as a matter involving a split of legal authority or a novel legal issue. *Mohammed*, 115 F. Supp. 3d at 1029; *see also Ward v. Estate of Goossen*, No. 14-cv-03510 (TEH), 2014 WL 7273911, at *3 (N.D. Cal. Dec. 22, 2014).

This factor favors a stay here. Amdocs's appeal raises the question of whether a valid (*i.e.*, unwaived) arbitration agreement divests the Court of subject matter jurisdiction to decide matters within the scope of the agreement. As the Court recognized when deciding the Reconsideration Motion, two seemingly contradictory legal principles inform this issue. On one hand, "a party may waive its right to arbitrate a dispute." (Recons. Order, Dkt. No. 268, at 7.) On the other hand, however, several courts in this district, including this Court, "have granted motions to dismiss actions [based on an arbitration clause] pursuant to Rule 12(b)(1)" and "subject matter jurisdiction under Rule 12(b)(1) . . . cannot be waived." (*Id.* 7-8, n.3); *see also* 9 U.S.C. § 4 (a "written agreement for arbitration" divests the district court of "jurisdiction under Title 28"). The Court's recognition of these conflicting principles, as well as the seeming absence of any authority from the Ninth Circuit reconciling them, is sufficient to satisfy the "serious legal question" standard.

### 2. Amdocs Has A "Substantial Likelihood Of Success"

Amdocs's appeal also satisfies the alternate "substantial likelihood of success" standard. This "standard does not require the [moving party] to show that it is more likely than not that [it] will win on the merits." *Lair*, 697 F.3d at 1203-04. Instead, it requires only a "strong showing that success on the merits is likely." *Id.* Amdocs meets that standard here.

First, even putting aside the issues raised in Amdocs's Reconsideration Motion, the Ninth Circuit will likely find that the MOU extends to the Sprint and T-Mobile allegations because they "arise out" of Amdocs's alleged use of information obtained during the joint projects for MetroPCS and Vodafone, which the MOU undisputedly covers. (*See* Reply ISO Recons. Mot., Dkt. No. 263, at 7; Reply ISO Rule 12(b)(1) Mot., Dkt. No. 250, at 9; *see also* Fieldhouse Decl., Dkt. No. 242, ¶ 2; 12(b)(1) Order, Dkt. No. 255, at 15-17.)

Second, the Ninth Circuit likely will agree with this Court's prior holding that contractual waiver is a question "to be decided by the arbitrator, rather than the court." *Berger v. DIRECTV, Inc.*, No. 3:14-CV-01661 (PK) (HZ), 2015 WL 5686894, at *6 (D. Or. Sept. 22, 2015) (Hernández, J., adopting Magistrate Judge's Findings and Recommendation). As the Ninth Circuit has explained, although a district court ordinarily has "jurisdiction to determine [its] own jurisdiction," *e.g.*, *Special Inv., Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004), "incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability," including questions of contract validity, *see, e.g.*, *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015).

Finally, the Ninth Circuit will also likely find that the right to compel arbitration cannot be waived absent a finding that the contractual basis for the right itself has been waived. (*Cf.* Recons. Order at 7-8 (citing *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 758 (9th Cir. 1988) ("[W]aiver of the right to arbitration is disfavored because it is a contractual right.");[3]

[3] *Van Ness* requires the party asserting waiver to meet a "heavy burden" of establishing "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." 862 F.2d at 758). Amdocs's litigation of the Rule 12(b)(1) Motion does not satisfy the *Van Ness*

*Antuna v. Am. W. Homes, Inc.*, 232 F. App'x 679 (9th Cir. 2007) (not precedential) (one page opinion citing *Van Ness*)).) This is because a "valid" arbitration agreement (*i.e.*, one that has not been waived as a matter of contract) "divests the District Court of jurisdiction," and jurisdictional defenses cannot be waived. *Simon v. Pfizer Inc.*, 398 F.3d 765, 773 (6th Cir. 2005); *see also* 9 U.S.C. § 4 (a "written agreement for arbitration" divests the court of "jurisdiction under Title 28"); *Gilbert v. Donahoe*, 751 F.3d 303, 306 (5th Cir. 2014) ("[A] district court lacks subject matter jurisdiction over a case and should dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(1) when the parties' dispute is subject to binding arbitration."). Since this Court did not find that Vesta had met its "heavy burden" of establishing the three factors necessary to establish contractual waiver (*see generally* Recons. Order; Dkt. No. 268; Rule 12(b)(1) Order, Dkt. No. 255, at 17), Amdocs has made an adequate showing that success on the merits is likely.

**B. Amdocs Will Be Irreparably Harmed If A Stay Is Not Granted**

Irreparable harm is presumed when the underlying appeal involves a motion to compel arbitration because "the right to arbitrate [is] devalued, if not rendered meaningless, if litigation proceed[s]" while appellate review is pending. *Cherny v. AT&T, Inc.*, No. CV 09-3625-GW AGRX, 2010 WL 2572929, at *1 (C.D. Cal. Feb. 8, 2010); *see also Roe v. SFBSC Mgmt., LLC*, No. 14-CV-03616-LB, 2015 WL 1798926, at *3 (N.D. Cal. Apr. 17, 2015) (recognizing that allowing litigation to proceed "would undermine or wholly defeat exactly the right (to an arbitral forum) that [the moving party] seeks to vindicate before the Ninth Circuit").

Courts have recognized that appeal of an arbitration denial presents "a unique situation" in which "monetary expenses incurred in litigation" constitute irreparable harm. *Sample v. Brookdale Senior Living Cmtys., Inc.*, No. C11-5844 (RJB), 2012 WL 195175, at *2 (W.D. Wash. Jan. 23, 2012); *Pliska v. Rent-A-Center W., Inc.*, No. CV 05-1155 (AS), 2006 WL 1030177, at *1 (D. Or. Mar. 31, 2006).

---

factors because (among other reasons) asking the Court to send the case to arbitration is not "inconsistent with" the right to arbitrate and Amdocs' prompt filing of the Reconsideration Motion prevented any prejudice to Vesta.

There is no question that proceeding with the discovery Vesta has requested will cause such harm here. On September 1, 2016 – just one day after the Court issued the Reconsideration Order and one day prior to the fact discovery deadline imposed by the Court – Vesta sent Amdocs a letter in which it demanded that the parties' eDiscovery agreement (which has been in place for more than six months) be expanded to include additional custodians and a longer relevant time period.[4] Vesta argues that the Sprint and T-Mobile allegations justify this expansion, but by Vesta's own admission, the existing eDiscovery agreement already encompasses these allegations. (*See, e.g.*, Pl's Mot. for Leave, Dkt. No. 171, at 5-8, 11.) Vesta's request also far exceeds what Vesta represented it would need when it sought leave to add the Sprint and T-Mobile allegations. (*See* Pl's Reply ISO Mot. for Leave, Dkt. No. 202, at 10.) In addition, Vesta has requested additional depositions, including third party depositions, regarding Sprint and T-Mobile. All of this far exceeds not only Vesta's prior agreements in this case but also the scope of what Vesta would be permitted in arbitration, and as such, constitutes irreparable harm. *See Karimy v. Associated Gen. Contractors of Am. – San Diego Chapter, Inc., Apprenticeship & Training Trust Fund*, No. CIV 08-CV-297-L CAB, 2009 WL 3698397, at *3 (S.D. Cal. Nov. 5, 2009); AAA Commercial Arbitration Rule L-3 (providing for depositions only in "exceptional cases").

Moreover, Amdocs will be irreparably harmed if it is forced to "undergo the expense and delay of a trial" while its appeal is pending. *See Sample*, 2012 WL 195175 at *2 (finding irreparable harm because, if a party is forced to proceed with trial, "the advantages of arbitration – speed and economy – are lost forever") (citing *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984)); *Ontiveros v. Zamora*, No. CIV. S-08-567 LKK, 2013 WL 1785891, at *5 (E.D. Cal. Apr. 25, 2013) ("At this stage of the litigation, for defendant to be forced to proceed to trial, only to afterwards be allowed to arbitrate the dispute, would constitute a hollow

---

[4] Because all discovery (except depositions) related to MetroPCS has concluded, any further document productions in this case – and any expense and delay arising out of them – will relate solely to Sprint and T-Mobile. (*See* Joint Mot. to Extend Case Schedule, Dkt. No. 266.)

victory indeed.”).

### C. Vesta Will Not Be Substantially Injured By The Stay

The Ninth Circuit gives substantially less weight to the possibility of injury to the other party than it does to the first two factors. *See Leiva-Perez*, 640 F.3d at 964 (“The first two factors . . . are the most critical”); *see also Eberle*, 2008 WL 238450 at *3 (“When a defendant appeals an order refusing to compel arbitration, the general disadvantage to plaintiff caused by delay of proceedings is usually outweighed by the potential injury to defendant from proceeding in district court during pendency of appeal.”).

Here, Amdocs seeks only a narrowly tailored stay related to Vesta’s allegations regarding Sprint, T-Mobile, and Vodafone, which Vesta added six months ago. The only potential harm to Vesta would be a short delay with respect to the non-MetroPCS Allegations while Amdocs pursues an expedited appeal. As a practical matter, such a stay will likely have little effect on Vesta other than preventing it from pursuing the expanded discovery sought in its September 1 letter because Amdocs has already produced documents responsive to Vesta’s Sprint and T-Mobile search terms.[5]

Moreover, courts generally limit this factor to “undue loss or destruction of evidence stemming from a delay.” *Ontiveros*, 2013 WL 1785891 at *5. Here, there is no risk of destruction of evidence from such a delay, since all relevant parties are aware of their ongoing obligations to preserve evidence in connection with this litigation and Amdocs has already produced documents responsive to Vesta’s previously proposed search terms for Sprint and T-Mobile. *See Pokorny v. Quixtar Inc.*, No. 07-00201 SC, 2008 WL 1787111, at *2 (N.D. Cal.

[5] The Ninth Circuit’s briefing schedule calls for briefing to be complete by December 9, 2016. *Vesta Corp. v. Amdocs Mgmt. Ltd.*, No. 16-35579, Dkt. No. 1-1 (9th Cir. filed July 19, 2016); *see Ward*, 2014 WL 7273911 at *5 (“[E]ven if the Court assumes the truth of Plaintiff's unproven allegations, any prejudice resulting from a delay in the proceedings will be minimal given the Ninth Circuit’s briefing schedule in this case, which provides for the appeal to be fully briefed within the next few months.”); *Murphy v. DirecTV, Inc.*, No. 2:07-cv-06465-FMC-VBKx, 2008 WL 8608808, at *3 n.2 (C.D. Cal. July 1, 2008) (“Nor does the Court contemplate that the delay in this case will be excessive, as the Ninth Circuit has already issued a briefing schedule under which all briefing will be completed by the end of the year.”).

Apr. 17, 2008) ("Defendants previously agreed to preserve all evidence, so a stay pending appeal will not prejudice Plaintiffs' ability to conduct discovery and prosecute the action should it go forward after the appeal."). Thus, any minimal injury to Vesta is outweighed by the irreparable injury to Amdocs if the stay is not granted.

### D. A Stay Is In The Public Interest

The public interest strongly favors a stay where the issue on appeal involves the enforcement of an agreement to arbitrate. *See Zaborowski v. MHN Gov't Servs., Inc.*, No. C 12-05109 SI, 2013 WL 1832638, at *3 (N.D. Cal. May 1, 2013) ("The policy underlying the FAA is to promote judicial efficiency and economy. Thus, contrary to public policy, judicial resources will be wasted if this case proceeds all the way to trial, only for the Court to later discover that the case should have proceeded through arbitration."); *Sample*, 2012 WL 195175 at *2 ("Policies underlying arbitration law stress the importance of judicial efficiency and economy. Disputes about whether or not parties must submit to arbitration take place against a backdrop of policies encouraging arbitration and the preservation and integrity of judicial resources."). Here, the Court's limited judicial resources will be wasted if the non-MetroPCS Allegations are litigated "only to learn at a later date from the court of appeals that [this Court] was not the proper forum to hear [these matters]." *Winig v. Cingular Wireless LLC*, No. C-06-4297 MMC, 2006 WL 3201047, at *3 (N.D. Cal. Nov. 6, 2006). Therefore, the strong public policy in favor of arbitration also supports staying these aspects of the litigation pending the resolution of the appeals.

## III. THE COURT SHOULD ISSUE A PROTECTIVE ORDER

In the alternative, Amdocs respectfully asks the Court to issue a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) prohibiting Vesta from seeking discovery that exceeds the scope of the parties' prior eDiscovery agreement. This Court has discretion to enter a protective order limiting the scope of discovery where the requesting party demonstrates "good cause," or the "specific prejudice or harm [that] will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002).

Rule 26(c) "authorizes the district court to issue any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." *Id*. at 1211.

Good cause exists for this Court to prohibit Vesta's eleventh hour request to deviate from the parties' long-standing eDiscovery agreement. As this Court may recall, when Vesta sought leave to file a Third Amended Complaint adding allegations regarding Sprint and T-Mobile, it repeatedly represented that the parties' existing eDiscovery agreements included Sprint and T-Mobile. (*See, e.g.*, Pl's Mot. for Leave, Dkt. No. 171, at 5-8 (listing references to Sprint and T-Mobile in written discovery and asserting that Amdocs was aware that the case included Sprint and T-Mobile "more than two months before the parties entered into the Stipulation Regarding Data Preservation and Production and began discussing custodians and search terms for document production"), 11 (arguing that, at the latest, Amdocs learned that Vesta's claims included Sprint and T-Mobile since "a mere three months into discovery").) Consistent with this, Vesta argued that adding the Sprint and T-Mobile allegations would only require Amdocs to "add certain search terms to their review procedures" and perhaps "do additional targeted pulls of documents." (Pl's Reply ISO Mot. for Leave, Dkt. No. 202, at 10.) At no point did Vesta state that adding Sprint and T-Mobile would require the parties to expand the previously negotiated custodian list or the relevant date range. To the contrary, Vesta waited nearly eight months, until the day before fact discovery was set to close, to make this request.

In an attempt to resolve this dispute without judicial intervention, when the parties met and conferred regarding this Motion, Amdocs offered to do exactly what Vesta requested in its Motion for Leave to Amend: produce documents from the existing custodians responsive to Vesta's Sprint and T-Mobile search terms and do additional targeted pulls of documents. Vesta flatly refused that offer.[6] Notwithstanding this, on September 13, Amdocs produced documents

[6] In exchange, Amdocs asked that Vesta abandon the requests for additional custodians and a longer relevant time period, agree to stay the remainder of the case, and join Amdocs in requesting expedited review by the Ninth Circuit. Vesta did not address the non-discovery components of Amdocs's offer, but instead refused it on the grounds that the discovery that Vesta stated it would need in its Motion for Leave to Amend was not sufficient.

responsive to Vesta's Sprint and T-Mobile search terms and it remains willing to conduct additional targeted document pulls. Anything further, however, would be unduly burdensome, especially given the current status of this case and Vesta's extensive delay in seeking to modify the parties' long-standing eDiscovery agreement. Therefore, the Court should issue a protective order both to protect Amdocs from this undue burden and to prevent the irreparable harm that Amdocs will suffer if forced to engage in extensive discovery regarding a matter that the parties had previously agreed to handle in arbitration.

## IV. CONCLUSION

For all of the foregoing reasons, Amdocs respectfully moves the Court to stay the proceedings as to the non-MetroPCS Allegations pending resolution of the appeal, or in the alternative, issue a protective order staying discovery as to these allegations pending resolution of the appeal.

DATED: September 14, 2016

STOLL STOLL BERNE LOKTING &
SHLACHTER P.C.

KATTEN MUCHIN ROSENMAN LLP

By: /s/ *Christina L. Costley*
CHRISTINA L. COSTLEY (*Pro Hac Vice*)
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4400
Facsimile: (310) 788-4471
christina.costley@kattenlaw.com

*Attorneys for Defendants*