**Robert A. Shlachter**, OSB No. 911718
Email: rshlachter@stollberne.com
**Joshua L. Ross**, OSB No. 034387
Email: jross@stollberne.com
STOLL STOLL BERNE LOKTING
& SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**Bruce G. Vanyo** (admitted *Pro Hac Vice*)
Email: bruce@kattenlaw.com
**Andrew G. Klevorn** (admitted *Pro Hac Vice*)
Email: andrew.klevorn@kattenlaw.com
**Richard H. Zelichov** (admitted *Pro Hac Vice*)
Email: richard.zelichov@kattenlaw.com
**Christina L. Costley** (admitted *Pro Hac Vice*)
Email: christina.costley@kattenlaw.com
**Yonaton M. Rosenzweig** (admitted *Pro Hac Vice*)
Email: yoni.rosenzweig@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4400
Facsimile: (310) 788-4471

**Attorneys for Defendants Amdocs Management Limited; Amdocs, Inc.,**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **VESTA CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**AMDOCS MANAGEMENT LIMITED; AMDOCS, INC.,**<br><br>Defendants. | Case No.: 3:14-cv-01142-HZ<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO AMDOCS'S MOTION FOR STAY** |

Amdocs does not oppose Vesta's Motion for Extension of Time to Respond to Amdocs's Motion for Stay (the "Extension Request") provided that Amdocs is not required to produce further discovery regarding Sprint and T-Mobile[1] while its Motion for a Stay or for a Protective Order (Docket No. 277) (the "Stay Motion") is pending. Pursuant to Federal Rule of Civil Procedure 37(d)(2), a "pending motion for a protective order excuse[s]" the moving party from participating in discovery encompassed by the motion. *See telSPACE, LLC v. Coast to Coast Cellular, Inc.*., No. 2:13-cv-01477, 2015 WL 11236283, at *5 (W.D. Wash. Mar. 13, 2015); *cf. Obsidian Fin. Grp., LLC v. Cox*, No. CV-11-57, 2012 WL 243276, at *2, 5 (D. Or. Jan. 23, 2012) (Hernández, J.) (imposing sanctions for failure to engage in discovery in part because the party did not have "a motion for protective order under Rule 26(c) pending at the time"). Rule 37(d)(2), like "all of the Federal Rules of Civil Procedure, should be liberally construed." (*See* Extension Request at 1.) Consequently, because Amdocs's Stay Motion includes a request for a protective order, further Sprint and T-Mobile discovery should be halted until the Court decides Amdocs's Motion.

If Amdocs is required to proceed with further Sprint and T-Mobile discovery pending resolution of its Stay Motion, however, then Amdocs respectfully asks the Court to reject Vesta's Extension Request. Vesta's position – that it should be given additional time to oppose Amdocs's Stay Motion while Amdocs is required to continue collecting and reviewing documents regarding Sprint and T-Mobile – seeks to prolong the exact irreparable harm and prejudice to Amdocs's arbitration rights that Amdocs brought its Stay Motion to prevent. (*See* Stay Motion at 5 (citing *Sample v. Brookdale Senior Living Cmtys., Inc.*, No. C11-5844 (RJB), 2012 WL 195175, at *2 (W.D. Wash. Jan. 23, 2012) (proceeding with discovery pending

[1] Amdocs has already produced Sprint and T-Mobile documents from the previously negotiated custodians, has provided the Sprint contracts requested by Vesta during the September 15, 2016 conference, has met and conferred with Vesta about additional document custodians for Sprint and T-Mobile, and has agreed to allow questioning regarding Sprint and T-Mobile during the previously-scheduled depositions. Amdocs has no objection to continuing to meet and confer with Vesta, and continuing to allow deposition questioning regarding Sprint and T-Mobile, while the Stay Motion is pending.

appellate review of an underlying denial of arbitration is a "unique situation" in which "monetary expenses incurred in litigation" constitute irreparable harm); *Pliska v. Rent-A-Center W., Inc.*, No. CV 05-1155 (AS), 2006 WL 1030177, at *1 (D. Or. Mar. 31, 2006) ("If [defendant] is required to litigate plaintiff's . . . claims in this court, and its appeal [of an order refusing to compel arbitration] is subsequently successful, [defendant] will have lost the benefit it was intended to have under the Arbitration Agreement."); *Cherny v. AT&T, Inc.*, No. CV 09-3625-GW AGRX, 2010 WL 2572929, at *1 (C.D. Cal. Feb. 8, 2010) (finding irreparable harm because "the right to arbitrate [is] devalued, if not rendered meaningless, if litigation proceed[s]" while appellate review is pending)).)

Vesta's contention that Amdocs will not be prejudiced by an extended briefing schedule because it delayed bringing its Stay Motion "for three months," (Extension Request at 3), is not only false, but also irrelevant. Amdocs filed its Stay Motion on September 14, 2016, just **two weeks** after the Court issued its August 31, 2016 Order. (*See* Stay Motion at i (seeking a stay of proceedings "pending the resolution of Amdocs's appeal of the Court's June 16, 2016 and August 31, 2016 Orders").) Vesta, by contrast, now argues that **three weeks** is not sufficient for it to file an opposition. Given the irreparable harm that Amdocs will suffer – and which is presumed under the case law (*see id.* at 5-6) – if Amdocs is forced to proceed with discovery while its appeal is pending, Amdocs respectfully submits that Vesta's request for a full **four weeks** to file its opposition should be denied.

For all of the foregoing reasons, Amdocs respectfully requests that the Court stay further discovery regarding Sprint and T-Mobile pending resolution of Amdocs's Stay Motion, or deny Vesta's Extension Request.

DATED: September 25, 2016

STOLL STOLL BERNE LOKTING &
SHLACHTER P.C.

KATTEN MUCHIN ROSENMAN LLP

By: /s/ *Christina L. Costley*

CHRISTINA L. COSTLEY (*Pro Hac Vice*)
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4400
Facsimile: (310) 788-4471
christina.costley@kattenlaw.com

*Attorneys for Defendants*