**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Erick J. Haynie**, OSB No. 982482
EHaynie@perkinscoie.com
**Julia E. Markley**, OSB No. 000791
JMarkley@perkinscoie.com
**Joanna T. Perini-Abbott**, OSB No. 141394
JPeriniAbbott@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000

**Karen B. Bloom** (*Admitted Pro Hac Vice)*
KBloom@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206-359-8000
Attorneys for Plaintiff

Attorneys for Plaintiff Vesta Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| VESTA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>AMDOCS MANAGEMENT LIMITED; AMDOCS, INC.,<br><br>Defendants. | No. 3:14-cv-01142-HZ<br><br>**VESTA'S OPPOSITION TO AMDOCS'S MOTION TO STAY** |



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**TABLE OF CONTENTS**


I. INTRODUCTION ........................................ 1

II. ARGUMENT ........................................ 2

A. Amdocs Is Not Entitled to a Stay of the Case Related to Vesta's Sprint and T-Mobile Allegations. ........................................ 2

1. Amdocs Has Failed to Show a Likelihood of Success on the Merits. ........................................ 2

2. Amdocs Has Failed to Show That It Will Suffer Irreparable Harm Absent a Stay. ........................................ 8

3. Vesta Would Be Substantially Injured By a Stay. ........................................ 12

4. The Public Interest Favors Denying Amdocs's Motion for a Stay. .......... 13

B. Amdocs's Alternative Motion for a Protective Order Should Be Denied. .......... 13

III. CONCLUSION ........................................ 17




**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

## TABLE OF AUTHORITIES

### Cases

*Alascom, Inc. v. ITT N. Elec. Co.*,
727 F.2d 1419 (9th Cir. 1984) ........ 12

*Antuna v. Am. W. Homes, Inc.*,
232 F. App'x 679 (9th Cir. 2007) ........ 5

*Bradberry v. T–Mobile USA, Inc.*,
No. C 06-6567, 2007 WL 2221076 (N.D. Cal. Aug. 2, 2007) ........ 12, 15, 16

*Castaneda v. United States*,
No. CV 07-07241, 2008 WL 9449576 (C.D. Cal. May 20, 2008) ........ 12

*Cherny v. AT&T, Inc.*,
No. CV 09-3625, 2010 WL 2572929 (C.D. Cal. Feb. 8, 2010) ........ 10, 13

*DKS Inc. v. Corp. Bus. Sols., Inc.*,
No. 2:15-cv-00132, 2015 WL 6951281 (E.D. Cal. Nov. 9, 2015) ........ 4

*Fisher v. A.G. Becker Paribas Inc.*,
791 F.2d 691 (9th Cir. 1986) ........ 5

*Ford v. Yasuda*,
No. 5:13-cv-01961, 2015 WL 3650216 (C.D. Cal. Apr. 29, 2015) ........ 5

*Guifu Li v. A Perfect Franchise, Inc.*,
No. 5:10-cv-01189, 2011 WL 2293221 (N.D. Cal. June 8, 2011) ........ 8, 11, 14

*Hilton v. Braunskill*,
481 U.S. 770 (1987) ........ 2

*Jimenez v. Menzies Aviation, Inc.*,
No. 15-cv-02392, 2015 WL 5591722 (N.D. Cal. Sept. 23, 2015) ........ 11

*Karimy v. Associated Gen. Contractors of Am*,
No. 08-CV-297-L CAB, 2009 WL 3698397 (S.D. Cal. Nov. 5, 2009) ........ 13

*Lair v. Bullock*,
697 F.3d 1200 (9th Cir. 2012) ........ 3

*Leiva-Perez v. Holder*,
640 F.3d 962 (9th Cir. 2011) ........ 3, 10

*McArdle v. AT & T Mobility LLC*,
No. C 09-1117, 2010 WL 2867305 (N.D. Cal. July 20, 2010) ........ 8

*Mohamed v. Uber Techns.*,
115 F. Supp. 3d 1024 (N.D. Cal. 2015) ........ passim



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

*Morse v. Servicemaster Glob. Holdings, Inc.*,
No. C 10-00628, 2013 WL 123610 (N.D. Cal. Jan. 8, 2013) ................................ 8, 11, 14

*Mount Graham Coal. v. Thomas*,
89 F.3d 554 (9th Cir. 1996) ........................................................................................ 15

*Nelson v. NASA*,
568 F.3d 1028 (9th Cir. 2009) ........................................................................................ 8

*Nken v. Holder*,
556 U.S. 418 (2009)........................................................................................ 2, 4, 10, 15

*Ontiveros v. Zamora*,
No. S-08-567, 2013 WL 1785891 (E.D. Cal. Apr. 25, 2013).................................... 12, 13

*Phelps v. Alameida*,
569 F.3d 1120 (9th Cir. 2009) ........................................................................................ 5

*Pokorny v. Quixtar Inc.*,
No. 07-00201, 2008 WL 1787111 (N.D. Cal. Apr. 17, 2008)........................................... 8

*Portland Gen. Elec. Co. v. Liberty Mut. Ins. Co.*,
No. 3:16-cv-00495-HZ (D. Or. Oct. 5, 2016).................................................................. 11

*R & L Ltd. Invs. Inc. v. Cabot Inv. Props., LLC*,
No. CV 09-1525, 2010 WL 3789401 (D. Ariz. Sept. 21, 2010)...................................... 14

*Roe v. SFBSC Mgmt., LLC*, No. 14-cv-03616,
2015 WL 1798926 (N.D. Cal. Apr. 17, 2015) .......................................................... 10, 13

*Rosenfeld v. U.S. Dep't of Justice*,
57 F.3d 803 (9th Cir. 1995) ........................................................................................ 6

*Sample v. Brookdale Senior Living Cmtys., Inc.*,
No. C 11-5844, 2012 WL 195175 (W.D. Wash. Jan 23, 2012)....................................... 12

*Van Ness Townhouses v. Mar Indus. Corp.*,
862 F.2d 754 (9th Cir. 1988) ........................................................................................ 5, 9

*Vesta Corp. v. Amdocs Mgmt. Ltd.*,
No. 16-35579 (9th Cir. filed July 16, 2016) ..................................................................... 3

*Walmer v. United States DOD*,
52 F.3d 851 (10th Cir. 1995) ........................................................................................ 7



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

## I. INTRODUCTION

Having failed three times at keeping Vesta's non-MetroPCS allegations from this Court (once in its unsuccessful opposition to Vesta's Motion for Leave to Amend, once in its unsuccessful Motion to Dismiss, and once in its unsuccessful Motion for Reconsideration), Amdocs now asks this Court to stay the proceedings regarding those allegations while Amdocs tries its luck on appeal. Relying on the same arguments that failed to persuade this Court the last two times (Amdocs failed to raise these arguments at all when opposing Vesta's Motion for Leave to Amend), Amdocs argues that it has made a "strong showing that success on the merits is likely." *See* Amdocs's Motion to Stay ("Brief") at 4. It has not. Nor has Amdocs made the other showings required to justify a stay—that it will be irreparably harmed by complying with its longstanding and overdue discovery obligations, and that neither Vesta nor the public interest will be harmed by continued delay in this case. Amdocs's motion for a stay should be denied.

Amdocs asks, in the alternative, for a stay by another name in the form of a protective order preventing Vesta from conducting further discovery on the non-MetroPCS allegations. Amdocs argues that this extraordinary remedy is justified because Vesta waited too long to request that Amdocs search for documents from the correct custodians and time period. But while Amdocs knew all along that it had failed to search for and produce the most relevant documents related to the non-MetroPCS allegations, it never alerted Vesta to this fact. Instead, it waited for Vesta to uncover the problem after Vesta completed review of several large Amdocs document productions very late in the discovery period. Contrary to Amdocs's claims, the parties never agreed to limit the date range of documents subject to production to a period that would eliminate almost all relevant communications with Sprint and T-Mobile. Instead, Amdocs has engaged in a bad-faith attempt to skirt its discovery obligations by unilaterally and without notice applying a date cut-off that Vesta agreed was appropriate *only with* regard to Confidential Risk Information discovery related to MetroPCS, to the entire case, including the non-MetroPCS allegations. And only on October 2, 2016 did Amdocs inform Vesta who the correct custodians



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

for the Sprint and T-Mobile documents should be. Amdocs is now using the delay caused by its own decisions to justify its request for a protective order. Amdocs's request should be denied.

## II. ARGUMENT

### A. Amdocs Is Not Entitled to a Stay of the Case Related to Vesta's Sprint and T-Mobile Allegations.

The party requesting a stay bears the burden of showing that the stay is justified. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). "A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result." *Id.* at 427 (citations and internal quotation marks omitted). The Court's decision to deny or grant a stay is guided by four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) [whether] the public interest [favors a stay]." *Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Mohamed v. Uber Techns.*, 115 F. Supp. 3d 1024, 1028 (N.D. Cal. 2015) (applying this four-factor test).

The first two factors are the most critical, and they are not easy to satisfy. *See Nken*, 556 U.S. at 434-35. "It is not enough that the chance of success on the merits be better than negligible [m]ore than a mere possibility of relief is required." *Id.* (internal citations and quotation marks omitted). "By the same token, simply showing some 'possibility of irreparable injury' fails to satisfy the second factor." *Id.* (citation and internal quotation marks omitted).

#### 1. Amdocs Has Failed to Show a Likelihood of Success on the Merits.

To satisfy its burden under the first factor, Amdocs must make "a strong showing" that it is likely to succeed on the merits of its appeal. *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012); *see also* Amdocs's Brief at 4 (agreeing that it must make a "strong showing that success on the merits is likely"). Alternatively, Amdocs can attempt to satisfy the first factor by making a showing that its appeal raises "serious legal questions," such as constitutional issues or issues



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

of first impression. *Mohamed*, 115 F. Supp. 3d at 1028 (citing other authority). In that case, it must then also demonstrate that the balance of hardships absent a stay tips "sharply" in its favor. *Id.*; *see also Leiva-Perez v. Holder*, 640 F.3d 962, 966-67 (9th Cir. 2011). Amdocs can make neither showing.

**a. Amdocs has failed to make a "strong showing" that it is likely to succeed on the merits.**

To prevail on appeal, Amdocs must convince the Ninth Circuit that either: (1) this Court erred by denying Amdocs's motion to dismiss on the ground that the arbitration agreement did not extend to the non-MetroPCS allegations; or (2) this Court erred by denying Amdocs's motion for reconsideration on the ground that Amdocs waived any right it may have had to submit the scope of the arbitration clause to arbitration. Amdocs does not have a substantial likelihood of prevailing on either point.

As a preliminary matter, the Ninth Circuit does not have jurisdiction to hear an interlocutory appeal from an order denying a motion to dismiss, and Vesta will file a motion to dismiss the appeal. *See Vesta Corp. v. Amdocs Mgmt. Ltd.*, No. 16-35579 (9th Cir. filed July 16, 2016). For this reason alone, Amdocs is unlikely to succeed on the merits of its appeal.

Furthermore, Amdocs cannot meet its burden of showing a substantial likelihood of success on the merits by merely observing that the Ninth Circuit *may* disagree with this Court's order. Amdocs does no more than raise "a mere possibility of relief," which is insufficient to show a likelihood of success on the merits. *Nken*, 556 U.S. at 434 ("More than a mere 'possibility' of relief is required." (citation omitted)); *see also DKS Inc. v. Corp. Bus. Sols., Inc.*, No. 2:15-cv-00132, 2015 WL 6951281, at *1 (E.D. Cal. Nov. 9, 2015) (bare allegation that "reasonable minds can disagree" with court's order not enough to show likelihood of success on the merits). Amdocs has therefore failed to make a "strong showing" that it is likely to succeed on the merits of its appeal regarding the scope of the arbitration agreement.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Regarding the original motion to dismiss, Amdocs devotes a single sentence to its assertion that "the Ninth Circuit will likely find that the MOU extends to the Sprint and T-Mobile allegations." *See* Amdocs's Brief at 4. Instead of offering any analysis to support this assertion, Amdocs cites vaguely to the same briefing this Court already found unpersuasive the last two rounds. *Id.* Amdocs identifies no specific legal or factual conclusions in the order with which the Ninth Circuit is likely to disagree. Bizarrely, Amdocs also cites a section of the Court's order stating, among other things fatal to Amdocs's argument, that "[t]he dispute that has arisen between the parties as to Sprint and T-Mobile relates to conduct allegedly taken by Defendants that had nothing to do with this MOU." *See* Amdocs's Brief at 4 (citing ECF No. 255 at 16).

Amdocs's argument that the scope of the arbitration clause should itself have been submitted to arbitration is no more likely to succeed. This Court rejected that argument—raised for the first time in Amdocs's motion for reconsideration—because it found that "[b]y asking this Court to determine whether 'there is a valid agreement to arbitrate the dispute here,' Defendants waived their right to send this case to an arbitrator for that determination." ECF No. 268 at 8. Amdocs has failed to meet its burden of showing a likelihood of reversal on appeal, which would require the Ninth Circuit to hold that denial of Amdocs's motion for reconsideration was an abuse of discretion. *See Phelps v. Alameida*, 569 F.3d 1120, 1131 (9th Cir. 2009).

As this Court noted in its order denying Amdocs's motion for reconsideration, "it is undisputed that a party may waive its right to arbitrate a dispute." ECF No. 268 at 7. A host of cases—some cited in Amdocs's brief—support this proposition. *See Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 758 (9th Cir. 1988) (cited by Amdocs) (finding waiver of right to arbitration); *Antuna v. Am. W. Homes, Inc.*, 232 F. App'x 679 (9th Cir. 2007) (same); *see also, e.g.*, *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986) (setting out standards for waiver of an arbitration provision); *Ford v. Yasuda*, No. 5:13-cv-01961, 2015 WL 3650216, at *6 (C.D. Cal. Apr. 29, 2015) (collecting cases finding waiver of arbitration). Amdocs



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

attempts to muddy the waters by noting that many courts refer to arbitration agreements as invoking jurisdictional issues, and by further noting that defects in subject matter jurisdiction cannot be waived. Amdocs's Brief at 4-5. But despite inviting a conclusion at odds with overwhelming and uncontroverted Ninth Circuit precedent, Amdocs stops short of arguing that a party may never waive the right to arbitrate.

Nor is Amdocs likely to convince the Ninth Circuit that, under the particular facts of this case, this Court erred by ruling that Amdocs waived any right it may have had to arbitrate the scope of the arbitration clause. In its original motion to dismiss, Amdocs submitted two questions to the Court: "(1) whether a valid agreement to arbitration exists, and if it does, (2) whether the agreement encompasses the dispute at issue." ECF No. 236 at 5. In the face of an adverse decision on the second question, Amdocs filed a motion for reconsideration arguing that the Court did not have jurisdiction to decide that question after all and that any decision contrary to Amdocs's interest was "void." This Court properly ruled that "[b]y asking this Court to determine whether 'there is a valid agreement to arbitrate the dispute here,' Defendants waived their right to send this case to an arbitrator for that determination." ECF No. 268 at 8 (quoting Amdocs's Motion to Dismiss at 5).

The Court's ruling is well supported and unlikely to be reversed. It is well established that a party may not use a motion for reconsideration to relitigate a previous motion under a new theory that it previously failed to raise. *See, e.g.*, *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995). Amdocs offers no justification for its decision to raise a new and contradictory argument in its motion for reconsideration. Nor does Amdocs argue that it has a substantial likelihood of convincing the Ninth Circuit that this Court abused its discretion by finding that Amdocs waived these new arguments by failing to raise them at the appropriate time. And while Amdocs cites cases for the proposition that generally the arbitrator, not the court, should determine the scope of an arbitration clause, none of those cases address a situation in which a party specifically asked the court to determine the scope of an arbitration clause and



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

then, after receiving an unfavorable determination, attempted to argue that the court lacked the authority to make that determination in the first place. *See* Amdocs's Brief at 4-5 (citing cases). Amdocs has therefore failed to make a "strong showing" that the Ninth Circuit will reverse this Court's finding that Amdocs waived its right to arbitrate the scope of the arbitration provision.

**b. Amdocs has failed to show that its appeal raises "serious legal questions" that justify a stay.**

Perhaps realizing that it cannot make "a strong showing" that it is likely to succeed on the merits of its appeal, Amdocs also attempts to make a lesser showing that its appeal presents a "serious legal issue" that warrants a stay. *See* Amdocs's Brief at 3; *see also Mohamed*, 115 F. Supp. 3d at 1028 (serious legal questions such as constitutional issues or issues of first impression may warrant a stay). As a preliminary matter, a party making only this lesser showing on the first factor must make a correspondingly greater showing on the remaining factors that the balance of hardships "tilts sharply in its favor." *Id.* (citing other authority). As discussed below, Amdocs cannot make this heightened showing. But putting that aside, Amdocs's argument that it has raised a serious legal question fails. A serious legal question is one that is likely to resolve "a split of legal authority" or address "a novel legal issue." The issue raised by Amdocs does neither.

For a legal question to be "serious," it must be a question "so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation." *Walmer v. United States DOD*, 52 F.3d 851, 854 (10th Cir. 1995) (cited by *Mohamed*, 115 F. Supp. 3d at 1028). In the Ninth Circuit, serious legal questions often concern the scope of constitutional rights. *See, e.g.*, *Nelson v. NASA*, 568 F.3d 1028, 1035 (9th Cir. 2009) (whether the government had the right to violate employee privacy was a serious legal question); *Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-cv-01189, 2011 WL 2293221, at *3 (N.D. Cal. June 8, 2011) (collecting cases where constitutional questions were deemed "serious legal questions"). Alternatively, a serious legal question may exist where the appeal raises



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

"genuine matters of first impression within the Ninth Circuit." *Morse v. Servicemaster Glob. Holdings, Inc.*, No. C 10-00628, 2013 WL 123610, at *3 (N.D. Cal. Jan. 8, 2013); *see also, e.g.*, *McArdle v. AT & T Mobility LLC*, No. C 09-1117, 2010 WL 2867305, at *3 (N.D. Cal. July 20, 2010) (serious legal question was raised when the Supreme Court had granted certiorari to determine whether the case could proceed as a class action); *Pokorny v. Quixtar Inc.*, No. 07-00201, 2008 WL 1787111, at *1 (N.D. Cal. Apr. 17, 2008) (serious legal questions were raised because the appeal asked the Ninth Circuit to resolve a split in authority regarding enforceability of the arbitration agreement in question).

Here, Amdocs's appeal does not turn on constitutional issues or novel questions of law. Amdocs attempts to present a split of authority by noting that while a party may waive its right to arbitrate a dispute, several courts have granted motions to dismiss in favor of arbitration under Rule 12(b)(1), and subject matter jurisdiction under Rule 12(b)(1) cannot be waived. *See* Amdocs's Brief at 3. But this conflict is more contrived than real. As this Court recognized, it is "undisputed" that a party may waive its right to arbitrate a particular issue. ECF No. 268 at 7. *See also, e.g.*, *Van Ness Townhouses*, 862 F.2d at 758 (finding waiver of right to arbitration). Amdocs's motion to stay does not cite any cases from this circuit holding otherwise. The appeal then, will not resolve an intra-circuit split of authority or turn on the answer to a novel question of law. The actual issues on appeal are more mundane: Did Amdocs waive the right to arbitrate the scope of the arbitration clause by, among other things, submitting that issue to this Court, and did this Court properly conclude that the arbitration clause does not extend to the non-MetroPCS allegations? These issues are important to the litigants, of course, but they are not "so serious, substantial, difficult and doubtful" as to warrant a stay in this case.[1]

---

[1] To the extent that Amdocs intends to argue on appeal that an arbitration clause divests a court of subject matter jurisdiction and therefore may *never* be waived, this does not create a "serious legal question" either. A case does not involve a serious legal question simply because the appellant makes a novel legal argument that, if accepted, would create a split in authority.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

It is true, as this Court recognized, that courts are divided as to whether the authority to dismiss a case based on an arbitration clause stems from Rule 12(b)(1), (b)(3), or (b)(6). ECF No. 268 at 7 n.3. The fact that arbitration agreements may be waived suggests that Rule 12(b)(1) is not the best choice.[2] But because this Court did not issue an order dismissing the case under any of these rules, that issue is not properly before the Ninth Circuit. And even if the Court of Appeals does weigh in on that point, it will not affect the primary issue on appeal—i.e., whether the non-MetroPCS allegations should be dismissed at all. Any academic curiosity Amdocs may have about this particular quirk of civil procedure cannot justify a stay here.

### 2. Amdocs Has Failed to Show That It Will Suffer Irreparable Harm Absent a Stay.

If the moving party cannot make a threshold showing that irreparable harm is probable absent a stay, "then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors." *Leiva–Perez*, 640 F.3d at 965 (citing *Nken*, 556 U.S. at 434-45). "[S]imply showing some possibility of irreparable injury fails to satisfy the second factor." *Nken*, 556 U.S. at 420.

Amdocs incorrectly states that irreparable harm is "presumed" in the context of a motion to stay pending appeal of an order denying arbitration. *See* Amdocs's Brief at 5. Although the two cases Amdocs cites concluded that the appellants faced irreparable harm absent a stay under their particular facts, neither case held that irreparable harm is presumed. *Id.* (citing *Roe v. SFBSC Mgmt., LLC*, No. 14-cv-03616, 2015 WL 1798926, at *3 (N.D. Cal. Apr. 17, 2015); *Cherny v. AT&T, Inc.*, No. CV 09-3625, 2010 WL 2572929, at *1 (C.D. Cal. Feb. 8, 2010)). The burden of demonstrating irreparable harm rests with the party seeking a stay. *See Leiva–Perez*, 640 F.3d at 965 (moving party must make a threshold showing that irreparable harm is probable)

[2] *Cf.* Order (ECF No. 268) at 7 n.3 ("Upon further review of this issue, the Court concludes that it may be more appropriate to invoke Rule 12(b)(6) [than Rule 12(b)(1) when dismissing a case based on an arbitration clause].").



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Amdocs's primary argument is that, absent a stay, it will be forced to bear the monetary expense of proceeding with discovery on the non-MetroPCS allegations. *See* Amdocs's Brief at 5-6. But Amdocs should have been proceeding with discovery on non-MetroPCS allegations since June 2016, should have already produced such documents by August 2016, and the parties should have already been conducting depositions on Sprint and T-Mobile topics by now. *See infra* Section B. Amdocs's self-imposed and, until September 12, 2016, secret stay was improper and should not be rewarded.

Additionally, "nearly all courts 'have concluded that incurring litigation expenses does not amount to an irreparable harm.'" *Mohamed*, 115 F. Supp. 3d at 1032-33 (quoting *Guifu Li*, 2011 WL 2293221, at *4). To demonstrate irreparable harm, Amdocs must do more than show it would be forced to proceed with discovery absent a stay. *See Portland Gen. Elec. Co. v. Liberty Mut. Ins. Co.*, No. 3:16-cv-00495-HZ, slip op. 4 (D. Or. Oct. 5, 2016) ("[A]ny argument that proceeding through litigation necessarily causes irreparable harm is unpersuasive."); *see also Jimenez v. Menzies Aviation, Inc.*, No. 15-cv-02392, 2015 WL 5591722, at *3-4 (N.D. Cal. Sept. 23, 2015) (argument that litigation expenses constitute irreparable harm "is not convincing and has been rejected by my colleagues in similar circumstances") (citing cases); *Morse*, 2013 WL 123610, at *3 (recognizing that "the money and time a party must expend [during the litigation] process, while burdensome, does not alone constitute irreparable injury"); *Castaneda v. United States*, No. CV 07-07241, 2008 WL 9449576 at *4 (C.D. Cal. May 20, 2008) ("The Court acknowledges that discovery can be burdensome. However, such a burden, while regrettable, does not constitute an irreparable injury."); *Bradberry v. T–Mobile USA, Inc.*, No. C 06-6567, 2007 WL 2221076, at *4 (N.D. Cal. Aug. 2, 2007) ("The cost of some pretrial litigation does not constitute an irreparable harm to Defendant.").

In cases where courts have found that continued litigation constitutes irreparable harm, the moving party is generally facing something worse than ordinary discovery costs, such as an imminent trial or class action practice. *See Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419,



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

1422 (9th Cir. 1984) (discussing harm from "the expense and delay of a trial"). Almost all of the cases Amdocs cites in an attempt to demonstrate irreparable harm are distinguishable on this ground. *See, e.g.*, *Ontiveros v. Zamora*, No. S-08-567, 2013 WL 1785891, at *5 (E.D. Cal. Apr. 25, 2013) (discussing potential harm of being "forced to proceed to trial"); *Sample v. Brookdale Senior Living Cmtys., Inc.*, No. C 11-5844, 2012 WL 195175, at *2 (W.D. Wash. Jan 23, 2012) (discussing "expense of trial"); *Pliska v. Rent-a-Center W., Inc.*, No. CV 05-1155, 2006 WL 1030177, at *1 (D. Or. Mar. 31, 2006) (same).[3] The remaining case does not provide enough factual context to offer any guidance to this analysis. *See Cherny v. AT&T, Inc.*, No. CV 09-3625, 2010 WL 2572929, (C.D. Cal. Feb. 8, 2010).

Unlike the cases on which Amdocs relies, this is not a case where a successful appeal will save Amdocs the expense of trial in federal court. *See Mohamed*, 115 F. Supp. 3d at 1033, 1034 (ruling that "incurring litigation expenses does not amount to an irreparable harm," but noting that "actual *adjudication* of this case on the merits in federal court would likely constitute a significant irreparable injury" (emphasis original and citation omitted)). A trial will occur on, at a minimum, liability for breach of contract and theft of trade secrets, and damages on the MetroPCS allegations. Even if the non-MetroPCS allegations are sent to arbitration, that would not avoid trial in federal court. Instead, both parties would be forced to spend double the resources to adjudicate overlapping and related issues in two separate forums. As such, this case is distinct from every case cited by Amdocs that finds the expense of trial can constitute irreparable harm. Moreover, Amdocs will face the financial burden of discovery regardless of the outcome of the appeal. Courts generally have found a lack of irreparable harm where the proposed arbitration procedure includes comparable discovery and motions practice. *See, e.g.*,

[3] *Cf. Roe*, 2015 WL 1798926 at *3 (stay was justified in putative class action case because "[t]he burdens associated with discovery in a putative class action are substantially greater than in an individual arbitration"); *Karimy v. Associated Gen. Contractors of Am*, No. 08-CV-297-L CAB, 2009 WL 3698397 (S.D. Cal. Nov. 5, 2009) (parties had conducted no discovery in federal court, such discovery was particularly likely to be burdensome due to "complications and inevitable disputes," and arbitration rules called for limited discovery).



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

*Guifu Li*, 2011 WL 2293221, at *4 (finding no irreparable harm where the defendants would incur discovery costs "regardless of the outcome of [the stay] motion" because the arbitration agreement allowed "adequate opportunity to conduct discovery"); *Morse*, 2013 WL 123610, at *3 (finding that defendants' litigation expenses pending appeal did not constitute irreparable harm because "the parties would have experienced lesser but still substantial burdens in the arbitration process defendants prefer") (emphasis added); *R & L Ltd. Invs. Inc. v. Cabot Inv. Props., LLC*, No. CV 09-1525, 2010 WL 3789401, at *2 (D. Ariz. Sept. 21, 2010) (finding no irreparable harm where parties' arbitration agreement "require[d] the parties to engage in much of the same disclosure and document exchanges as the Federal Rules of Civil Procedure"). Here, the MOU states that arbitration under the agreement shall be conducted in accordance with the rules of the American Arbitration Association ("AAA"). The AAA rules allow significant discovery, including requests for the production of documents (Rule R-22), the issuance of subpoenas (Rule R-34), and, in appropriate cases, depositions (Rule L-3). Therefore, Amdocs will incur discovery costs related to the non-MetroPCS allegations regardless of whether it proceeds in federal court or in arbitration. Because these costs are inevitable, they cannot be the basis for a finding of irreparable harm.

Amdocs concedes that it would bear discovery costs in arbitration, but argues that it will be irreparably harmed absent a stay because the AAA arbitration rules provide for depositions only in "exceptional cases." *See* Amdocs's Brief at 6 (citing Rule L-3). Vesta's multi-million dollar claim, the unique discovery already provided by Sprint, and Amdocs's own Rule 30(b)(6) notice to Vesta listing Sprint and T-Mobile deposition topics will likely be sufficient cause for any arbitrator to allow depositions. *See* Markley Decl., Ex. A at 9, 13. Amdocs has already required Vesta to travel to Tel Aviv to depose three of its witnesses. The additional cost of defending additional depositions and defending current deponents on additional topics, all in the United States, is relatively minor and far removed from being "forced to undergo the expense



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

and delay of trial," which was found to constitute irreparable harm in *Alascom*, *Sample*, and other cases on which Amdocs relies. *See* Amdocs's Brief at 6 (citing cases).

**3. Vesta Would Be Substantially Injured By a Stay.**

If the Court agrees that Amdocs has failed to demonstrate a likelihood of success on the merits of its appeal and has failed to show that irreparable injury is probable if a stay is denied, then the Court may end its inquiry and need not consider the final two factors. *Portland Gen. Elec. Co.*, slip op. at 5-6 (denying a stay without considering the final two factors); *see also Mount Graham Coal. v. Thomas*, 89 F.3d 554, 558 (9th Cir. 1996) (declining to balance hardships and denying stay pending appeal because moving party failed to raise a substantial legal question).

In any case, Vesta will be substantially injured by a stay. Courts have acknowledged that delaying a plaintiff's day in court constitutes a substantial injury. *See, e.g.*, *Bradberry*, 2007 WL 2221076, at *4 ("[D]elaying a plaintiff's day in court constitute[s] a substantial injury to the plaintiff.") (citing authority)); *see also Nken*, 556 U.S. at 433-34 ("A stay is not a matter of right, even if irreparable injury might otherwise result."). Vesta filed this case more than two years ago, in June 2014. Vesta is a significantly smaller company than Amdocs with correspondingly fewer resources, making it difficult for Vesta to bear the expense of delaying this case. Delaying discovery, which has already been delayed, also poses a risk of substantial harm because of fading memories and the risk of lost evidence, notwithstanding Amdocs's promise that it is preserving (but not producing) the desired evidence. *See Bradberry*, 2007 WL 2221076, at *4 ("Defendant argues that the risk of lost evidence is speculative. However, the risk of lost evidence weighs against granting a stay."). "This risk and the delay in litigation constitute a substantial injury to Plaintiff." *Id.* Further, in this case granting the motion to stay would almost certainly result in the need for two separate trials, one on Vesta's MetroPCS allegations, and another later trial on the stayed allegations. Such expense and burden is unwarranted and would constitute irreparable injury to Vesta.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**4. The Public Interest Favors Denying Amdocs's Motion for a Stay.**

Amdocs has failed to carry its burden of showing that the public interest favors a stay. It argues that a stay is in the public interest because there is a "strong public policy in favor of arbitration." *See* Amdocs's Brief at 8. But the question before the Court is not whether to send this case to arbitration, but whether to stay discovery. The public's generic interest in sending cases to arbitration—if any—is therefore irrelevant.

Amdocs also argues that judicial resources will be wasted if the non-MetroPCS allegations are allowed to proceed to trial and are later sent to arbitration. *See* Amdocs's Brief at 8. This again misstates the question before the Court, which is not whether to allow the non-MetroPCS allegations to go to trial, but whether to allow Vesta to conduct discovery on these allegations now. If Amdocs complies with its discovery obligations in good faith, allowing discovery to proceed should place little if any strain on the Court's resources. Moreover, given Amdocs's low probability of success on the merits of its appeal, a stay is very likely to simply extend this case and result in two separate trials, a result that will certainly increase the pressure on the Court's docket. The public interest lies with the swift adjudication of this case, which supports denying the stay.

**B. Amdocs's Alternative Motion for a Protective Order Should Be Denied.**

In case this Court declines to stay the non-MetroPCS claims, Amdocs argues that it is nevertheless entitled to the same functional result in the form of a protective order preventing further discovery on Vesta's non-MetroPCS allegations, including discovery related to Sprint and T-Mobile. *See* Amdocs's Brief at 9-10. Amdocs's attempt to impose a stay of discovery by another name, and to dodge its long-standing discovery obligations, should be denied.

No good cause exists for a protective order here. Amdocs has been under a Court-ordered duty to produce Sprint and T-Mobile documents for over three months, and Amdocs's belated request for a protective order does nothing to excuse this delay. After granting Vesta leave to amend its complaint to add the Sprint and T-Mobile allegations, the Court granted



Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Amdocs a reprieve from discovery on those allegations until after it ruled on Amdocs's motion to dismiss. *See* Markley Decl. Ex. B. The Court denied Amdocs's motion to dismiss on June 16, 2016, and Vesta contacted Amdocs's counsel that day to confer on the Sprint and T-Mobile discovery. *See* Markley Decl. Ex. C. By July 1, 2016, the parties had reached an agreement regarding relevant search terms for Sprint and T-Mobile documents. Markley Decl. Ex. D. Importantly, there was no discussion of limiting the date parameters for this search. *Id.* (Notably, because Manuel Zepeda swore in his declaration that he engaged in negotiations with Sprint on behalf of Amdocs in June 2014, Vesta would never have agreed to a January 2014 cut-off date for discovery. *See* ECF No. 190 at ¶ 2.) Also importantly, throughout the process of discovery, Vesta repeatedly confirmed with Amdocs that it was relying on Amdocs to identify the most relevant custodians because Vesta did not have full insight into Amdocs's business. *See* Markley Decl. Ex. E. Upon the opening of Sprint and T-Mobile discovery, Vesta presumed, perhaps wrongly, that Amdocs was continuing to work in good faith to search for documents with the most relevant custodians. Vesta reasonably believed throughout July and August 2016 that Amdocs was conducting a search using the agreed-upon terms, on appropriate custodians that included all relevant documents and a relevant date range.

On July 20, 2016, Amdocs produced 2,144 documents, and on August 11, 2016, Amdocs produced an additional 13,104 documents. Markley Decl. ¶ 9. After reviewing this substantial volume of documents, it became apparent that Amdocs had searched only for documents through January 2014, a date that necessarily eliminated the overwhelming majority of relevant communications with Sprint and T-Mobile that mostly occurred in 2014. On September 1, 2016, Vesta notified Amdocs via letter that Amdocs appeared to have applied an incorrect date cutoff and had produced almost no relevant Sprint or T-Mobile documents (including just 5 emails and 6 attachments for Sprint). *See* Markley Decl. Ex. H. The parties met and conferred on September 12 and 13, 2016. Markley Decl. ¶ 11. During those conferrals Amdocs revealed—for the first time—that it had in fact searched for Sprint and T-Mobile documents prior to



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

January 2014, but that it simply had not produced them, despite the Court's order to do so. *Id*. Amdocs further revealed that it had no intention of producing responsive documents past January 2014. *Id.* Incredibly, Amdocs demanded that Vesta agree to stay further Sprint and T-Mobile discovery in exchange for Amdocs producing documents that it was already required to produce. *Id.* After Vesta declined, Amdocs finally made a small production of approximately 100 documents on September 13, 2016. Markley Decl. ¶ 12. While these documents did relate to Sprint or T-Mobile, they also related to MetroPCS, and thus Amdocs had no basis to withhold these documents even under Amdocs's contrived logic. Amdocs filed this motion to stay and motion for a protective order shortly thereafter.

Amdocs now asserts that Vesta should have known about—and should have requested that Amdocs search for documents from—the most relevant Amdocs custodians for Sprint and T-Mobile. *See* Markley Decl. Ex. F (indicating that Manuel Zepeda and Raz Caro were identified previously as potential Amdocs custodians). But Amdocs never previously indicated to Vesta that Raz Caro or Manuel Zepeda had any connection to Sprint and T-Mobile. And tellingly, the individuals who Amdocs now identifies as the most relevant custodians aren't the same names that Amdocs contends Vesta could have chosen previously. On the contrary, Amdocs has now identified two individuals whom Amdocs had never before identified as a potential custodian. And Vesta just learned about the identity of one for the first time on September 28, 2016 (Martin Mintz), *see* Markley Decl. Ex. G, and about the other on October 2, 2016 (Howard Connors), *see* Markley Decl. Ex. F.

Amdocs asks the Court to grant a protective order because discovery on Sprint and T-Mobile would force Amdocs to unreasonably "expand" the scope of its document searches. But Amdocs has known about the potential scope of Vesta's requests—including the need for an extended date range—for several months. In fact, in its February 2016 opposition to Vesta's motion for leave to amend the complaint, Amdocs argued that "Vesta has asked the Court to allow it to file an amendment that would more than double the scope of the case—*extending the*



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

*relevant time period by two years*." ECF No. 189 at 11 (emphasis added). And Amdocs's counsel swore in a supporting declaration that "adding Sprint to the case will expand the relevant time period by an additional 14 months." ECF No. 192 at ¶ 30. In short, Amdocs was aware in February 2016—long before discovery was set to close—that discovery on the non-MetroPCS allegations would involve a search of documents extending past January 2014. It is simply not believable that Amdocs thought Vesta's agreement to a date cutoff of January 2014 for Confidential Risk Information related to MetroPCS could be applied to a portion of the case where no relevant activity took place until 2014.[4]

Amdocs also argues that a protective order is warranted because Vesta waited until "the day before fact discovery was set to close" to raise the Sprint and T-Mobile discovery deficiencies. Not only is this plainly insufficient to justify the extraordinary remedy of a protective order, but it is also inaccurate. Far from dawdling, Vesta informed Amdocs almost immediately after it discovered the missing documents in Amdocs's large August production. And Vesta and Amdocs had already agreed, and had filed a joint motion with the Court, to seek an extension of the case schedule for an additional eight weeks of fact discovery by this time. Amdocs cannot have it both ways—it cannot ask the Court to extend the discovery period and yet claim that Vesta's discovery requests were too late because they were made near the end of the old deadline and, due to Amdocs's actions, impossible for Vesta to have discovered any sooner.

Amdocs has engaged in a deliberate attempt to skirt its discovery obligations by unilaterally limiting the scope of discovery without Vesta's knowledge or consent. It is now using the delay to argue that compliance with its discovery obligations at this late hour would be "burdensome." These actions should not be rewarded with the entry of a protective order.

---

[4] *See* Markley Decl., Ex. I. (asking Vesta to agree to a date cutoff of January 2014 with regard to Confidential Risk Information related to MetroPCS because the relevant MetroPCS events occurred in 2013.)



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

## III. CONCLUSION

For all the reasons stated above, Vesta respectfully requests that the Court deny Amdocs's motion for a stay and its motion for a protective order.

Dated: October 10, 2016

*s/ Karen B. Bloom*

**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Erick J. Haynie**, OSB No. 982482
EHaynie@perkinscoie.com
**Julia E. Markley**, OSB No. 000791
JMarkley@perkinscoie.com
**Joanna T. Perini-Abbott**, OSB No. 141394
JPeriniAbbott@perkinscoie.com
**Perkins Coie LLP**
1120 NW Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000

**Karen B. Bloom** (Admitted Pro Hac Vice)
KBloom@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206-359-8000

Attorneys for Plaintiff