**Robert A. Shlachter**, OSB No. 911718
Email: rshlachter@stollberne.com
**Joshua L. Ross**, OSB No. 034387
Email: jross@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**Bruce G. Vanyo** (admitted *Pro Hac Vice*)
Email: bruce@kattenlaw.com
**Andrew G. Klevorn** (admitted *Pro Hac Vice*)
Email: andrew.klevorn@kattenlaw.com
**Richard H. Zelichov** (admitted *Pro Hac Vice*)
Email: richard.zelichov@kattenlaw.com
**Christina L. Costley** (admitted *Pro Hac Vice*)
Email: christina.costley@kattenlaw.com
**Yonaton M. Rosenzweig** (admitted *Pro Hac Vice*)
Email: yoni.rosenzweig@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4400
Facsimile: (310) 788-4471

**Attorneys for Defendants Amdocs Management Limited; Amdocs, Inc.,**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**VESTA CORPORATION,**

Plaintiff,

v.

**AMDOCS MANAGEMENT LIMITED; AMDOCS, INC.,**

Defendants.

Case No.: 3:14-cv-01142-HZ

**DECLARATION OF CHRISTINA L. COSTLEY IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO STAY THE PROCEEDINGS AS TO THE NON-METROPCS CLAIMS PENDING APPEAL, OR FOR A PROTECTIVE ORDER STAYING DISCOVERY**

**DECLARATION OF CHRISTINA L. COSTLEY**

I, Christina L. Costley, hereby declare as follows:

1. I am a partner at the law firm Katten Muchin Rosenman LLP, counsel for defendants Amdocs Management Limited and Amdocs, Inc. (collectively, "Amdocs" or "Defendants"). I know the following to be true based upon my own personal knowledge and, if called as a witness, I could, and would, testify competently to the matters herein.

2. On November 3, 2015, Amdocs emailed counsel for plaintiff Vesta Corporation ("Vesta") a list of its seven proposed custodians: Agte, Caro, Eldar, Givon, Shmuel, Verma, and Zepeda. A true and correct copy of excerpts from this email chain from Richard H. Zelichov to Joanna T. Perini-Abbott dated November 3, 2015 4:41 PM is attached hereto as **Exhibit A** (emphasis added). Vesta did not ask Amdocs to identify the custodians most knowledgeable about Amdocs's payment solution for Sprint or its pitch to T-Mobile as part of this process, nor did it reserve the right to later supplement the custodian list to add custodians with knowledge of the Sprint and T-Mobile claims. Amdocs believes this was an intentional and strategic decision by Vesta to prioritize discovery custodians with knowledge of the MetroPCS claims, and to rely on targeted document pulls for Sprint and T-Mobile (which are, Vesta has repeatedly asserted, only part of Vesta's damages theory), because Vesta has represented that it believed Sprint and T-Mobile were part of the lawsuit at the time when the parties chose document custodians.

3. Later on November 3, 2015, Vesta sent an email to Amdocs stating that it believed that limiting the number of custodians to five per side was appropriate. This was a reiteration of a position that Vesta had taken orally earlier. The parties later agreed to seven custodians per side. A true and correct copy of this email from Joanna T. Perini-Abbott to Christina Costley dated November 3, 2015 5:27 PM is attached hereto as **Exhibit B** (emphasis added).

4. On November 30, 2015, Vesta sent an email to Amdocs stating that it had considered Amdocs's proposed list of seven custodians, as set forth in Amdocs's November 3

email (*see* Ex. A). However, instead of the custodians Amdocs had proposed, Vesta instead requested that Amdocs search a different set of seven custodians: Agte, Doron, Eldar, Givon, Rozen, Shmuel, and Verma. A true and correct copy of this email from Joanna T. Perini-Abbott to Richard H. Zelichov dated November 30, 2015 4:59 PM is attached hereto as **Exhibit C** (emphasis added).

5. On March 1, 2016, Vesta sent an email to Amdocs confirming that the parties had reached "complete agreement" on search terms, custodians, and date limiters. In this email chain, the parties agreed that the relevant date range for Amdocs's production was June 1, 2009 through January 2014 (which Amdocs applied broadly as January 31, 2014). A true and correct copy of an excerpt of this email chain from Joanna T. Perini-Abbott to Richard H. Zelichov dated March 1, 2016 12:24 PM is attached hereto as **Exhibit D** (emphasis added).

6. On September 12, 2016, counsel for Amdocs and Vesta held a telephonic meet and confer discussing, among other things, Amdocs's motion to stay. During the call, Amdocs proposed that it would not bring its motion to stay if Vesta would agree: (1) to limit discovery to what Vesta would be able to obtain through arbitration until the Ninth Circuit decided Amdocs's appeal; and (2) that the parties could use any discovery produced in this case during arbitration. Amdocs also asked Vesta to join Amdocs's request for expedited appellate review. Following the meet and confer, Amdocs sent Vesta this proposal in writing. However, Vesta refused to discuss this proposed compromise with Amdocs. A true and correct copy of an excerpt of this email chain from Richard H. Zelichov to Julia E. Markley dated September 12, 2016 5:33 PM is attached hereto as **Exhibit E**.

7. On September 16, 2016, pursuant to the Court's September 15, 2016 Order, Amdocs forwarded the list of seven proposed custodians it had previously sent to Vesta (*see* Ex. A). Amdocs later explained to Vesta that while it was not representing these were the custodians with the most information about Sprint and T-Mobile, they were the custodians with the most information about all of the issues in the lawsuit, including the Sprint and T-Mobile allegations,

and that had Vesta used Amdocs's proposed custodians, its Sprint and T-Mobile search terms would have yielded a significantly larger number of results.

8. On September 24, 2016, Vesta sent an email notifying Amdocs that it was taking the remaining MetroPCS depositions off the calendar and would be requesting a delay (of an unspecified length) of both the close of fact discovery and the remaining case schedule in order to take further discovery relating to the Sprint and T-Mobile claims. The parties had not previously discussed this, and Vesta had confirmed deposition dates as recently as September 19, 2016 (after Vesta had reviewed the Sprint and T-Mobile document production and complained to both Amdocs and the Court that the documents Vesta had previously chosen had very few documents relevant to the Sprint and T-Mobile claims). A true and correct copy of this email from Julia E. Markley to Yonaton M. Rosenzweig and Richard H. Zelichov dated September 24, 2016 7:35 PM is attached hereto as **Exhibit F** (emphasis added).

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on October 20, 2016 in Dallas, Texas.

/s/ *Christina L. Costley*

CHRISTINA L. COSTLEY