IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VESTA CORPORATION,

                Plaintiff,

    v.

AMDOCS MANAGEMENT
LIMITED and AMDOCS, INC.,

                Defendants.

No. 3:14-cv-1142-HZ

OPINION & ORDER

Andrew Ong
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

Daniel T. Keese
Erick J. Haynie
Joanna T. Perini-Abbott
Julia E. Markley
Stephen English
Alletta S. Brenner
Meredith M. Price

1 – OPINION & ORDER

PERKINS COIE, LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209

Karen B. Bloom
PERKINS COIE, LLP (Seattle)
1201 Third Avenue, Suite 4800
Seattle, WA 98101

Charles H. Samel
PERKINS COIE, LLP (Los Angeles)
1888 Century Park East, Suite 1700
Los Angeles, CA 90067

Scott D. Eads
Jason A. Wrubleski
SCHWABE, WILLIAMSON & WYATT
1211 SW 5th Avenue, Suite 1600
Portland, OR 97204

  Attorneys for Plaintiff

Andrew G. Klevorn
Bruce G. Vanyo
Yonaton M. Rosenzweig
Christina Lucen Costley
KATTEN MUCHIN ROSENMAN, LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067

Meegan I. Maczek
Richard H. Zelichov
Kristin J. Achterhof
KATTEN MUCHIN ROSENMAN, LLP
525 West Monroe Street
Chicago, IL 60661

Joshua L. Ross
Robert A. Shlachter
Jennifer S. Wagner
Timothy S. DeJong
STOLL STOLL BERNE LOKTING & SHLACHTER, PC
209 SW Oak Street, Fifth Floor
Portland, OR 97204

  Attorneys for Defendants

2 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendants Amdocs Management Limited and Amdocs, Inc. move to stay this action pending the outcome of their appeal of this Court's Opinion & Order denying Defendants' motion to dismiss Plaintiff Vesta Corporation's Third Amended Complaint (TAC) and this Court's Opinion & Order denying Defendants' motion for reconsideration. See Vesta Corp. v. Amdocs Mgmt. Ltd., No. 3:14-CV-1142-HZ, 2016 WL 3436415, at *1 (D. Or. June 16, 2016) ("Motion to Dismiss Order"), reconsideration denied sub nom. Vesta Corporation, Plaintiff, v. Amdocs Management Limited & Amdocs, Inc., Defendants., No. 3:14-CV-1142-HZ, 2016 WL 4541035 (D. Or. Aug. 31, 2016) ("Reconsideration Order"). Because Defendants fail to show a likelihood of success on the merits of their appeal or a likelihood of irreparable injury absent a stay, the Court denies the motion for a stay.[1]

## BACKGROUND

On June 16, 2016, this Court denied Defendants' motion to dismiss Plaintiff's TAC. Id. Defendants had moved to dismiss the TAC to the extent it included new allegations regarding Sprint, T-Mobile, and Vodafone, arguing that such allegations were subject to arbitration. The Court held, in relevant part, that the dispute between the parties regarding Sprint and T-Mobile was not subject to the arbitration provision found in the Memorandum of Understanding the parties signed on September 30, 2010. Id. at *8.

On August 31, 2016, this Court denied Defendants' motion to reconsider the Court's June 16, 2016 Opinion & Order. The Court held that Defendants' motion was premised upon arguments that could and should have been raised when litigating the underlying motion.

---

[1] Defendants move alternatively for a protective order staying discovery. This issue is resolved by the Court's conclusions in this Opinion & Order and the informal discovery dispute hearings the Court has held with the parties pursuant to Rule 26. Defendants' alternative motion is denied.

3 – OPINION & ORDER

Reconsideration Order at *1. Because additional background facts and the Court's reasoning are detailed in the June 16, 2016 and August 31, 2016 rulings, the Court does not repeat them here.

## STANDARDS

A stay pending appeal is not "a matter of right." Nken v. Holder, 556 U.S. 418, 433 (2009). It is subject to the court's discretion, and is exercised only if warranted by the "circumstances of the particular case." Id. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433–34.

Courts consider the following four factors before issuing a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Golden Gate Rest. Ass'n v. City and Cnty. of S.F., 512 F.3d 1112, 1115 (9th Cir. 2008) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

## DISCUSSION

### I.  Likelihood of success on the merits

To justify a stay, Defendants must show that they have a "substantial case for relief on the merits." Leiva-Perez v. Holder, 640 F.3d 962, 968 (9th Cir. 2011). This may be met by showing "a probability of success on the merits" or that "'serious legal questions are raised,' depending on the strength of the petitioner's showing on the other stay factors." Id. at 967. Defendants contend that their appeal satisfies both standards. The Court disagrees.

a.  Probability of success on the merits

Defendants contend that they make a strong showing that success on the merits is likely. However, their arguments merely repeat those made in their previous motions and do nothing to

alter this Court's prior conclusions. This Court has spent a considerable amount of time considering Defendants' arguments and nothing that Defendants raise in the present motion leads the Court to believe that its June 16, 2016 or August 31, 2016 Orders were incorrect. Thus, under this standard, Defendants fail to show a likelihood of success on the merits of their appeal.

      b.  Serious legal question

While the Ninth Circuit has not defined what makes a legal question "serious," courts have found that a question is serious when it raises an issue of first impression within the Ninth Circuit or involves a split of legal authority. See, e.g., Britton v. Co-op Banking Grp., 916 F.2d 1405, 1412 (9th Cir. 1990); Mohamed v. Uber Techs., et al, 115 F. Supp. 3d 1024, 1029 (N.D. Cal. 2015) (citing cases); Guifu Li v. A Perfect Franchise, Inc., No. 5:10-CV-01189-LHK, 2011 WL 2293221, at *3 (N.D. Cal. June 8, 2011). "For a legal question to be 'serious,' it must be a 'question going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation.'" Guifu Li, 2011 WL 2293221, at *3 (quoting Walmer v. United States DOD, 52 F.3d 851, 854 (10th Cir. 1995)).

Here, Defendants argue that their appeal raises the "serious legal question" of whether a valid arbitration agreement divests the Court of subject matter jurisdiction to decide matters within the scope of the agreement. Defs.' Mot. 5, ECF 277. According to Defendants, this Court recognized "two seemingly contradictory legal principles": (1) a party may waive its right to arbitrate a dispute and (2) several courts have granted motions to dismiss based on an arbitration clause pursuant to Rule 12(b)(1). Id. (citing the Reconsideration Order).

Defendants, however, mischaracterize this Court's Reconsideration Order. This Court recognized that there appears to be disagreement among courts regarding which Rule of Civil Procedure to invoke when dismissing an action pursuant to a valid arbitration agreement.

5 – OPINION & ORDER

Reconsideration Order at *3, n. 3. However, this Court was clear that "it is undisputed that a party may waive its right to arbitrate a dispute" and there is no question that "Defendants waived their right to send this case to an arbitrator for that determination." Id. at *3. The fact that several courts, including this one, have granted motions to dismiss based on an arbitration clause pursuant to Rule 12(b)(1) does not convert this Court's ruling into one that presents a "serious legal question."

This Court's Motion to Dismiss Order found there was no valid arbitration agreement governing the dispute between the parties regarding Sprint and T-Mobile. The notion that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit," see United Steelworkers of America v. Warrior & Gulf Navigation Company, 363 U.S. 574, 582 (1960), is neither novel nor up for debate within the Ninth Circuit.

This Court's Reconsideration Order denied Defendants' motion because they raised an argument for the first time that could have been raised earlier in the litigation. Denying a motion for reconsideration on that basis relies on established precedent and is similarly not novel nor up for debate. See, e.g., Kona Enters., Inc. v. Estate of Bishop, 229 F. 3d 877, 890 (9th Cir. 2000) (explaining that a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation"). Defendants' disagreement with this Court's conclusions does not qualify as a serious legal question or an issue of first impression. Accordingly, Defendants fail to show a likelihood of success on the merits.

///

**II.    Irreparable harm**

Defendants also fail to show that they will suffer irreparable harm absent a stay. Defendants cite Sample v. Brookdale Senior Living Communities, Inc., No. C11-5844 RJB, 2012 WL 195175, at *2 (W.D. Wash. Jan. 23, 2012), for the proposition that appeal of an arbitration denial presents a unique situation in which monetary expenses incurred in litigation constitute irreparable harm. However, Defendants misstate the law.

In Sample, the court explained that "[i]f a party must undergo the expense of trial before being able to appeal a refusal to compel arbitration, the advantages of arbitration-speed and economy-are lost forever." Id. (citing Alascom, Inc. v. ITT North Electric Company, 727 F.2d 1419 (9th Cir. 1984)). In other words, courts are concerned with the irreparable harm that can result if a case proceeds to trial before the appeal is decided. Sample does not, however, stand for the proposition that any monetary expenses incurred leading up to a trial necessarily constitute irreparable harm. If that were true, then the irreparable harm factor would be met automatically in cases seeking the stay of a case pending an appeal of an arbitration denial. The Ninth Circuit has made it clear, instead, that district courts have discretionary authority to evaluate each motion based on individual circumstances. See Britton, 916 F.2d at 1412. Thus, any argument that proceeding through litigation necessarily causes irreparable harm is unpersuasive. Id.

**III.    Injury to Plaintiff and Public Interest**

Defendants fail to satisfy the first two, crucial, factors courts consider when deciding whether to issue a stay. See id. ("The first two factors . . . are the most critical."). It is therefore unnecessary to address the remaining two factors. See Mount Graham Coalition v. Thomas, 89 F.3d 554, 558 (9th Cir. 1996) (finding no serious legal argument and thus declining to address any of the other factors relevant to the analysis of a stay pending appeal); see also, e.g., Loop AI

Labs Inc. v. Gatti, No. 15-CV-00798-HSG, 2016 WL 3001158, at *3 (N.D. Cal. May 25, 2016) ("because Plaintiff has failed to establish likelihood of success, the Court need not compare the hardships involved in the granting or denial of the stay or address the balance of equities").

## CONCLUSION

The Court denies Defendants' Motion to Stay the Proceedings [277].

IT IS SO ORDERED.

Dated this \_\_\_\_7\_\_\_\_ day of \_\_\_\_November\_\_\_\_, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge