**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Erick J. Haynie**, OSB No. 982482
EHaynie@perkinscoie.com
**Julia E. Markley**, OSB No. 000791
JMarkley@perkinscoie.com
**Joanna T. Perini-Abbott**, OSB No. 141394
JPeriniAbbott@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000

Attorneys for Plaintiff Vesta Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| VESTA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>AMDOCS MANAGEMENT LIMITED; AMDOCS, INC.,<br><br>Defendants. | No. 3:14-cv-01142-HZ<br><br>**PERKINS COIE'S NOTICE OF INADVERTENT NON-COMPLIANCE WITH STIPULATED PROTECTIVE ORDER; AND**<br><br>**PLAINTIFF VESTA CORPORATION'S MOTION TO MODIFY STIPULATED PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT**<br><br>**EXPEDITED CONSIDERATION REQUESTED**<br><br>Pursuant to Fed. R. Civ. P. 26(c) and LR 26-4 |

## TABLE OF CONTENTS

**Page**

LR 7-1 CERTIFICATION ........ 1
NOTICE ........ 2
MOTION ........ 4
MEMORANDUM OF LAW ........ 4
I. INTRODUCTION ........ 4
II. LEGAL STANDARD ........ 5
III. ANALYSIS ........ 6
IV. CONCLUSION ........ 9



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**LR 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1(a), counsel for Plaintiff Vesta Corporation ("Vesta") certifies that, on the morning of November 23, 2016, Vesta counsel conferred in good faith regarding the subject matter of this motion by speaking with Oregon counsel and attempting to reach by telephone Katten counsel, leaving a detailed voicemail. Oregon counsel could not provide a position on this motion. At the time of this afternoon filing, Vesta counsel had not yet heard back from Katten counsel.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**NOTICE**

Perkins Coie recently re-reviewed the Stipulated Protective Order ("SPO") entered by this Court on July 15, 2015 (ECF No. 91) and noticed that Paragraph 13 of the Definition section of the SPO restricts "past employees" from being qualified as an expert consultant to review the opposing party's confidential documentation. Not appreciating that provision previously, Perkins Coie had been working since August 2016 with an expert consultant who had been employed with Vesta over five years ago and provided him with Amdocs's Confidential and Confidential-Attorneys' Eyes Only information. Accordingly, Perkins Coie provides Notice of this inadvertent non-compliance.

Paragraphs 9(d), 10 and 12 of the SPO together provide that an opposing party's Confidential and Confidential-Attorneys' Eyes information can be reviewed by an expert consultant retained in the case, so long as the consultant first signs the undertaking to agree to comply with the order and meets the definition of "Expert" in the SPO. Paragraph 13 of the Definition section of the SPO defines an "Expert" as:

> [A] person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or a Party's competitor and who, at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor.

Perkins Coie proposed the SPO to Amdocs's counsel in 2015, but did not appreciate the restriction in the document precluding a "past" employee. This provision is not typically found in protective orders and is not in the Court's model protective order. Indeed, upon a recent search, the restriction was included in only one other protective order granted by this Court in a trade secret case in the past three years.

Perkins Coie recognizes the critical importance of the Court's SPO to protect the confidentiality of the parties' information (especially in a trade secrets case) and takes the obligations provided therein seriously. To ensure that the confidentiality of Amdocs's



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

information remains protected, Perkins Coie has confirmed that its expert consultant has not disclosed any of Amdocs's information to anyone at Vesta (and not to anyone outside of Perkins Coie), that he has no intention of becoming employed by Vesta in the future, and that he agrees that he will not become employed or retained as a consultant for Vesta (directly or indirectly) unless and until he receives permission from this Court. Chatre Decl. ¶ 7. Perkins Coie has also confirmed that Vesta will not employ or retain Perkins Coie's expert consultant as a consultant for Vesta except as allowed by the Court. Fieldhouse Decl. ¶ 3. And immediately upon becoming aware of this provision, Perkins Coie notified him to stop work and, with assistance from a representative of the firm's e-discovery vendor, the firm removed all of the consultant's case materials. English Decl., ¶¶ 7-8; Chatre Decl., ¶¶ 3, 5; Crain Decl., ¶ 3.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**MOTION**

Vesta respectfully requests that the Court modify Paragraph 13(d) of the "Definition" section of the Stipulated Protective Order ("SPO") to remove the restriction precluding former employees from being qualified as a party's expert consultant to review an opposing party's information designated "Confidential" and "Confidential - Attorneys Eyes' Only." This motion is supported by the memorandum of law set forth below and the Declarations of Stephen F. English ("English Decl."), Douglas Fieldhouse ("Fieldhouse Decl."), Stephane Chatre ("Chatre Decl."), Joanna Perini-Abbott ("Perini-Abbott Decl."), and Andy Craine ("Craine Decl."). A proposed amended Protective Order is attached as Appendix A.

**MEMORANDUM OF LAW**

**I. INTRODUCTION**

The purpose of the Court's Stipulated Protective Order ("SPO") is to "protect the confidential nature of the information … exchanged in discovery in this suit" by ensuring that properly designated information "shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose." ECF No. 91 at ¶ 2. Vesta respectfully submits that the SPO contains a provision that overly restricts who can receive confidential information in a manner that does not further the goals of preventing the information from being misused for purposes other than the litigation of the case. Particularly, Paragraph 13 of the Definition section of the SPO precludes an individual from being an expert consultant under the protective order if that individual is a former employee of a party, even if he agrees to forego future employment or consulting opportunities with the party. Pursuant to LR 26-4 and Paragraph 22 of the SPO, which provides that a party can seek amendments or "other modifications" by Court order, Vesta moves for an Amended SPO that removes this provision.

Vesta requests this amendment to the SPO so that its counsel can re-engage consultant Stephane Chatre, whose one-person software consulting firm, Stenium, LLC ("Stenium"), was retained by Perkins Coie in August 2016 to review documentation that Amdocs produced at that



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

time. English Decl., ¶ 3. Mr. Chatre, the owner of Stenium, worked for Vesta until 2010 and provided some independent technical consulting to Vesta until 2013. Chatre Decl., ¶ 6 and Ex. 1.

As a consultant to Perkins Coie in this case, Perkins Coie provided Stenium with documents marked Confidential and Confidential - Attorneys' Eyes Only by Amdocs under the SPO. Since Perkins Coie recently realized that Paragraph 13 precludes access for former employees of a party, Perkins Coie and Mr. Chatre ceased further consultations and Perkins Coie collected from Mr. Chatre his case materials pending the outcome of this Motion. English Decl., ¶¶ 7-8.

The exclusion of a party's former employees from "Experts" who can view confidential information does not appear in the Model Protective Order of this Court and appears to be unusual in the District of Oregon and elsewhere. In this instance, since Vesta and Mr. Chatre agree that they will forego future employment and consulting opportunities, providing Mr. Chatre access to Amdocs's documentation does not create a risk that Amdocs's confidentiality would become compromised. Accordingly, Vesta requests that the Court modify the definition of "Expert" in the Protective Order to include a person, such as Mr. Chatre, who was a former employee of a party.

## II. LEGAL STANDARD

"The court has discretion to lift or modify a protective order." *Allegro Corp. v. Only New Age Music, Inc.*, No. CV-01-790-HU, 2004 WL 1088301, at *1 (D. Or. May 14, 2004) (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp*., 307 F.3d 1206, 1210 (9th Cir. 2002)); *see also San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999) (finding that "blanket" stipulated protective orders entered pursuant to Rule 26(c) are "inherently subject to . . . modification").



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

## III. ANALYSIS

The Court should modify the current protective order because the exclusion of past employees of a Party from the definition of "Expert" in Paragraph 13 does not serve the policy of preventing a competitor from accessing a party's Confidential or Confidential - Attorneys' Eyes Only information. Vesta proposes modifying the definition of "Expert" as follows:

> Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not ~~**a past or**~~ a current employee of a Party or a Party's competitor and who, at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor.

*See* ECF No. 91 (Stipulation) ¶ 13 (bold and strikeout added).[1]

Modifying the Stipulated Protective Order to include past employees is consistent with this Court's Model Protective Orders, the local practice, and the case law. First, this Court's Model Protective Orders do not contain an exclusion of past employees from the definition of "expert." The model orders allow Confidential information to be disclosed to:

> Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation

Perini-Abbott Decl., Ex. 10, ¶ 7(d). The Model Two-Tier Protective Order allows "Attorneys' Eyes Only" information to be disclosed to experts. *See id.*, Ex. 10, ¶ 8.

Second, the local practice in this district does not exclude past employees from the definition of "expert" in protective orders.[2] Research reveals that, in the past three years, there

---

[1] Likewise, the change would allow Amdocs to retain former employees as experts.

[2] Two of the nine trade secret cases from the past three years in this district have protective orders that contain a provision requiring that counsel provide a copy of the signed protective order undertaking and a CV to opposing counsel, for each expert who will be shown



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

have been 9 cases in this district that include a trade secret misappropriation claim.[3] In all but one case, *Yeti Enterprises Inc. v. NPK, LLC, et. al.*, the protective order did not exclude past employees from serving as experts. Protective Order, *Glas-Weld Systems, Inc. v. Boyle*, Case No. 6:12-cv-02273-AA (D. Or. May 21, 2013) ECF No. 26; Stipulated Protective Order, *Idylwilde, Inc. v. Umpqua Feather Merchants, LLC, et. al.*, Case No. 3:13-cv-02009-HZ (D. Or. May 15, 2014) ECF No. 122; Stipulated Protective Order, *K.F. Jacobsen v.Gaylor*, Case No. 3:12-cv-2062-AC (D. Or. Nov. 12, 2013) ECF No. 62; Protective Order, *Nike v. Enter Play Sports, Inc.*, Case No. 3:14-cv-01104-SI (D. Or. Mar. 24, 2015) ECF No. 43; Stipulated Protective Order, *Omnigen Research, LLC., et. al. v. Yongqiang Wang, et. al.*, Case No. 6:16-cv-268-MC (D. Or. July 21, 2016) ECF No. 85; Stipulated Protective Order, *Reser's Fine Foods, Inc. v. Bob Evans Farms, Inc., et. al.*, Case No. 3:13-cv-00098-AA (D. Or. April 23, 2013) ECF No. 59; Stipulated Protective Order, *Technical Security Integration v. S&S Electrical Contractors, LLC, et. al.*, Case No. 3:13-cv-00636-MO (D. Or. Oct. 2, 2013) ECF No. 40; Stipulated Protective Order, *The Good Drop LLC v. Hayes, et. al.*, Case. No. 6:15-cv-00268-AA (D. Or. Jan. 20, 2016) ECF No. 44; Stipulated Protective Order, *Yeti Enterprises Inc. v. NPK, LLC, et. al.*, Case No. 3:13-cv-01203-ST (D. Or. Jan 31, 2014) ECF No. 20 (copies of protective orders entered in these cases are attached as Exhibits 1-9 to the Perini-Abbott Declaration).

---

the opposing party's confidential information. Perini-Abbott Decl., Ex. 1 (Protective Order from *Glas-Weld Systems, Inc. v. Boyle*, No. 6:12-CV-02273-AA (D. Or.)) and Ex. 6 (Protective Order from *Reser's Fine Foods, Inc. v. Bob Evans Farms, Inc. et al.*, No. 3:13-CV-00098-AA (D. Or.)). In this manner, opposing counsel can track each person who will receive confidential information. Vesta submits that such a provision is more closely aligned with the goals of protecting confidentiality than the "past" employee restriction in the SPO, and would not be opposed to further amending the SPO in this manner.

[3] This review encompassed the dockets of all cases from the District Court for the District of Oregon involving trade secret misappropriation which had at least one order filed on Westlaw in the last three years. Perini-Abbott Decl., ¶ 2.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Third, case law supports allowing a party's counsel to retain a former employee of the party as a consulting expert to review the opposing party's confidential information. *See Advanced Semiconductor Materials America, Inc. v. Applied Materials, Inc.*, 43 U.S.P.Q.2d 1381, 1996 WL 908654, *3 (N.D. Cal. 1996) (rejecting challenge to an independent expert despite the fact that the expert had previously consulted for a competitor of the disclosing party and would not agree to forego performing similar consulting work in the future).

As a threshold matter, a party must show "good cause" for the Court to enter a protective order. *See* Fed. R. Civ. P. 26(c)(1); LR 26-4. Here, good cause is established to amend the SPO because (1) the proposed modification better addresses the core policy reasons of restricting current and anticipated competitors from qualifying as "Experts"; (2) it is unusual in this district for excluding past employees of a party from serving as "Experts"; and (3) for Vesta timely and properly to prepare its case, Vesta seeks to re-engage Stenium and use Mr. Chatre's existing work product.

Further, the requested change will not prejudice Amdocs. Stenium is a one-man consulting firm that does not directly compete with Amdocs, a global company with 24,000 employees and $3.6 billion in revenue for fiscal 2015. Mr. Chatre has not been employed by Vesta since 2010 and has not performed any technical consulting for the company since 2013. Chatre Decl. ¶¶ 6-7. There is no evidence that because Mr. Chatre previously worked for Vesta, there is any greater likelihood that he would later violate the SPO by disclosing Amdocs' confidential information. To the contrary, Mr. Chatre has provided a sworn declaration that he will not accept employment or consulting positions with Vesta, directly or indirectly, except as



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

may be allowed by the court.[4] Chatre Decl., ¶ 7. Vesta has also agreed that it will not employ Mr. Chatre or accept consulting services except as permitted by the court. Fieldhouse Decl. ¶ 3. And, just like any other expert, Mr. Chatre is bound by the terms of the SPO and thus prevented from disclosing the Confidential information he received. *See Advanced Semiconductor*, 1996 WL 908654 at *4 (disclosing party "must look to the Protective Order and to the laws against theft of trade secrets for its protection" to protect itself from an expert witness who might choose to improperly disclose its confidential information).

## IV. CONCLUSION

For the foregoing reasons, Vesta respectfully asks that the Court modify the Protective Order as discussed above and as set out in Appendix A.

[4] Whereas in *Advanced Semiconductor Materials*, the court allowed access even though the former employee would not agree to forego future employment opportunities, here, Vesta and Mr. Chatre have agreed that they would not have a future employment or consultant relationship. *Compare Advanced Semiconductor Materials*, 1996 WL 908654 at *2 with Chatre Decl., ¶ 6.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

DATED: November 23, 2016

**PERKINS COIE LLP**

*s/ Stephen F. English*
**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Erick J. Haynie**, OSB No. 982482
EHaynie@perkinscoie.com
**Julia E. Markley**, OSB No. 000791
JMarkley@perkinscoie.com
**Joanna T. Perini-Abbott**, OSB No. 141394
JPeriniAbbott@perkinscoie.com
**Perkins Coie LLP**
1120 NW Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000

**Karen B. Bloom** (Admitted Pro Hac Vice)
KBloom@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206-359-8000

Attorneys for Plaintiff