**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Erick J. Haynie**, OSB No. 982482
EHaynie@perkinscoie.com
**Julia E. Markley**, OSB No. 000791
JMarkley@perkinscoie.com
**Joanna T. Perini-Abbott**, OSB No. 141394
JPeriniAbbott@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000

Attorneys for Plaintiff Vesta Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

VESTA CORPORATION,

Plaintiff,

v.

AMDOCS MANAGEMENT LIMITED; AMDOCS, INC.,

Defendants.

No. 3:14-cv-01142-HZ

**DECLARATION OF STEPHEN F. ENGLISH IN SUPPORT OF PERKINS COIE'S NOTICE OF INADVERTENT NON-COMPLIANCE WITH STIPULATED PROTECTIVE ORDER; AND**

**PLAINTIFF VESTA CORPORATION'S MOTION TO MODIFY STIPULATED PROTECTIVE ORDER**

I, Stephen F. English, declare as follows:

1. I am an attorney with the law firm of Perkins Coie LLP and lead counsel for Plaintiff Vesta Corporation ("Vesta") in this matter against Amdocs Management Limited and Amdocs, Inc. ("Amdocs"). I am competent to testify in the matters set forth in this declaration.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

2. On Thursday evening, November 17, 2016, it came to my attention that on that afternoon, a lawyer on the legal team for this case noticed that the Stipulated Protective Order entered July 15, 2015 ("SPO") excludes a past employee of a Party from being qualified as an "Expert" to whom an opposing party's Confidential-Attorneys Eyes Only information can be disclosed.

3. In August 2016, my firm retained Stephane Chatre, of Stenium Software Solutions LLC as a consulting expert to review Amdocs's document production in this matter. I understand that Mr. Chatre was a former employee of Vesta.

4. In August 2016, my team provided the Stipulated Protective Order to Mr. Chatre, explained to him his duties of confidentiality, and asked him to review the Order and execute the Protective Order undertaking in Exhibit A of the SPO. After receiving the executed undertaking, my team began providing documents from Amdocs's production for Mr. Chatre's review.

5. Because my team had not previously appreciated the restriction in the Stipulated Protective Order concerning "past" employees prior to November 17, 2016, qualifying Mr. Chatre under the Stipulated Protective Order was inadvertent.

6. To ensure that there is no confidentiality risk stemming from Mr. Chatre's access to Amdocs's document production, my legal team confirmed that Vesta and Mr. Chatre both agree that Mr. Chatre will not become employed by Vesta or provide consulting to Vesta in the future unless and until otherwise permitted by the Court.

7. On November 17, my legal team for this case notified Mr. Chatre to stop work and to put away all materials he had related to this case. I am advised that Mr. Chatre immediately complied.

8. At my instruction, on Monday, November 21, a lawyer on my legal team and a representative of our e-discovery vendor met with Mr. Chatre at his home office to retrieve all the materials he had related to this case. I am advised that all material was successfully



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

retrieved. On Tuesday, November 22, my office sent the materials retrieved from Mr. Chatre to the firm's Professional Standards Department.

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

DATED: November 23, 2016

*/s/ Stephen F. English*

Stephen F. English



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222