IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VESTA CORPORATION,

                Plaintiff,

    v.

AMDOCS MANAGEMENT LIMITED and AMDOCS, INC.,

                Defendants.

No. 3:14-cv-01142-HZ

OPINION & ORDER

Erick J. Haynie
Daniel T. Keese
Joanna T. Perini-Abbott
Joseph Mais
Stephen English
Julia E. Markley
Meredith M. Price
PERKINS COIE, LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209

Karen B. Bloom
William K. Miller
PERKINS COIE, LLP
1201 Third Ave., Suite 4800
Seattle, WA 98101

1 – OPINION & ORDER

Michael A. Oblon
PERKINS COIE, LLP
700 Thirteenth St. NW
Washington, DC 20005

Nathan R. Kassebaum
PERKINS COIE, LLP
2901 N. Central Ave., Suite 2000
Phoenix, AZ 85012

Andrew S. Ong
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

Clayton C. James
HOGAN LOVELLS US LLP
1601 Wewatta Street, Suite 900
Denver, CO 80202

Scott Eads
Jason A. Wrubleski
SCHWABE, WILLIAMSON & WYATT
1211 SW 5th Ave., Suite 1600
Portland, OR 97204

       Attorneys for Plaintiff

Andrew G. Klevorn
Bruce G. Vanyo
Yonaton M. Rosenzweig
Christina Lucen Costley
KATTEN MUCHIN ROSENMAN, LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067

Kristin J. Achterhof
Meegan I. Maczek
Richard H. Zelichov
KATTEN MUCHIN ROSENMAN, LLP
525 West Monroe Street
Chicago, IL 60661

///

2 – OPINION & ORDER

Joshua L. Ross
Robert A. Shlachter
Timothy S. DeJong
Jennifer S. Wagner
STOLL STOLL BERNE LOKTING & SHLACHTER, PC
209 SW Oak Street, Fifth Floor
Portland, OR 97204

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

      In this discovery dispute, Plaintiff Vesta Corporation seeks to compel Defendants Amdocs Management Limited and Amdocs, Inc. to produce source code responsive to Plaintiff's Request for Production 37. The Court orders Defendants to produce the requested source code.

## BACKGROUND

      Plaintiff Vesta, an electronic payments and fraud prevention technology company, has sued Defendants Amdocs Management Limited and Amdocs, Inc. (collectively, "Defendants"), telephone billing software and services companies, for breach of contract and misappropriation of trade secrets. Third Am. Compl. ("TAC") Intro, ECF 222. Specifically, Plaintiff alleges that in the course of jointly collaborating on marketing and the possibility of acquisition of Plaintiff by Defendants, Plaintiff shared "highly confidential and proprietary information," which Defendants used and relied upon improperly to "create, price and sell a competing product in order to increase its profits." *Id.*

      On May 19, 2015, Plaintiff served Defendants its First Requests for Production of Documents and Things, which included Request for Production ("RFP") 37:

> A copy of the source code for the current and any previous version of Amdocs's Payment Solution.

Perini-Abbott Decl. Ex. 1 at 10, ECF 359-1. The parties have engaged in multiple conversations and email exchanges over the past year and a half regarding various issues related to discovery

3 – OPINION & ORDER

requests, including Plaintiff's RFP 37. Most recently, the Court discussed the issue with the parties during a November 29, 2016, informal discovery conference. Hr'g Tr., Nov. 29, 2016, ECF 343. The Court ordered the parties to formally brief the issue, including a discussion regarding how the parties' Stipulated Protective Order should be modified if the Court orders Defendants to respond to RFP 37. *Id.* at 80:6-16.

## STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

## DISCUSSION

The parties disagree about whether Defendants' source code is relevant and proportional to the needs of this case. The Court agrees with Plaintiff and, thus, orders Defendants to produce their source code.

**I.    Relevance and Necessity**

Plaintiff alleges that Defendants misappropriated Confidential Solutions Methods and "us[ed] that information to develop, market, price and sell a competing payment solutions platform." TAC ¶ 90. Plaintiff alleges that, in the course of joint collaborations and potential acquisition talks, Plaintiff shared with Defendants confidential source code, application programming interface specifications for tokenization and payment card information compliance, detailed diagrams showing the sequence of various payment solution operations, and confidential

text-to-pay methods. Perini-Abbott Decl. Ex. 9 at 4-5, 7-11, ECF 359-9. While Plaintiff does not allege that Defendants had direct access to Plaintiff's source code, Plaintiff contends that Defendants' source code will reveal the extent to which Defendants incorporated Plaintiff's trade secrets in creating its own Enterprise Payment Product ("EPP"). According to Plaintiff, the source code will reveal unique information not contained in documents Defendants have produced thus far, such as comments and revision histories that identify its authors, the dates revisions were made, and the programmers' thought processes.

Defendants respond that the source code Plaintiff seeks is a trade secret and that Plaintiff has failed to show that disclosure is relevant and necessary to the prosecution of its case. *See Hartley Pen. Co. v. United States District Court for S.D. Cal.,* 287 F.2d 324, 330–31 (9th Cir. 1961); *telSPACE, LLC v. Coast to Coast Cellular, Inc.*, No. 2:13-CV-01477 RSM, 2014 WL 4364851, at *4–5 (W.D. Wash. Sept. 3, 2014)("With respect to material in which the disclosing party claims a trade secret, the burden thus shifts to the party seeking disclosure to show that it is warranted."). Defendants argue that Plaintiff did not share source code with Defendants and, thus, Defendants could not have copied Plaintiff's source code. Defendants also argue that Plaintiff must make a *prima facie* showing that the information it purportedly disclosed to Defendants is an actual trade secret such that it would justify its RFP 37. Defendants' arguments are unavailing.

Plaintiff does not have prove that Defendants accessed and copied Plaintiff's source code in order for Defendants' source code to be relevant to show the extent to which Defendants implemented Plaintiff's confidential trade secrets in creating their EPP. In other words, Defendants may have stolen Plaintiff's trade secrets even if Defendants' source code is not identical to Plaintiff's source code. As the court in the Eastern District of Texas has explained,

5 – OPINION & ORDER

"one need not make an exact or nearly exact copy of an algorithm or a compilation of information to be liable for trade secret misappropriation in connection with the misappropriation of the essence of the algorithm. Nor does each of the steps of a process that is protected as a trade secret have to be novel or previously unknown." *Versata Software, Inc. v. Internet Brands, Inc.*, 902 F. Supp. 2d 841, 852 (E.D. Tex. 2012), *aff'd*, 550 F. App'x 897 (Fed. Cir. 2014) (citing *Restatement of Torts § 757*, cmt. b (1939) and *E.I. DuPont de Nemours & Co. v. Christopher*, 431 F.2d 1012, 1014 (5th Cir. 1970)). "The value of the trade secret comes from the fact that competitors do not possess the information embodied in the trade secret, which gives the holder a potential business advantage." *Id.* Even if Defendants' source code differs from Plaintiff's source code, it may assist Plaintiff in proving its case and, thus, is relevant. *See, e.g.*, *Integrated Cash Mgmt. Servs., Inc. v. Digital Transactions, Inc.*, 732 F. Supp. 370, 377-78 (S.D.N.Y. 1989), *aff'd*, 920 F.2d 171 (2d Cir. 1990) (granting preliminary injunction for trade secret misappropriation where programs had "many similarities in the structure, functionality, organization, and logic flow" even though "no direct copying [of source code] occurred").

Furthermore, Defendants fail to cite any law supporting their argument that, before Defendants are required to comply with RFP 37, Plaintiff must make a *prima facie* showing that the material it provided to Defendants constitutes trade secrets. Defendants acknowledge that this Court has already ruled that Plaintiff has identified its trade secrets with sufficient particularity for discovery to proceed. *See* Order, May 24, 2016, ECF 249 ("The Court has reviewed Plaintiff's Amended Response to Defendants' Interrogatory No. 16 and concludes that it identifies, with reasonable particularity, the trade secrets which Plaintiff contends it disclosed to Defendants. Accordingly, the protective order entered on November 30, 2105 141 is lifted."). Nevertheless, Defendants ask this Court to decide at this juncture whether or not Plaintiff's

purported trade secrets are, in fact, trade secrets. This Court has already ruled that Plaintiff has sufficiently identified its trade secrets to overcome a motion to dismiss. Vesta Corp. v. Amdocs Mgmt. Ltd., 80 F. Supp. 3d 1152, 1165 (D. Or. 2015). Defendants will have additional opportunities to challenge Plaintiff's trade secrets at summary judgment or at trial. *Id.*; *see also Kaib's Roving R.PH. Agency, Inc.,* 237 Or. App. at 103–04, 239 P.3d 247 ("The question of whether certain information constitutes a trade secret ordinarily is best resolved by a fact finder after full presentation of evidence from each side."). The Court does not have to decide at this point whether the allegedly stolen information is a trade secret.

      The cases cited by Defendants are distinguishable. In *telSPACE, LLC*, the court denied the plaintiff's motion to compel the defendant's source code because plaintiff sought such material on the basis of its pleadings alone. 2014 WL 4364851, at *4–5 (W.D. Wash. Sept. 3, 2014). The court explained that "as a bulwark against potential abuses of the discovery process" the plaintiff had to "provide sufficient specificity for its copyright and trade secret claims" before the court would order the defendants to disclose any trade secrets. *Id.* at *5. However, the court suggested that disclosure of the defendant's source code would be required if the plaintiff could show "either the source code is relevant in its entirety or narrow its request to seek disclosure of only those original, protectable aspects of its Software." *Id.* The two other cases relied upon by Defendants addressed whether the defendants were required to provide additional source code beyond their initial disclosures. *See In re Apple & AT&TM Antitrust Litig.*, No. C07-05152 JW PVT, 2010 WL 1240295 (N.D. Cal Mar. 26, 2010); *Synopsys, Inc. v. Nassda Corp.*, No. C 01-2519 SI, 2002 WL 32749138 (N.D. Cal. Sept. 16, 2002). The defendants in those cases did not assert that they had no obligation to provide *any* source code, as Defendants here claim. In

addition, in both cases the plaintiffs failed to establish that additional source code was relevant and necessary. *Id.*

Here, as discussed above, Plaintiff has identified its trade secrets with sufficient particularity for discovery to proceed. Further, the disclosure of Defendants' source code, as narrowed by the criteria discussed below, is relevant and necessary to the prosecution of Plaintiff's claim.

## II.     Proportionality

The Court finds that Plaintiff's discovery request is proportional to the needs of the case. Defendants do not persuade the Court that the burden or expense of proposed discovery outweighs its likely benefit, given the significant resources of the parties and the high amount of damages alleged by Plaintiff.[1]

However, this Court expects Plaintiff to honor its commitment to "work in good faith to narrow its request to only the source code modules necessary to the case." Pl.'s Mot. 3, ECF 358. Plaintiff is entitled only to the source code for the modules that relate to the trade secrets Plaintiff identified in its answer to Interrogatory 16. *Id.* at 8.

In addition, to the extent that Defendants interpret Plaintiff's request to require Defendants to share source code that pre-existed anything Plaintiff purports to have shared with Defendants, the Court agrees that Defendants are not required to provide such source code. That source code could not have been based on, in whole or in part, any alleged trade secrets of Plaintiff. Allowing that limitation of Defendants' obligation to disclose its source code addresses

---

[1] While Defendants contend in Opposition to Plaintiff's Motion to Compel that Plaintiff's damages are less than $10 million, Plaintiff states in its Motion to Compel that the amount in controversy exceeds $100,000,000 and the current operative pleading states that damages are $270,340,752. *Compare* Pl.'s Mot. Compel 8, ECF 358; Defs.' Opp. 9, ECF 372; TAC ¶ 92, ECF 222.

8 – OPINION & ORDER

any lingering concern about proportionality and, thus, Defendants are otherwise obligated to comply with Plaintiff's Motion to Compel.

## III. Amendments to Stipulated Protective Order

As discussed above, the Court directed the parties to include in their briefs any arguments about the need to modify the parties' Stipulated Protective Order. Defendants write in their Opposition:

> To the extent the Court determines that Vesta's Motion should be granted, the current protective order should be modified to include a few more restrictions. First, anybody who is going to be provided access to the source code must affirm that he or she is not doing and will not do any work for the Amdocs's competitors identified on AML00291102-00291103 now and for a period of two years after the person last reviews the source code. Second, nobody should be permitted to request printing of any continuous block of source code exceeding 15 printed pages and may not request more than a total of 1000 printed pages of source code. Third, any pages of printed source code can only be stored at offices of outside counsel, technical advisor, or the Court and must be transmitted between any such sites by hand (and not placed in checked luggage, mail, or FedEx).

Defs.' Opp. 11 fn. 5, ECF 372. Plaintiff agrees to the proposed restrictions and has submitted to the Court a revised form of protective order that incorporates each of the restrictions Defendants request. *See* Haynie Decl. Ex. 1, ECF 380-1. The Court finds the modifications to be reasonable and orders Plaintiff to submit a Modified Stipulated Protective Order to the Court for signature within 3 days of the issuance of this Opinion & Order.

///

///

///

9 – OPINION & ORDER

**CONCLUSION**

Plaintiff's Motion to Compel Production of Source Code [358] is granted. Defendants are ordered to respond to Plaintiff's RFP 37, consistent with this Opinion & Order, within 30 days of the date below.

IT IS SO ORDERED.

Dated this \_\_\_21\_\_\_ day of \_\_\_February\_\_\_, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge