IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VESTA CORPORATION,

        Plaintiff,

   v.

AMDOCS MANAGEMENT
LIMITED and AMDOCS, INC.,

        Defendants.

No. 3:14-cv-001142-HZ

OPINION & ORDER

Stephen English
Erick J. Haynie
Julia E. Markley
PERKINS COIE, LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209

    Attorneys for Plaintiff


Robert A. Shlachter
Joshua L. Ross
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204

Bruce G. Vanyo
Richard H. Zelichov
Christina L. Costley
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

Plaintiff Vesta Corporation brings this Motion for Imposition of Sanctions against Defendants Amdocs Management Limited and Amdocs, Inc. Pl.'s Mot. Sanc., ECF 524. Plaintiff contends that Defendants "denied and actively concealed evidence" that they targeted Plaintiff's customers AT&T and Cricket. *Id*. at vii. Plaintiff requests the Court sanction Defendants by providing additional time for discovery, informing the jury of Defendants' misconduct, instructing the jury that they may consider the alleged misconduct in their deliberations, and awarding monetary sanctions. *Id.* at 17–20. The Court grants Plaintiff's motion in part. The Court will allow Plaintiff additional discovery related to AT&T and Cricket and award monetary sanctions. However, the Court declines to award additional sanctions at this time.

## BACKGROUND

Plaintiff Vesta, an electronic payments and fraud prevention technology company, has sued Defendants Amdocs Management Limited and Amdocs, Inc. (collectively, "Defendants"), telephone billing software and services companies, for breach of contract and misappropriation of trade secrets. Fourth Am. Compl. Intro, ECF 405. Specifically, Plaintiff alleges that in the course of collaborating on various projects and the attempted acquisitions of Plaintiff by Defendants, Plaintiff shared "highly confidential and proprietary information," which Defendants used and relied upon "improperly to create, price and sell a competing product in order to increase its profits." *Id*. As a result of Defendants' misappropriation and breach of

contract, Plaintiff alleges it "suffered lost profits and royalties on various accounts, including MetroPCS, Sprint and T-Mobile." *Id.* at ¶¶ 79, 85, 95, 108.

At various points in this litigation, Plaintiff has sought information pertaining to Defendants attempts to sell their product to AT&T and Cricket. In September of 2015, Plaintiff propounded Interrogatory No. 4, which requested Defendants "state with specificity each customer or potential customer that [Defendants] have sold or attempted to sell [their] Payment Solution." Markley Decl. Ex. 12, at 10, ECF 525. After Defendants initially did not respond, the Court ordered Defendants to answer Interrogatory 4. Opinion & Order, April 4, 2016, ECF 221. Defendants responded almost three weeks later and indicated that they had "sold or provided sales proposals concerning its enterprise payment processing ("EPP") solution to" MetroPCS, Sprint, T-Mobile, Comcast, and Cablevision. Markley Decl. Ex. 15, at 8, ECF 526.

In September of 2016, Plaintiff issued Requests for Production 108 and 109, which sought documents related to Defendants' pitch of EPP products to AT&T and Cricket. Pl.'s Mot. Sanc. 5 (citing Markley Decl. Ex. 16, ECF 525). Defendants again declined to respond. *Id.* Plaintiff sought the Court's assistance, but it declined to compel Defendants' response. Markley Decl. Ex. 17, ECF 525 (Hearing, Sept. 15, 2016, at 66:1–17). At that time, Plaintiff could not identify for the Court any reason it believed that Defendants had a connection to AT&T or Cricket. *Id.* Plaintiff only stated that it "might have seen something about [Cricket and AT&T] in the documents produced on September 13." *Id.* In its motion, Plaintiff emphasizes that Defendants remained silent during this discussion. Pl.'s Mot. Sanc. 6.

On May 12, 2017, Plaintiff took a 30(b)(6) deposition of Manuel Zepeda on topics related to Defendants' marketing of their payment solution to other companies. Markley Decl. Exs. 18, 19, ECF 525. During that deposition, Plaintiff asked Mr. Zepeda if he was "aware that

[Defendants] attempted to market [their payment solution] to AT&T" and if he was "aware of any other entity that [Defendants] attempted to market [their] payment solution to besides" Sprint, MetroPCS, T-Mobile, Comcast, and Cablevision. *Id.* at Ex. 19 (Zepeda Dep. 111:3-10). To both questions, Mr. Zepeda answered "No." *Id.*

In preparation for the the May 23, 2017, deposition of Defendants' witness Howard Connors, Plaintiff uncovered evidence that suggested Defendants had attempted to sell a competing product to AT&T and Cricket. Pl.'s Mot. Sanc. 7 (citing Markley Decl. Ex. 20–21, ECF 526). Plaintiff used that evidence at Mr. Connors's deposition, and he admitted to his participation in meetings with Cricket about Defendants' product and his knowledge of Defendants' efforts to sell its product to AT&T. Markley Decl. Ex. 22, ECF 526 (Connors Dep. 60:15–63:12; 139:22–140:25; 143:25–144:18).

In the months that followed, Plaintiff again sought documents related to Defendants' external communications with AT&T and Cricket with the assistance of the Court. Hearing, Aug. 1, 2017, ECF 455; Order, Sept. 12, 2017, ECF 490. The "Court granted, without limitation, Vesta's request for Amdocs' pitches and proposals of its EPP product to AT&T and Cricket and, relatedly, Amdocs' communications with AT&T and Cricket about Vesta and processing payments." Order, ECF 490. Defendants appear to have provided some documents pertaining to Defendants' external communications regarding Cricket and AT&T. Pl.'s Mot. Sanc. 8.

On November 3, 2017, Plaintiff emailed Defendants regarding the present motion, and the parties conferred on this issue. Zelichov Decl. Ex. 3, ECF 530. Defendants indicated they were willing to provide internal correspondence regarding sales pitches to AT&T and Cricket. *Id.* at 3, 5. Plaintiff declined their offer on the grounds that it "still falls short of the discovery Vesta seeks" and filed this motion. *Id.* at 1.

## STANDARDS

Rule 26 imposes a duty on counsel to certify "the lawyer has made a reasonable effort to assure that the client has provided all information and documents available to him that are responsive to the discovery demand." Fed. R. Civ. P. 26(g), 1983 advisory committee note. Rule 26 also requires parties to supplement their disclosures, interrogatories, requests for production, or requests for admission "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect and . . . the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. Pro. 26(e)(1)(A). Under Rule 30(b)(6), when an organization is named as a deponent, it must "designate one or more officers, directors, or managing agents . . . to testify on its behalf." Fed. R. Civ. Pro. 30(b)(6). These deponents must be adequately prepared to testify fully on the information known or available to the organization. *Id.* ("The persons designated must testify about information known or reasonably available to the organization.").

Federal Rule of Civil Procedure 37 provides sanctions for "failure to make disclosures or to cooperate in discovery." Under Rule 37(c), when a party fails to comply with Rule 26(a) or (e) the court "may order payment of . . . reasonable expenses. . . , may inform the jury of the party's failure, and may impose other appropriate sanctions, including any of those orders listed in Rule 37(b)(2)(A)(i)-(iv)." Fed. R. Civ. P. 37(c)(1). When a party fails to adequately prepare a 30(b)(6) deponent, the court may award sanctions under Rule 37(d), which also include reasonable expenses and those orders listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3); *Pioneer Drive, LLC v. Nissan Diesel Am., Inc.,* 262 F.R.D. 552, 560–61 (D. Mt. 2009) (finding sanctions under Rule 37(d) "are available when an organization fails to produce and prepare a

knowledgeable witness under Rule 30(b)(6)."). The decision to award sanctions is within the trial court's discretion. *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997).

## DISCUSSION

Plaintiff asks the Court to sanction Defendants for failing to disclose their attempts to sell their competing product to AT&T and Cricket. Pl.'s Mot. Sanc. 2–3. Plaintiff contends that this failure was willful and prejudicial. *Id.* at 3. Plaintiff requests that the Court (1) permit targeted discovery without moving the trial date; (2) inform the jury of Defendants' alleged misconduct; (3) inform the jury that they may consider the alleged misconduct in determining whether any misappropriation of trade secrets was willful; and (4) award monetary sanctions consisting of all attorneys' fees and costs resulting from this misconduct. *Id.* 17–20. Defendants respond that sanctions are inappropriate as their omission was both inadvertent and not prejudicial to Plaintiff. Defs.' Opp'n, ECF 528.

According to Plaintiff, there are three incidents where Defendants intentionally concealed their attempts to sell a competing product to AT&T and Cricket: (1) Defendants' responses to Plaintiff's Interrogatory No. 4, (2) Defendants' silence during a hearing on Plaintiff's Requests for Production Nos. 108 and 109, and (3) the 30(b)(6) deposition of Manuel Zepeda. Pl.'s Mot. Sanc. 2. However, these incidents do not suggest that Defendants engaged in willful or intentional discovery misconduct. Defendants assert that counsel reasonably inquired into the response to Interrogatory No. 4 and did not know of these attempts to sell their product to Cricket or AT&T when they completed their response. Defs.' Opp'n Mot. Sanc. 3, 11 (citing Zelichov Decl. ¶¶ 2, 3). Defendants state that their employees did not inform counsel of these sales attempts either because they had forgotten or did not know about them in the first place. *Id.* at 3. The Court is also unpersuaded that Defendants' silence during an exchange between the

Court and Plaintiff's counsel amounts to "[misleading] the Court into denying the motion." Pl.'s Mot. Sanc. 6. Finally, while Defendants' expert, as a 30(b)(6) deponent, should have answered based on institutional knowledge rather than personal knowledge, this incident does not amount to the level of affirmative misrepresentation asserted by Plaintiff.

Further, Defendants disclosed some of this information, albeit in a limited way, prior to the end of fact discovery. Defendants produced documents referencing AT&T and Cricket in the fall of 2016. Defs.' Opp'n 4 (citing Zelichov Decl. Exs. 4, 5, 6, 7, 8, 9 (documents produced August 11 and 26, 2016, and December 28, 2016)). This undermines Plaintiff's assertion that Defendants actively concealed this information from Plaintiff. Howard Connors, an employee of Defendants, also discussed AT&T and Cricket at his deposition prior to the end of fact discovery. Zelichov Decl. Ex. 13 (Connors 30(b)(6) Dep. 62:16–63:12; 139:22–140:25; 142:5–20; 143:25–144:18). Finally, Defendants recently indicated to Plaintiff their willingness to provide additional discovery regarding AT&T and Cricket. Zelichov Decl. ¶ 8, Ex. 3 (emails discussing additional discovery requests). The Court therefore declines to grant all of the requested sanctions.

The Court is aware, however, that Plaintiff may be prejudiced by this omission if it is not allowed to pursue additional discovery. This information is relevant to Plaintiff's claims of Defendants' misuse of their confidential information and Plaintiff's damages. Pl.'s Mot. Sanc. 11–13. As the case schedule has already been moved to accommodate discovery on Plaintiff's damages theory, Order, ECF 538, the Court grants Plaintiff's requested additional time to pursue discovery regarding AT&T and Cricket. The Court also awards monetary sanctions in an amount to be determined at the end of the litigation.

///

## CONCLUSION

Plaintiff's Motion for Imposition of Sanctions [524] is GRANTED in part. Plaintiff will be allowed additional time for targeted discovery to be determined at a scheduling conference. Plaintiff is directed to file its request for the specific amount of monetary sanctions within 14 days of after the entry of judgment. The Court declines to award additional sanctions at this time.

IT IS SO ORDERED.

Dated this _____6_____ day of February, 2018.

MARCO A. HERNÁNDEZ
United States District Judge