IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VESTA CORPORATION,

      Plaintiff,

 v.

AMDOCS MANAGEMENT
LIMITED and AMDOCS, INC.,

      Defendants.

No. 3:14-cv-1142-HZ

OPINION & ORDER

Stephen F. English
Erick J. Haynie
Julia E.Markley
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209

 Attorneys for Plaintiff

Bruce G. Vanyo
Andrew G. Kleorn
Richard H. Zelichov
Christain L. Costley
Yonaton M. Rosenzweig
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067

Robert Shlachter
Joshua Ross
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204

    Attorneys for Defendants

HERNÁNDEZ, District Judge:

Plaintiff moves to redact portions of the transcript of a hearing held on December 18, 2017, and to seal part of the Court's February 12, 2018, Opinion and Order. Defendants do not object to the redaction of specific interest rates from the hearing transcript but otherwise oppose both motions. For the reasons that follow, the Court grants in part and denies in part Plaintiff's Motion to Redact and denies Plaintiff's Motion to Seal.

## BACKGROUND

Plaintiff Vesta Corporation, an electronic payments and fraud prevention technology company, has sued Defendants Amdocs Management Limited and Amdocs, Inc. (collectively, "Defendants"), telephone billing software and services companies, for breach of contract and misappropriation of trade secrets. Fourth Am. Compl. ("FAC") Intro, ECF 405. Specifically, Plaintiff alleges that in the course of collaborating on various projects and the attempted acquisitions of Plaintiff by Defendants, Plaintiff shared "highly confidential and proprietary information," which Defendants used and relied upon "improperly to create, price and sell a competing product in order to increase its profits." *Id*. As a result of Defendants' misappropriation and breach of contract, Plaintiff alleges it "suffered lost profits and royalties on various accounts, including MetroPCS, Sprint and T-Mobile." *Id.* at ¶¶ 79, 85, 95, 108.

On September 7 and 11, 2017, Defendants filed two motions to strike pursuant to Federal Rule of Civil Procedure 37. First, Defendants moved to exclude and strike Plaintiff's untimely

damages theories. Defs. Mot. Strike Damages, ECF 476. Second, Defendants moved to exclude and strike Plaintiff's late identified technical trade secrets. Defs. Mot. Strike Trade Secrets, ECF 483. The Court held a hearing on both motions on December 18, 2017, that was open to the public. *See* Minutes of Proceedings, ECF 538.

At the hearing, the Court denied Defendants' motion to strike Plaintiff's damages theories but granted Defendants additional time to conduct discovery. *Id.* After receiving supplemental briefing from the parties, the Court issued an Opinion and Order on February 12, 2018, granting in part and denying in part Defendants' motion to strike Plaintiff's late-identified trade secrets. Opinion & Order ("O&O"), ECF 553. Plaintiff filed the present motions to redact portions the hearing transcript and the Court's Opinion and Order. Pl. Mot. Redact, ECF 546; Pl. Mot. Seal, ECF 554.

## STANDARDS

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commcn's Inc.*, 435 US 589, 597–98 (1978)). There is a "strong presumption in favor of access" to court records except for those traditionally kept secret, such as grand jury transcripts and warrant materials. *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Courts, therefore, require "compelling reasons" to seal judicial records: "[T]he party [seeking to seal a judicial record] must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (internal citations and quotations omitted). If, after balancing the interests of the public and the party seeking to keep

certain judicial records secret, "the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate a factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

Where the information in question is attached to a non-dispositive motion, courts apply a lower "good cause" standard from Rule 26(c). *See id.* ("We have, however, carved out an exception to the presumption of access to judicial records for a *sealed discovery document* attached to a *non-dispositive* motion, such that the usual presumption of the public's right of access is rebutted." (internal citations omitted; emphasis in original)). "[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated or only tangentially related to the underlying cause of action.'" *Id.* (quoting *Foltz,* 331 F.3d at 1135). "[A]s the private interests of the litigants are 'the only weights on the scale'" under these circumstances, application of the good cause standard from Rule 26(c) "makes sense." *Ctr. for Auto Safety v. Chrylser Grp., LLC,* 809 F.3d 1092, 1097–98 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1180).

In determining whether the good cause or compelling reason standard applies in a given case, the court should not mechanically label motions "dispositive" or "nondispositive." *Id.* at 1098. Rather, the court should focus on whether the "issue is more than tangentially related to the underlying cause of action" or the "merits of the case." *Id.* at 1099 (emphasizing that "plenty of technically nondispositive motions—including routine motions in limine—are strongly correlative of the merits of a case").

///

///

**DISCUSSION**

Plaintiff moves to redact portions of the December 18, 2017, hearing transcript and to seal part of the Court's February 12, 2018, Opinion and Order.[1] With regard to the hearing transcript, Plaintiff seeks to redact six categories of information: (1) information that is confidential by contract or industry practice (such as the names of potential bidders in the merger and acquisition process); (2) sensitive financial information, including valuations, negotiated interest and financing rates, and related information; (3) the names of Plaintiff's confidential business partners and third-party contractors; (4) internal code names for Plaintiff's business activities; (5) information about Plaintiff's confidential interactions with customers; and (6) information regarding Plaintiff's technical products, such as the location of the e-wallet, whether Plaintiff served as the merchant of record for various customers, and other technical details in trade secret documents. Pl. Mot. Redact 6–7. With regard to the Court's Opinion and Order, Plaintiff "moves for the Court to seal a limited portion (two paragraphs)" that relate to the location of the e-wallet function of its payment platform. Pl. Mot. Seal 2. Defendants oppose all of Plaintiff's proposed redactions except those pertaining to specific interest rates on Plaintiff's loans with various lenders. Defs. Opp. Mot. Redact 4 n.8, 5 n.9, ECF 549. Defendants also oppose Plaintiff's motion to seal because Plaintiff does not articulate with specificity the harm it would suffer by the disclosure of this information. Defs. Opp. Mot. Seal 1–2, ECF 555.

**I.      Redacting Portions of a Transcript Held in Open Court**

As a preliminary matter, the Court notes that the information that Plaintiff seeks to redact was discussed at a three-hour hearing in open court. Plaintiff states in its reply that "counsel for Vesta specifically confirmed that there were no members of the public present in the [c]ourtroom

---

[1] This Opinion shall not be construed as having any bearing on the underlying merits of this action.

and, on that basis, and in reliance on the fact that the Procedures contemplate post-hearing motions to redact, Vesta did not request that the Court seal the courtroom." Pl. Reply Mot. Redact 9, ECF 558. It further emphasizes that the parties' stipulated protective order "allowed Vesta to request authority to clear the courtroom." *Id.*

In *TriQuint Semiconductor Inc. v. Avago Technologies Limited*, the district court denied the parties' "ex-post facto" request to redact a hearing transcript. No. CV-09-1531-PHX-JAT, 2012 WL 1432519, at *2 (D. Ariz. April 25, 2012). First, it noted that the parties sought the redaction of sensitive business information, and the electronic transcripts policy relied on by the parties in support of this redaction was primarily concerned with the redaction of personal identifiers described in Federal Rule of Civil Procedure 5.2, such as the names of minors and Social Security numbers. *Id.* at *2–3. Next, the court emphasized that none of the requested redactions were "the result of any inadvertent or unexpected statements made during the . . . proceeding," and neither party requested that the hearing be sealed before it took place or voiced any concern over the disclosure of information to the court at the proceeding. *Id.* at *5. Further, the parties offered "no more than citations to previous orders by the Court granting motions to seal . . . and 'conclusory statements' regarding the need to redact portions of the transcript." *Id.* at *6. Ultimately, the court concluded that because the hearing had been open to the public it would not apply the *Kamakana* standard and declined to redact the information requested from the hearing transcript. *Id.* at *7 (finding the parties had "already voluntarily 'let the cat out of the bag'").

Similarly, in this case Plaintiff does not seek to redact those personal identifiers that the electronic transcript policy is primarily concerned with. *See* U.S. Dist. Ct. Policy & Proc. for the Elec. Filing of Transcripts (available at https://www.ord.uscourts.gov/index.php/filing-and-

forms/transcript-information/958-policy-and-procedures-for-the-electronic-filing-of-transcripts).
Instead, Plaintiff asks the Court to redact additional sensitive business and technical information that it knew in advance was likely to be discussed at the hearing. Yet Plaintiff never requested that the Court seal the courtroom or notified the Court that it was concerned about the disclosure of information at the hearing. While Plaintiff appears to have taken some steps to prevent the disclosure of information by determining the identity of all those present at the hearing, the fact remains that the courtroom was open to the public and this information has already entered the public domain.

Further, like in *TriQuint Semiconductor*, Plaintiff fails to demonstrate compelling reasons for its requested redactions.[2] With regard to judicial records, there is a "strong presumption in favor of access," and Plaintiff has the burden of providing "compelling reasons" for overriding this presumption. *Foltz*, 331 F.3d at 1135. Compelling reasons generally exist where "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana,* 447 F.3d at 1179 (citing *Nixon*, 435 US at 598); *see also Chrylser*, 809 F.3d at 1097–98 (indicating that there may be compelling reasons to seal "business information that might harm a litigant's competitive standing"). If the court decides to seal a judicial record, it "must

---

[2] As described below in Section II, the Court finds that the "compelling reasons" standard should apply in this case. First, the case law suggests that the good cause exception applies only to documents *attached* to a nondispositive motion. *See Kamakana*, 447 F.3d at 1179 (noting the good cause exception applies to a "sealed discovery document attached to a non-dispositive motion"). This document, by contrast, is the transcript of a hearing held in open court and, therefore, relevant to the public's understanding of the judicial process. *See Phillips ex. rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212–13 (9th Cir. 2002) ("In deciding whether sufficient countervailing interests exist, the courts will look to the public interest in understanding the judicial process. . . ."). Second, with regard to the portion of the hearing on Defendants' motion to strike Plaintiff's trade secrets, the motion is more than tangentially related to the merits of this case. In this trade secrets action, the scope of Plaintiff's secrets is central this case's disposition.

7- OPINION & ORDER

base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Foltz*, 331 F.3d at 1135 (internal citations and quotations omitted).

Here, while Plaintiff provides reasoning that could be—under certain circumstances—compelling, Plaintiff has not articulated a sufficient factual basis upon which the Court could base its ruling. Plaintiff contends that this information is proprietary and confidential to Plaintiff and that its release may harm Plaintiff and third parties. But Plaintiff does not provide evidence from which the Court can conclude that the disclosure of this information—as it appears in the transcript at issue—might result in the release of trade secrets, its improper use, or harm to a business's competitive standing.

For example, Plaintiff seeks to redact confidential business information—such as the names of third parties—by alleging that the information would "risk business injury to third parties" as it is standard industry practice not to disclose the names of bidders in the merger and acquisition process. Pl. Mot. Redact 7–8. In support of this argument, Plaintiff provides copies of three nondisclosure agreements it entered into with third parties, only one of which clearly states that the identity and fact of Plaintiff's possible acquisition is confidential. *See* Markley Decl. Exs. A–C, ECF 547. Plaintiff also asserts that it "has an obligation to protect third parties' confidential information." Pl. Reply Mot. Redact 6. Plaintiff, however, provides no argument or evidence to demonstrate that the release of the identities of potential bidders might cause harm.

Plaintiff's request that the Court redact information regarding valuation and financing arrangements is more compelling in that Plaintiff persuasively reasons that this information could negatively impact its future contract negotiations, merger and acquisition discussions, and financing discussions. Pl. Mot. Redact. 8; *see also In re Electronic Arts, Inc.*, 298 Fed.Appx.

568, 569 (9th Cir. 2008) (ordering the district court to file under seal a licensing agreement containing pricing terms, royalty rates, and minimum payment terms). Defendants do not object to Plaintiff's proposed redactions of its privately negotiated interest rates, Defs. Opp. Mot. Redact 4 n.8, 5 n.9, and the Court will permit these redactions. Plaintiff, however, fails to provide facts from which the Court could affirmatively conclude that the additional valuation and financial information it seeks to redact, including the value of its new damages theories, could reasonably result in injury to Plaintiff. Indeed, at least one alleged piece of confidential financial information Plaintiff seeks to redact was already publically available in its Fourth Amended Complaint. *Compare* Pl. Mot. Redact 4 (the Court describing the value of the case) *with* FAC 32 ¶¶ 1, 3 (asking for approximately $270 million in damages). In other words, Plaintiff's assertion that this information is confidential and speculation that it could cause harm are not, alone, sufficient to justify the redactions Plaintiff seeks.

Plaintiff similarly provides no basis upon which the Court can determine that Plaintiff's dealings with customers and technical information—as discussed in the hearing—would cause it harm or be used for an improper motive. *See* Pl. Mot. Redact 8. While the Court acknowledges that the information may be sensitive business and technical information, Plaintiff has not indicated how this information, which was described in very general terms, could be used for an improper or harmful business purpose. For example, Plaintiff asks the Court to redact what it admits is a high-level outline of the content of the Scope of Services papers at issue in the motion because it "describes and relates to [Plaintiff's] confidential information." Pl. Reply Mot. Redact 5. Plaintiff, however, does not indicate how this description could cause harm to Plaintiff. The fact Plaintiff considers the document summarized to be confidential is not, alone, a compelling reason to redact this information. Similarly, there is no evidence to suggest that whether Plaintiff

9- OPINION & ORDER

or a customer served as the merchant of record in various instances could be used for an improper purpose or cause harm. Pl. Mot. Redact 7–8; Pl. Reply Mot. Redact 5.

In sum, Plaintiff has not sufficiently demonstrated a compelling reason to restrict the public's access to this judicial record. The hearing proceeded in open court, and both parties were aware that the information Plaintiff seeks to redact was likely to be discussed at the hearing. In addition, instead of providing the Court with a factual basis on which to base its decision, Plaintiff generally asserts that it considers this information to be confidential and provides speculative allegations of harm that could result to itself and third parties. The Court cannot rely on hypothesis and conjecture in sealing a judicial record. Accordingly, except for redactions pertaining to Plaintiff's interest rates, the Court denies Plaintiff's motion to redact the hearing transcript from December 18, 2017.

## II.    Sealing Portions of the Court's Opinion & Order

Plaintiff also seeks to redact from the Court's February 12, 2018, Opinion and Order a two-paragraph discussion and footnote broadly describing the parties' dispute over and Plaintiff's expert's discussion of the location of the e-wallet in various documents. Pl. Mot. Seal 2. Here, too, the Court finds that the compelling reason standard applies to Plaintiff's request. First, the Opinion that the parties seek to redact is a judicial record—not merely a document attached to a nondispostive motion. *See Kamakana*, 447 F.3d at 1179 (noting the good cause exception applies to a "sealed discovery document attached to a non-dispositive motion"). Second, the motion is not a "nondispositive" motion simply because it was brought by Defendants under Rule 37. *See Chrysler*, 809 F.3d at 1099 (Courts have been instructed to focus the on whether an "issue is more than tangentially related to the underlying cause of action" or the "merits of the case."). In this instance, Defendants' motion pertained to the scope and

definition of Plaintiff's trade secrets. In a trade secrets action, such a motion is more than tangentially related to the underlying cause of action. It goes to the heart of the case.

Applying this standard, the Court again finds that Plaintiff has not provided compelling reasons to support its requested redactions. Plaintiff asserts that it "considers proprietary its information about the location of the 'e-wallet' in [its] product solution, and [it's] rationale for recommending the placement of the 'e-wallet' in the payment solution rather than the billing system." Pl. Reply Mot. Seal 3. The Court acknowledges that this is sensitive information and that the e-wallet is one part of an alleged trade secret. However, a review of the decision reveals a high-level and broad discussion of the location of the e-wallet in various documents. There is no detail or discussion of any architectural diagrams or specific information regarding the e-wallet's integration in either iteration of the payment system. Nor is there any discussion of Plaintiff's design preferences or rationale for the various placements of the e-wallet. Plaintiff has not identified for the Court how its broad discussion of the location of the e-wallet could be used for an improper business purpose or would result in the disclosure of a trade secret. Plaintiff's assertions, without more, are insufficient to restrict the public's right of access to the Court's Opinion.

///
///
///
///
///
///
///

## CONCLUSION

Plaintiff's Motion to Redact [546] is GRANTED in part and DENIED in part, and Plaintiff's Motion to Seal [554] is DENIED. The Court will allow the redaction of specific interest rates. Plaintiff is instructed to file an amended list of proposed redactions that comply with this Opinion and Order within fourteen days of this Order.

IT IS SO ORDERED.

Dated this \_\_\_4\_\_\_ day of May, 2018.

_____
MARCO A. HERNÁNDEZ
United States District Judge